RECEIPT # 63757
AMOUNT $ 250
SUMMONS ISSUED Y-3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK M
DATE 4-25-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------X

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA<br>77 San Marin Drive<br>Novado, California<br><br>Plaintiff,<br>vs<br><br>FALCO CONSTRUCTION CORP.;<br>P & D BUILDERS, INC.;<br>and<br>MICHAEL CARRESI d/b/a CARRESI<br>PLUMBING & HEATING<br><br>Defendants. | CIVIL ACTION NO.<br><br>**05-10827 DPW**<br>MAGISTRATE JUDGE _____<br><br>JURY TRIAL DEMANDED<br><br>APRIL 20, 2005 |

-----------------------------------------------------------X

## COMPLAINT

1.  The Plaintiff Fireman's Fund Insurance Company (hereinafter "FFIC") is a corporation organized and existing under the laws of the state of California with a principal place of business at 777 San Marin Drive, Novado, California, and at all times material to this action was authorized to issue insurance policies within the Commonwealth of Massachusetts.

2.  The Defendant Falco Construction Corp (hereinafter "Falco") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 10 Willowood Drive,

Stoughton, Massachusetts and at all times material to this action, was engaged in the business of construction including masonry and the construction of fireplaces.

3.  The Defendant P & D Builders, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 6 Water Street, East Weymouth, Massachusetts, and all times material to this action, was engaged in business as a building contractor.

4.  The Defendant Michael Carresi d/b/a Carresi Plumbing & Heating (hereinafter "Carresi") is a resident of the Commonwealth of Massachusetts with a principal place of business at 513 Bird Street, Mansfield, Massachusetts and who, at all times material to this action, was engaged in the business of plumbing and HVAC service, installation and repair.

## JURISDICTION AND VENUE

5.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332 (a). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000 and there is a diversity of citizenship between the parties.

6.  The venue of this action is properly placed in this district pursuant to 28 U.S.C. Section 1391 as the claim which is the subject of this action arose within this district.

## GENERAL ALLEGATIONS

7.  On and prior to January 26, 2004, the Plaintiff insured the real and personal property owned by Julia Pavia located at 104 Hammondswood Road,

Newton, Massachusetts (hereinafter called "the property").

8. Prior to January 26, 2004, the Plaintiff's insured had done extensive renovations to the property including the installation of a fireplace.

9. During the course of those renovations the Defendant P & D Builders acted as the general contractor, the Defendant Falco constructed the masonry fireplace, and the Defendant Carresi installed the gas log appliance in the fireplace.

10. On January 26, 2004, a fire occurred at the property causing substantial damage.

11. Pursuant to the terms and conditions of the policy of insurance which it issued to Julia Pavia, the Plaintiff has made payments to her in excess of $480,500 for the damages sustained and it is anticipated that further payments will be made.

### COUNT 1
### NEGLIGENCE (FFIC VS. FALCO)

1-11. The Plaintiff incorporates by reference paragraphs 1 through 11 inclusive as if they were set out in full.

12. The fire of January 26, 2004, was caused by the carelessness, negligence, and negligent omissions of the Defendant Falco, his agents, servants, or employees, in that they:

    a. improperly installed the masonry fireplace;

    b. installed the fireplace in violation of the applicable building and fire codes;

    c. failed to properly inspect and test the fireplace after it was

constructed; and

d. otherwise failed to use due care under the circumstances.

13. As a result of the aforesaid negligence, carelessness, and negligent omissions by the Defendant Falco, its agents servants or employees, the fire of January 26, 2004, occurred causing the resulting damage to the Plaintiff's insured's property.

WHEREFORE, the Plaintiff demands judgment against the Defendant Falco in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate.

## COUNT 2
## BREACH OF CONTRACT (FFIC VS. FALCO)

1-11. The Plaintiff incorporates by reference paragraphs 1 through 11 inclusive as if they were set out in full.

12. In agreeing to construct the masonry fireplace at the property, the Defendant Falco impliedly warranted that his work would be done in a workmanlike manner and in compliance with the applicable building and fire codes.

13. The Defendant Falco, its agents, servants or employees, improperly constructed the masonry fireplace and constructed it in violation of the applicable building and fire codes.

14. The fire of January 26, 2004, was caused by the aforesaid breach of implied warranty by the Defendant Falco.

WHEREFORE, the Plaintiff demands judgment against Defendant Joseph Falco d.b.a. Falco Construction in an amount in excess of $75,000 together with

interest, the costs of this action, and such other relief as the court may deem appropriate.

## COUNT 3
## NEGLIGENCE (FFIC VS. P & D BUILDERS)

1-11. The Plaintiff incorporates by reference paragraphs 1 through 11 inclusive as if they were set out full.

12. The fire of January 26, 2004, was caused by the negligence, carelessness, and negligent omissions of the Defendant P & D Builders, its agents, servants and employees in that they:

    a. failed to properly supervise the installation of the masonry fireplace;

    b. failed to properly advise the masonry subcontractor concerning the proper installation of the masonry fireplace;

    c. failed to properly supervise the installation of the gas log appliance in the fireplace;

    d. failed to take corrective actions upon learning that the masonry fireplace was installed with inadequate masonry or clearances from combustible surfaces; and

    e. otherwise failed to use due care under the circumstances.

