UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA, Plaintiff, <br><br> v. <br><br> FALCO CONSTRUCTION CORP., P&D BUILDERS, INC., and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING. <br> Defendants. | CIVIL ACTION NO.: 05-10827DPW |

## ANSWER AND CROSSCLAIM OF DEFENDANT, P&D BUILDERS, INC.'S TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's complaint.

2. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of the plaintiff's complaint.

3. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the plaintiff's complaint.

4. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of the plaintiff's complaint.

### JURISDICTION AND VENUE

5. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of the plaintiff's complaint.

6. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the plaintiff's complaint.

### GENERAL ALLEGATIONS

7. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of the plaintiff's complaint.

8. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the plaintiff's complaint.

9. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the plaintiff's complaint.

11. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the plaintiff's complaint.

## COUNT 1
## NEGLIGENCE (FFIC VS. FALCO)

1-11. The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12-13. As the allegations contained in Paragraphs 12 and 13 of the plaintiff's complaint pertain to another defendant, no answer is required. To the extent that said allegations pertain to the defendant, P&D Builders, Inc., the defendant denies the said allegations contained in Paragraphs 12 and 13.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to the defendant.

## COUNT 2
## BREACH OF CONTRACT (FFIC VS. FALCO)

1-11. The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12-14. The allegations contained in Paragraphs 12 through 14 of the plaintiff's complaint pertain to another defendant, and no responsive averments are required. To the extent that said allegations pertain to the defendant, P&D Builders, Inc., the defendant denies said allegations contained in Count 2.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to the defendant.

## COUNT 3
## NEGLIGENCE (FFICE VS. P&D BUILDERS)

1-11. The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12a-e. The defendant denies the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendant denies the allegations contained in paragraph 13 of the plaintiff's complaint.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to defendant.

## COUNT 4
## BREACH OF CONTRACT OF BREATH (FFICE VS. P&D BUILDERS)

1-11. The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the plaintiff's complaint.

14. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's complaint.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to the defendant.

## COUNT 5
## NEGLIGENCE (FFIC VS. CARRESI

1-11. The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12-13. The allegations contained in Paragraphs 12 and 13 of the plaintiff's complaint pertain to another defendant and no responsive averments are required. To the extent that said allegations pertain to defendant, P&D Builders, Inc., the defendant denies said allegations contained in Count 5.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to the defendant.

## COUNT 6
## BREACH OF CONTRACT OF BREATH (FFICE VS. CARRESI)

1-11.   The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12-14.   The allegations contained in Paragraphs 12 through 14 of the plaintiff's complaint pertain to another defendant, and no responsive averments are required.  To the extent that said allegations pertain to the defendant, P&D Builders, Inc., the defendant denies said allegations contained in Count 6.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to defendant.

## FIRST DEFENSE

The plaintiff's Complaint fails to state claims upon which the court can grant relief.

## SECOND DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

## THIRD DEFENSE

By way of affirmative defense, the plaintiff's action is barred by the applicable statute of limitations.

## FOURTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's Complaint must fail because the plaintiff breached her agreement with the defendant and is therefore barred from recovery in this action.

## FIFTH DEFENSE

By way of affirmative defense, the defendant states that if the plaintiff ever had a claim against the defendant, which the defendant expressly denies, the plaintiff is estopped from prosecuting same and is thereby barred from recovery.  Further answering, the defendant states that the plaintiff's claims against it are insubstantial and frivolous and, pursuant to G.L. c. 231,  §6F, moves for an award of reasonable counsel fees and other costs and expenses incurred in defending against the plaintiff's claims.

1146455v1

### SIXTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail because if the defendant ever agreed to perform services for the plaintiff, the same have been fully performed and it now owes the plaintiff nothing.

### SEVENTH DEFENSE

By way of affirmative defense, the defendant states that if it ever agreed to perform any services for the plaintiff, the same have been substantially performed, and now he owes the plaintiff nothing.

### EIGHTH DEFENSE

By way of affirmative defense, the defendant states that if the plaintiff ever had a claim against the defendant, which the defendant expressly denies, the plaintiff has waived same and thereby is barred from recovery.

