## TOOMEY & YUDYSKY LLP
Attorneys at Law
99 Summer Street
Boston, MA 02110

John F. Toomey
Clark W. Yudysky
Patricia A. Larkin
Brian Doherty                                                  Telephone (617) 946-0930
David J. Crowley                                        Telecopier (617) 946-0989
Katherine E. Hoffman                                 E-mail: tylawyers@tyllp.com
Emily C. Lanza
Sara J. VanDeCarr

July 8, 2005

Clerk's Office
United States District Court
for the District of Massachusetts
U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

RE: The Fireman's Fund Insurance Company
      as subrogee of Julia Pavia,
      77 San Marin Drive, Novado California
VS. Falco Construction Corp., P & D Builders, Inc.
      and Michael Carresi d/b/a
      Carresi Plumbing and Heating
      United States District Court, District of Massachusetts
      Civil Action No. 05-cv-10827-DPW
      **Our File No. 796**

Dear Sir or Madam:

Enclosed in connection with the above-referenced matter, please find the following:

**ANSWER AND JURY DEMAND OF FALCO CONSTRUCTION CORP. TO THE PLAINTIFF'S COMPLAINT**

Kindly docket and file in your usual fashion. If you have any questions, please call me. Thank you for your cooperation.

Very truly yours,

John F. Toomey

JFT/bmd
Enclosure
cc:    Stuart G. Blackburn, Esquire

  Curtis L.S. Carpenter, Esquire
  William J. Flanagan, Esquire
  Robert P. Turner, Esquire
bmd  62827.1  7/8/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE ) <br> COMPANY as subrogee of JULIA PAVIA ) <br> 77 San Marin Drive Novado, California, ) <br>     Plaintiff ) <br> ) <br> ) <br> VS. ) <br> ) <br> FALCO CONSTRUCTION CORP., ) <br> P & D BUILDERS, INC. and ) <br> MICHAEL CARRESI d/b/a ) <br> CARRESI PLUMBING & HEATING, ) <br>     Defendants ) | CIVIL ACTION <br> NO. 05-cv-10827-DPW |

## ANSWER AND JURY DEMAND OF DEFENDANT, FALCO CONSTRUCTION CORP. TO THE PLAINTIFF'S COMPLAINT

The Defendant, Falco Construction Corp. hereby responds to the Plaintiff, the Fireman's Fund Insurance Company as subrogee of Julia Pavia 77 San Marin Drive Novado, California's Complaint and Jury Demand, as follows:

1.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 and calls upon the Plaintiff to prove the same.

2.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 and calls upon the Plaintiff to prove the same.

3.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 and calls upon the Plaintiff to prove the same.

4.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 and calls upon the Plaintiff to prove the same.

## JURISDICTION AND VENUE

5.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 and calls upon the Plaintiff to prove the same.

6.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 and calls upon the Plaintiff to prove the same.

## GENERAL ALLEGATIONS

7.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 and calls upon the Plaintiff to prove the same.

8.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 and calls upon the Plaintiff to prove the same.

9.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 and calls upon the Plaintiff to prove the same.

10.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 and calls upon the Plaintiff to prove the same.

11.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 and calls upon the Plaintiff to prove the same.

## COUNT 1

## NEGLIGENCE (FFIC VS. FALCO)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11 of this Answer.

12 (a-d).   The allegations of Count 1, paragraph 12 are denied.

13.   The allegations of Count 1, paragraph 13 are denied.

## COUNT 2

### BREACH OF CONTRACT (FFIC VS. FALCO)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11 of this Answer.

12 (sic).   The allegations of Count 2, paragraph 12 are denied.

13 (sic).   The allegations of Count 2, paragraph 13 are denied.

14 (sic).   The allegations of Count 2, paragraph 14 are denied.

## COUNT 3

### NEGLIGENCE (FFIC VS. P& D BUILDERS)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11(sic) of this Answer.

12 (sic). (a-d)   The allegations of Count 3, paragraph 12(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count3, paragraph 12(sic) and calls upon the Plaintiff to prove the same.

13 (sic).   The allegations of Count 3, paragraph 13(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 3, paragraph 13(sic) and calls upon the Plaintiff to prove the same.

