UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA, Plaintiff, <br><br> v. <br><br> FALCO CONSTRUCTION CORP., P&D BUILDERS, INC., and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING. <br> Defendants. | CIVIL ACTION NO.: 05-10827DPW |

### MOTION OF DEFENDANT, P&D BUILDERS, INC., TO FILE A THIRD-PARTY COMPLAINT

NOW COMES the defendant in the above-referenced matter, P & D Builders, Inc., and hereby seeks leave of Court, pursuant to F.R.C.P. 14(a), to file a Third-Party Complaint against Heatmaster, Inc. A copy of this Third-Party Complaint is attached hereto as Exhibit A. As grounds for this Motion, the defendant states the following:

1. This is a subrogation action arising out of a fire alleged to have occurred on January 26, 2004 at the home of the plaintiff's subrogee, Julie Pavia, at 104 Hammondswood Road, Newton, Massachusetts (hereinafter called "the property").

2. The plaintiff, Fireman's Fund Insurance Company, alleges that, prior to January 26, 2004, the defendant, P&D Builders, Inc., performed extensive renovations to the property including the installation of a fireplace.

3. The plaintiff alleges that during the course of those renovations the defendant, P&D Builders, Inc., acted as the general contractor, the defendant Falco Construction constructed a masonry fireplace, and the defendant Michael Carresi installed a gas log appliance in the fireplace.

1150700v1

4. Investigation has reveled that the gas log appliance alleged to have been installed by defendant Michael Carresi was a Model DGF M-24NAT, serial number 2027, manufactured by Heatmaster, Inc.

5. Based upon information and belief, Heatmaster, Inc., specializes in the design, manufacture, distribution and sale of gas log appliance. Based upon information and belief, Heatmaster, Inc., is a corporation organized and existing under the laws of the State of North Carolina, with a principal place of business at 3626 Benson Road, Angier, North Carolina.

6. The defendant, P & D Builders, contends any property damage sustained by the plaintiff's subrogee was a direct and proximate result of Heatmaster's negligence, breach of express warranty, breach of implied warranties of merchantability and fitness and failure to warn.

7. Assuming there is any merit to the plaintiff's allegations of property damage, which defendant, P & D Builders denies, then Heatmaster would be responsible to the plaintiff for its damages.

8. Assuming the plaintiff's injuries resulted from Heatmaster's negligence, breach of express warranties, breach of implied warranties of merchantability and fitness and failure to warn, then P & D Builders would be entitled to indemnity and contribution from Heatmaster in connection with the plaintiff's damages.

9. Heatmaster has been served with a copy of this motion.

10. No party will be prejudiced by the additional of this third-party defendant, as this litigation was only recently commenced, and discovery has yet to begin in earnest.

1150700v1

WHEREFORE, the defendant respectfully requests that its Motion be allowed and the attached Third-Party Complaint be filed with the Court.

>
> Respectfully submitted,
> The Defendant/Third-Party plaintiff,
> P&D Builders, Inc.,
> By their attorney,
>
> */s/ William Joseph Flanagan*
> _____
> William Joseph Flanagan, BBO #556598
> Curtis L. S. Carpenter, BBO #657358
> Morrison Mahoney LLP
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

**CERTIFICATE OF SERVICE**

    I, Curtis L. S. Carpenter, attorney for the defendants, hereby certify that I have this day served the foregoing *Motion of Defendant, P & D Builders, Inc., to File a Third-Party Complaint* to all counsel of record in this action by mailing same, by first class mail, postage prepaid to:

Stuart G. Blackburn, Esq.
Erik Loftus, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096


Robert P. Turner, Esq.
Law Offices of Bruce R. Fox
27B Midstate Office Park
Auburn, MA 01501


Heatmaster, Inc.
3626 Benson Road
Angier, North Carolina 27501-7312


Dated: July 13, 2005     Attorney: /s/ William Joseph Flanagan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA, Plaintiff, | ) ) ) ) ) | |
| v. | ) | |
| FALCO CONSTRUCTION CORP., P&D BUILDERS, INC., and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING. Defendants, | ) ) ) ) ) ) ) | CIVIL ACTION NO.: 05-10827DPW |
| v. | ) | |
| HEATMASTER, INC. Third-Party-Defendant. | ) ) ) ) | |

**THE DEFENDANT, P&D BUILDERS, INC.'S**
**THIRD-PARTY COMPLAINT AGAINST HEATMASTER, INC.**

1. The defendant/third-party plaintiff, P&D Builders, Inc., is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 6 Water Street, East Weymouth, Massachusetts.

