UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE ) <br> COMPANY, as Subrogee of Julia Pavia, ) <br>     Plaintiff ) <br> ) <br> vs. ) <br> ) <br> FALCO CONSTRUCTION CORP., ) <br> P&D BUILDERS, INC. AND ) <br> MICHAEL CARRESI d/b/a ) <br> CARRESI PLUMBING & HEATING, ) <br>     Defendants ) <br> P&D BUILDERS, INC., ) <br>     Third-Party Plaintiff ) <br> ) <br> vs. ) <br> ) <br> HEATMASTER, INC., ) <br>     Third-Party Defendant ) | CIVIL ACTION <br> NO: 05-10827DPW |

**HEATMASTER, INC.'S ANSWER TO THIRD PARTY COMPLAINT
OF P&D BUILDERS, INC.**

    1. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 1 of the third-party complaint for lack of sufficient knowledge to form a belief as to the truth or falsity thereof.

    2. The third-party defendant, Heatmaster, Inc., admits it is a corporation organized and existing under the laws of the State of North Carolina, with a principal place of business on Benson Road, Angier, North Carolina and denies the balance of the allegations contained in paragraph 2 of the third-party complaint.

    3. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 3 of the third-party complaint for lack of sufficient knowledge to form a belief as to the truth or falsity thereof.

    4. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 4 of the third-party complaint for lack of sufficient knowledge to form a belief as to the truth or falsity thereof.

    5. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 5 of the third-party complaint for lack of sufficient knowledge to form a belief as to the truth or falsity thereof.

6. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 6 of the third-party complaint.

7. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 7 of the third-party complaint.

## COUNT I

### CONTRIBUTION FOR BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS

8. The third-party defendant, Heatmaster, Inc., incorporates by reference as though fully set forth herein its answers to paragraphs 1-7.

9. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 9 of the third-party complaint.

10. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 10 of the third-party complaint.

11. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 11 of the third-party complaint.

12. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 12 of the third-party complaint.

13. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 13 of the third-party complaint.

14. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 14 of the third-party complaint.

## COUNT 2

### CONTRIBUTION FOR BREACH OF EXPRESS WARRANTY

(sic) 14. The third-party defendant, Heatmaster, Inc., incorporates by reference as though fully set forth herein its answers to paragraphs 1-14.

15. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 15 of the third-party complaint.

16. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 16 of the third-party complaint.

17. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 17 of the third-party complaint.

18. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 18 of the third-party complaint.

## COUNT 3

### CONTRIBUTION FOR NEGLIGENCE

19. The third-party defendant, Heatmaster, Inc., incorporates by reference as though fully set forth herein its answers to paragraphs 1-18.

20. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 20 of the third-party complaint.

21. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 21 of the third-party complaint.

22. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 22 of the third-party complaint.

23. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 23 of the third-party complaint.

24. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 24 of the third-party complaint.

25. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 25 of the third-party complaint.

26. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 26 of the third-party complaint.

## COUNT 4

### INDEMNIFICATION

27. The third-party defendant, Heatmaster, Inc., incorporates by reference as though fully set forth herein its answers to paragraphs 1-26.

28. The third-party defendant, Heatmaster, Inc., denies the allegations contained in paragraph 28 of the third-party complaint.

### FIRST AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says that the damages alleged were caused in whole or in part by the negligence of the third-party plaintiff, P & D Builders, Inc.

### SECOND AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says that the damages alleged were caused in whole or in part by the negligence of a third party.

### THIRD AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says that the contributory negligence of the third-party plaintiff, P & D Builders, Inc., was at least as great as or greater than the negligence of the third-party defendant, Heatmaster, Inc., wherefore the third-party plaintiff cannot recover.

### FOURTH AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says that if the plaintiff, The Fireman's Fund Insurance Company, as subrogee of Julia Pavia, proves that the said third-party defendant was negligent as alleged, the plaintiff and/or plaintiff's decedent was negligent to a greater degree than the said third-party defendant and the plaintiff is barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

### FIFTH AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says that the negligence of the plaintiff, The Fireman's Fund Insurance Company, as subrogee of Julia Pavia, contributed in some degree to the cause of the accident, wherefore, the damages, if any, awarded to the plaintiff should be diminished and reduced in accordance with law.

### SIXTH AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says that this action was not commenced within the time required by the laws made and provided therefor.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says that the Third Party Complaint fails to state a cause of action upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says the third-party plaintiff, P&D Builders, Inc., has failed to give notice of any breach or breaches of warranty.

### NINTH AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says that if any warranties were allegedly given to the third-party plaintiff, P&D Builders, Inc., the said warranty or warranties had expired, terminated or were otherwise not applicable to the third-party defendant, Heatmaster, Inc.

### TENTH AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says that third-party plaintiff, P&D Builders, Inc., has failed to fulfill the conditions precedent to recovery on the alleged warranties, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering the third-party defendant, Heatmaster, Inc., says that any warranties, either express or implied which cover the product described in the Third Party Complaint are void due to failure by third-party plaintiff, P&D Builders, Inc. or a person for whose conduct said parties are legally responsible to maintain said product in proper working order and in accordance with the terms of said warranties, if any.

The third-party defendant, Heatmaster, Inc., demands a trial by jury as to all issues.

HEATMASTER, INC.,

/s/ Scott T. Ober, Esquire
Scott T. Ober, Esquire #567666
Hassett & Donnelly, P.C.
484 Main Street, Suite 560
Worcester, MA 01608
(508) 791-6287

Dated:   October 7, 2005

**CERTIFICATE OF SERVICE**

      I, Scott T. Ober, do hereby certify that I have served a copy of the foregoing Answer to Third Party Complaint to all parties by first class mail, postage prepaid, this 7th day of October, 2005, to:

Stuart G. Blackburn, Esquire
Erik Loftus, Esquire
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096

John F. Toomey, Esquire
Patricia A. Larkin, Esquire
Toomey & Yudysky, LLP
99 Summer Street
Boston, MA 02110

William J. Flanagan, Esquire
Curtis L.S. Carpenter, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Robert P. Turner, Esquire
Law Offices of Bruce R. Fox
27B Midstate Office Park
Auburn, MA 01501-1896

                                              /s/ Scott T. Ober, Esquire
                                              Scott T. Ober, Esquire