13. As a result of the aforesaid negligence, carelessness and negligent omissions of the Defendant P & D Builders its agents, servants and employees, the fire of January 26, 2004, occurred causing the resulting damage to the property of the Plaintiff's insured.

WHEREFORE, the Plaintiff demands judgment against the Defendant PD

Builders in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate.

## COUNT 4
## BREACH OF CONTRACT OF BREATH (FFIC VS. PD BUILDERS)

1-11. The Plaintiff hereby incorporates by reference paragraphs 1 through 11 inclusive as if they were set out full.

12. Defendant P & D Builders impliedly warranted that it would perform its duties as a general contractor in a workmanlike manner and that the renovations to the Plaintiff's insured's home would be done in accordance with the applicable building and fire codes.

13. The Defendant P & D Builders breached the aforesaid warranty by failing to probably supervise, inspect and direct the installation of the masonry fireplace and gas log appliance, which was improperly installed and installed in violation of the appropriate building and fire codes.

14. As a result of the aforesaid breach of implied warranty the fire of January 26, 2004, occurred resulting in damage to the property belonging to the Plaintiff's insured.

WHEREFORE, the Plaintiff demands judgment against Defendant P & D Bbuilders in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate

## COUNT 5
## NEGLIGENCE (FFIC VS. CARRESI)

1-11. The Plaintiff incorporates by reference paragraphs 1 through 11 inclusive as if they were set out full.

12. The fire of January 26, 2004, was caused by the negligence, carelessness, and negligent omissions of the Defendant Carresi, his agents, servants and employees in that they:

    a. improperly installed the gas log appliance in the fireplace;

    b. installed the gas log appliance in violation of the applicable building and fire codes;

    c. failed to properly inspect and test the fireplace after it was constructed; and

    d. otherwise failed to use due care under the circumstances.

13. As a result of the aforesaid negligence, carelessness and negligent omissions of the Defendant Carresi, his agents, servants and employees, the fire of January 26, 2004, occurred causing the resulting damage to the property of the Plaintiff's insured.

WHEREFORE, the Plaintiff demands judgment against the Defendant Carresi in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate.

### COUNT 6
### BREACH OF CONTRACT OF BREATH (FFIC VS. CARRESI)

1-11. The Plaintiff hereby incorporates by reference paragraphs 1 through 11 inclusive as if they were set out full.

12. Defendant Carresi impliedly warranted that he would perform his duties as a plumber and HVAC technician in a workmanlike manner and that the renovations to the Plaintiff's insured's home would be done in accordance with the applicable building and fire codes.

13. The Defendant Carresi breached the aforesaid warranty by failing to probably install, inspect and test the installation of the gas log appliance in the fireplace, which was improperly installed and installed in violation of the appropriate building and fire codes.

14. As a result of the aforesaid breach of implied warranty the fire of January 26, 2004, occurred resulting in damage to the property belonging to the Plaintiff's insured.

WHEREFORE, the Plaintiff demands judgment against Defendant Carresi in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate

                        THE PLAINTIFF,

By: *[signature]*
    Stuart G. Blackburn, Esq.
    Law Offices of Stuart G. Blackburn
    Two Concorde Way
    P.O. Box 608
    Windsor Locks, CT 06096
    Tel. 860-292-1116
    Fax 860-292-1221
    BBO# 549797

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

**I (a) PLAINTIFFS**
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

**DEFENDANTS**
FALCO CONSTRUCTION CORP.
10 Willowood Drive, Stoughton, MA;
P & D BUILDERS, INC.
6 Water Street, East Weymouth, MA; AND
MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING
513 Bird Street, Mansfield, MA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Norfolk
(U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Stuart G. Blackburn, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
860-292-1116

ATTORNEYS (IF KNOWN)

05-10827

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. GOVERNMENT Plaintiff
☐ 2 U.S. GOVERNMENT Defendant
☐ 3 FEDERAL QUESTION (U.S. Government Not a Party)
☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS–Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | |
| ☒ 290 All Other Real Property | | | | | |

## V. ORIGIN (PLACE AND X IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

.28 U.S.C. § 1332, Diversity of Citizenship – Negligence Property Damage

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND** In excess of $75,000.00   Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASES(S) IF ANY** (See instructions): JUDGE_____ DOCKET NUMBER_____
NONE

DATE 4/20/05
SIGNATURE OF ATTORNEY OF RECORD
Stuart G. Blackburn, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 - 10827 DPW**

1. Title of case (name of first party on each side only) Fireman's Fund Insurance Company a/s/o Julia Pavia v. Falco Construction Corp., et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
   - ✓ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.
   - IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.
   - V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ✓

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ✓

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ✓

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐     Central Division ☐     Western Division

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐     Central Division ☐     Western Division

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Stuart G. Blackburn, Esq., Law Offices of Stuart G. Blackburn
ADDRESS   Two Concorde Way, PO Box 608, Windsor Locks, CT 06096
TELEPHONE NO.   860-292-1116

(Category Form.wpd - 2/15/05)