### NINETH DEFENSE

By way of affirmative defense, the defendant states that it was justified in its conduct and acts, and is, therefore, not liable to the plaintiff as alleged in its complaint.

### TENTH DEFENSE

By way of affirmative defense, the plaintiff's Complaint must fail for its insured's failure to mitigate damages.

### ELEVENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff, by her conduct and actions, and/or the conduct of actions of its insured, agents, servants or representatives, is estopped to recover any judgment against the defendant.

### TWELFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's recovery in this action, if any, is limited to the amount set forth in the contractual documents which govern the relationship between the plaintiff and defendant.

### THIRTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff did not comply with the terms and conditions of the contract entered into with the defendant and therefore, cannot recover in this action.

1146455v1

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is not entitled to recover any injuries allegedly sustained by the plaintiff were not causally related to the work performed by the defendant.

## FIFTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff did not comply with the condition requirements of the contract and therefore cannot recover in this action.

## SIXTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff did not comply with the condition requirements of the contract and therefore cannot recover in this action.

## SEVENTEENTH DEFENSE

By way of affirmative defense, the defendant says that there was accord and satisfaction and therefore the plaintiff cannot recover.

## EIGHTEENTH DEFENSE

By way of affirmative defense, the defendant says that if the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to her alleged injuries, that the plaintiff is barred from recovery under G.L. c. 231, §85.

## NINETEENTH DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff was injured, it was as a result of the plaintiff's breach of her duty to exercise a high degree of care to protect and insure her own safety.

1146455v1

**CROSSCLAIM AGAINST FALCO CONSTRUCTION CORP., AND MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING**

1. The defendant, P&D Builders, Inc. ("P&D"), has its principal place of business in located at 6 Water Street, East Weymouth, Massachusetts.

2. The defendant, Falco Construction Corp. ("Falco") is a corporation with a principal place of business at 10 Willowood Drive, Stoughton, Norfolk County, Massachusetts.

3. The defendant, Michael Carresi d/b/a Carressi Plumbing & Heating, ("Carresi") is a resident of the Commonwealth of Massachusetts with a principal place of business at 513 Bird Street, Mansfield, Massachusetts.

**COUNT I
INDEMNIFICATION**

4. P&D repeats and realleges the allegations in Paragraph 1 through 3 as if restated herein.

5. Any damages suffered by the plaintiff was caused if at all by the actions or omissions of Falco and/or Carresi but not, in any event, by the conduct of P&D.

6. Falco and Carresi is expressly or impliedly obligated to indemnify P&D against and hold P&D harmless from the claims asserted by the plaintiff.

**COUNT II
CONTRIBUTION**

7. P&D repeats and realleges the allegations in Paragraph 1 through 3 as if restated herein.

8. If P&D is found to be liable to the plaintiff, which liability P&D expressly denies, then P&D is entitled to contribution from Falco and Carresi.

## JURY CLAIM

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

        Respectfully submitted,
        The Defendant,
        P&D Builders, Inc.,
        By their attorney,


        /s/ *Curtis L.S. Carpenter*
        William Joseph Flanagan, BBO #556598
        Curtis L.S. Carpenter, BBO #657358
        Morrison Mahoney LLP
        250 Summer Street
        Boston, MA 02210
        (617) 439-7500

## **CERTIFICATE OF SERVICE**

      I, Curtis L.S. Carpenter, attorney for the defendants, hereby certify that I have this day served the foregoing **Answer and Crossclaim of Defendant P&D Builders, Inc. to Plaintiff's Complaint and Jury Demand** to all counsel of record in this action by mailing same, by first class mail, postage prepaid to:

Stuart G. Blackburn, Esq.
Erik Loftus, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096


Robert P. Turner, Esq.
Law Offices of Bruce R. Fox
27B Midstate Office Park
Auburn, MA 01501



Dated: June 23, 2005        Attorney:___*Curtis L.S. Carpenter*_____