## COUNT 4

### BREACH OF CONTRACT (FFIC VS. P&D BUILDERS)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11(sic) of this Answer.

12 (sic).   The allegations of Count 4, paragraph 12(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 4, paragraph 12(sic) and calls upon the Plaintiff to prove the same.

13 (sic).   The allegations of Count 4, paragraph 13(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 4, paragraph 13(sic) and calls upon the Plaintiff to prove the same.

14 (sic).   The allegations of Count 4, paragraph 14(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 4, paragraph 14(sic) and calls upon the Plaintiff to prove the same.

## COUNT 5

## NEGLIGENCE (FFIC VS. CARRESI)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11(sic) of this Answer.

12 (sic). (a-d)   The allegations of Count 5, paragraph 12(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 5, paragraph 12(sic) and calls upon the Plaintiff to prove the same.

13 (sic).   The allegations of Count 5, paragraph 13(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 5, paragraph 13(sic) and calls upon the Plaintiff to prove the same.

## COUNT 6

## BREACH OF CONTRACT (FFIC VS. CARRESI)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11(sic) of this Answer.

12 (sic).   The allegations of Count 6, paragraph 12(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 6, paragraph 12(sic) and calls upon the Plaintiff to prove the same.

13 (sic).   The allegations of Count 6, paragraph 13(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 6, paragraph 13(sic) and calls upon the Plaintiff to prove the same.

14 (sic).   The allegations of Count 6, paragraph 14(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 6, paragraph 14(sic) and calls upon the Plaintiff to prove the same.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the plaintiff and plaintiff's subrogor's failure to mitigate damages.

**SECOND AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of plaintiff's subrogor is greater than the negligence of the defendant or any recovery must be reduced by the percentage of negligence attributable to plaintiff's subrogor in accordance G.L. c. 231, §85.

**THIRD AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the defendant.

**FOURTH AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct the defendant is not legally responsible.

**FIFTH AFFIRMATIVE DEFENSE**

The Court does not have jurisdiction over the person of the defendant.

**SIXTH AFFIRMATIVE DEFENSE**

The process in this action is insufficient.

**SEVENTH AFFIRMATIVE DEFENSE**

The service of process in this action is insufficient.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**NINTH AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged were the results of risks assumed by the plaintiff and plaintiff's subrogor.

### TENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the statute of frauds.

### ELEVENTH AFFIRMATIVE DEFENSE

A necessary party under Rule 19 has been failed to be joined.

### TWELFTH AFFIRMATIVE DEFENSE

The defendant is misnamed.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been accorded and satisfied.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by a failure of consideration and/or a lack of consideration.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been paid.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been released.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations or repose.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been waived.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of privity of contract between plaintiff or plaintiff's subrogor and defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been paid.

### JURY DEMAND

The Defendant, Falco Construction Corp., hereby demands a trial by jury on all counts and issues so triable.

                                                  Respectfully submitted,
                                                  The Defendant,
                                                  Falco Construction Corp.,
                                                  By its Attorneys,

                                                  _____
                                                  John F. Toomey, BBO # 500160
                                                  Patricia A. Larkin, BBO # 561642
                                                  TOOMEY & YUDYSKY LLP
                                                  99 Summer Street
                                                  Boston, MA  02110
Dated: _____                       (617) 946-0930

11

## CERTIFICATE OF SERVICE

    I, John F. Toomey, counsel for the Defendant, Falco Construction Corp., do hereby certify that I served a copy of the foregoing **ANSWER AND JURY DEMAND OF FALCO CONSTRUCTION CORP. TO THE PLAINTIFF'S COMPLAINT**, on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

Stuart G. Blackburn, Esquire
Erik Loftus, Esquire
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096

Curtis L.S. Carpenter, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

William J. Flanagan, Esquire
Morrison, Mahoney, & Miller LLP
250 Summer Street
Boston, MA 02210

Robert P. Turner, Esquire
Avery, Dooley, Post & Avery
90 Concord Ave.
Belmont, MA 02178-9107

Date: _____   Attorney: _____

bmd  62749.1  7/8/05