2. The third-party defendant, Heatmaster, Inc., is a corporation organized and existing under the laws of the State of North Carolina, with a principal place of business at 3626 Benson Road, Angier, North Carolina.

**GENERAL ALLEGATIONS**

3. This is a subrogation action arising out of a fire alleged to have occurred on January 26, 2004 at the home of the plaintiff's subrogee, Julie Pavia, at 104 Hammondswood Road, Newton, Massachusetts (hereinafter called "the property").

4. The plaintiff, Fireman's Fund Insurance Company, alleges that, prior to January 26, 2004, the defendant, P&D Builders, Inc., performed extensive renovations to the property including the installation of a fireplace.

5. The plaintiff alleges that the defendants, P&D Builders, Inc., Falco Construction Corp., and Michael Carresi were negligent in performing the renovations and in installing a gas log appliance in the fireplace.

1150172v1

6.  Upon information and belief, the defendant/third-party plaintiff, P&D Builders, Inc., states that the gas log appliance alleged to have been installed by defendant Michael Carresi was a Model DGF M-24NAT, serial number 2027, manufactured by the third-party defendant, Heatmaster, Inc.

7.  If the plaintiff's subrogee sustained property damage as alleged, the damage was caused by the gas log appliance that was designed, manufactured or sold by third-party defendant Heatmaster, Inc.

**COUNT 1**
**CONTRIBUTION FOR BREACH OF IMPLIED WARRANTIES OF**
**MERCHANTABILITY AND FITNESS**

8.  The defendant/third-party plaintiff restates the statements and allegations set forth in paragraphs 1-7 as if expressly set forth and rewritten herein, and further states;

9.  The third-party defendant impliedly warranted that the gas log appliance it designed, manufactured, assembled, distributed, and/or sold would be of merchantable quality and fit for its intended or particular purpose and that such gas log appliances were to be used by the general public.

10. The defendant/third-party plaintiff and others relied on the third-party defendant's warranties when using the gas log appliance.

11. The third-party defendant breached its warranties in that the gas log appliance was not safe or merchantable and not suitable for its intended, or particular, or ordinary purpose and/or the third-party defendant failed to warn of its unsafe condition.

12. The third-party defendant breached its implied warranties of merchantability by designing, manufacturing, assembling, distributing, and/or selling the gas log appliance when was unreasonably dangerous and unsuitable for ordinary use by the general public.

13. If it is determined that the defendant/third-party plaintiff, P&D Builders, Inc., is liable in this action, which defendant/third-party plaintiff, expressly denies, then such liability resulted from third-party defendant's breach of its implied warranties.

14. By reason of the third-party defendant's breach of implied warranties, defendant/third-party plaintiff is entitled to contribution for all of the alleged damages in the Complaint.

   **WHEREFORE**, the defendant/third-party plaintiff demands judgment and damages against the third-party defendant, together with interests and costs.

2

## COUNT 2
## CONTRIBUTION FOR BREACH OF EXPRESS WARRANTY

14. The defendant and third-party plaintiff restates the statements and allegations set forth in paragraphs 1-13 as if expressly set forth and rewritten herein, and further states;

15. Prior to January 26, 2004, the third-party defendant expressly warranted to the general public and the defendant/third-party plaintiff in particular the gas log appliance was of merchantable quality and fit, safe and suitable for the purposes for which it was designed, manufactured, assembled, distributed, and/or sold and that it was free from defects.

16. The defects in the design, manufacture, warnings, instructions, and/or assembly of the gas log appliance, constitute a breach of any and all express warranties provided in that the product was unsafe, not of merchantable quality, and unfit for its intended and/or expected uses.

17. If it is determined that the defendant/third-party plaintiff, P&D Builders, Inc., is liable in this action, which defendant/third-party plaintiff, expressly denies, then such liability resulted from third-party defendant's breach of its express warranties.

18. By reason of the third-party defendant's breach of express warranties, defendant/third-party plaintiff is entitled to contribution for all of the alleged damages in the Complaint.

**WHEREFORE**, the defendant/third-party plaintiff demands judgment and damages against the third-party defendant, together with interests and costs.

## COUNT 3
## CONTRIBUTION FOR NEGLIGENCE

19. The defendant and third-party plaintiff restates the statements and allegations set forth in paragraphs 1-18 as if expressly set forth and rewritten herein, and further states;

20. At all relevant and material times, the third-party defendant was under a duty to design, manufacture, and/or assemble the gas log appliance so as to not be unreasonably dangerous to foreseeable users including the defendant/third-party plaintiff and the plaintiff's subrogee.

21. The third-party defendant had a duty to warn and instruct foreseeable users of the gas log appliance that the design, manufacture, and/or assembly of the product made it potentially and/or actually unsafe for use.

1150172v1

22. The third-party defendant had a duty to test and research the design, manufacture and or assembly of the gas log appliance prior to and after introducing the product into the stream of commerce.

23  The third-party defendant had a duty to warn foreseeable users of the tendency or potential tendency of the gas log appliance to cause damage, or a fire.

24. The third-party defendant violated its duty of care to reasonably expectable and foreseeable user of the gas log appliance by committing one or more of the following negligent acts or omissions:

   a. Failing to design, manufacture, and/or assemble the gas log appliance in a condition which made it reasonably safe for all foreseeable uses;
   b. Failing to design, manufacture, and/or assemble the gas log appliance so that it was not unreasonably dangerous for all foreseeable uses;
   c. Failing to design, manufacture, and/or assemble the gas log appliance in such a manner so that it would not cause property damage in the course of reasonably foreseeable use;
   d. Failing to adequately and properly test and research the gas log appliance's propensity to cause property damage in the course of reasonably foreseeable use;
   e. Failing to issue proper warnings and instructions to the general public and to the plaintiff in particular, so as to properly advise foreseeable users that the gas log appliance was not reasonably safe for use, to warn of its dangerous propensities, and to instruct as to proper and safe installation;
   f. Failing to properly conduct inspections, tests, and/or engineering evaluations of the gas log appliance prior to releasing it into the stream of commerce;
   g. Failing to provide remedial devices for foreseeable users of the gas log appliance which would render the product reasonably safe for reasonably foreseeable uses;
   h. Failing to remedy the propensity of the gas log appliance to cause property loss once the third-party defendant knew or had reason to know of such propensity;
   i. Designed, manufactured, assembled, distributed, and/or sold the gas log appliance, which was unsafe, to the plaintiff when the third-party defendant knew or should have known said product was dangerous, not reasonably safe and/or defective in nature and design; and
   j. Failing to recall the gas log appliance.

25. If it is determined that the defendant/third-party plaintiff, P&D Builders, Inc., is liable in this action, which defendant/third-party plaintiff, expressly denies, then such liability resulted from third-party defendant's negligence.

4

26. By reason of the third-party defendant's negligence, defendant/third-party plaintiff is entitled to contribution for all of the alleged damages in the Complaint.

**WHEREFORE**, the defendant/third-party plaintiff demands judgment and damages against the third-party defendant, together with interests and costs.

## COUNT 4
## INDEMNIFICATION

27. The defendant and third-party plaintiff restates the statements and allegations set forth in paragraphs 1-26 as if expressly set forth and rewritten herein, and further states;

28. If the plaintiff suffered damages as alleged, which the defendant/third-party plaintiff denies, these damages if any, were caused by the negligent acts or omissions and/or breach of warranty by the third-party defendant, Heatmaster, Inc., and the defendant/third-party plaintiff did not participate in the negligence or breach. The liability of the third-party plaintiff, if any, is vicarious and derivative, while the liability of Heatmaster, Inc. is direct and actual.

**WHEREFORE**, the defendant/third-party plaintiff demands judgment against third-party defendant for all sums that it pays or is ordered to pay plaintiff, together with interest, costs, and attorneys fees incurred by defending against plaintiff's action and in bringing the third-party claim.

1150172v1

**JURY CLAIM**

THE DEFENDANT/THIRD-PARTY PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

        Respectfully submitted,
        The Defendant/Third-Party plaintiff,
        P&D Builders, Inc.,
        By their attorney,

        _____
        William Joseph Flanagan, BBO #556598
        Curtis L.S. Carpenter, BBO #657358
        Morrison Mahoney LLP
        250 Summer Street
        Boston, MA 02210
        (617) 439-7500

## CERTIFICATE OF SERVICE

  I, Curtis L.S. Carpenter, attorney for the defendants, hereby certify that I have this day served the foregoing *The Defendant, P&D Builders, Inc.'s Third-Party Complaint Against Heatmaster, Inc.* to all counsel of record in this action by mailing same, by first class mail, postage prepaid to:

Stuart G. Blackburn, Esq.
Erik Loftus, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096


Robert P. Turner, Esq.
Law Offices of Bruce R. Fox
27B Midstate Office Park
Auburn, MA 01501

Heatmaster, Inc.
3626 Benson Road
Angier, North Carolina 27501-7312



Dated: July 8, 2005  Attorney: _____