UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| THE FIREMAN'S FUND INSURANCE | ) | |
| COMPANY as subrogee of JULIA PAVIA | ) | |
| 77 San Marin Drive Novado, California, | ) | |
|     Plaintiff | ) | CIVIL ACTION |
| | ) | NO. 05-cv-10827-DPW |
| | ) | |
| VS. | ) | |
| | ) | |
| FALCO CONSTRUCTION CORP., | ) | |
| P & D BUILDERS, INC. and | ) | |
| MICHAEL CARRESI d/b/a | ) | |
| CARRESI PLUMBING & HEATING, | ) | |
|     Defendants | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| HEATMASTER, INC., | ) | |
|     Third-Party Defendant | ) | |


## DEFENDANT, FALCO CONSTRUCTION CORP'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Now comes the Defendant, Falco Construction Corp. (hereinafter "Falco") by its

counsel, and hereby files its Opposition to Plaintiff's Motion for Protective Order.

As grounds therefore, Falco states as follows:

1.    This subrogation action arises out of a fire loss that occurred on January 26, 2004 at

a residence located at 104 Hammondswood Road, Newton, Massachusetts.

2.    Prior to the alleged fire, the Defendants performed construction work on an addition

to the subject premises.

3.    On or about April 25, 2005, the Plaintiff filed its Complaint alleging that the

Defendants negligence and breach of contract caused damage to the subject premises.

4.      Thereafter, the Defendants filed their Answers denying the Plaintiff's allegations.

5.      On December 28, 2005, Falco noticed the Plaintiff's Rule 30(b)(6) Deposition for February 8, 2006.

6.      On February 6, 2006, the Plaintiff served Falco with correspondence and objections to Falco's Request for Production of Documents attached to the Notice of Taking Rule 30(b)(6) deposition wherein the Plaintiff stated that the parameters of the Notice of Taking Rule 30(b)(6) deposition were "significantly broader" than its corporate designee was "competent to testify".  [See, Exhibit No. 1].  The Plaintiff further stated that it was not "directly involved in the subrogation of the loss or its subsequent referral for litigation." Rather, Craig Insurance Services performed said investigation.  Lastly, the Plaintiff noted that Craig Insurance Services' handling of said investigation was the basis for its objections to Falco's Request for Production of Documents attached to the Rule 30(b)(6) Deposition Notice.  [See, Exhibit No. 1].

7.      On February 16, 2006, Falco served the Plaintiff with Notices of Taking Rule 30(b)(6) deposition of Craig Insurance Services.

8.      Without conferring with Falco's counsel to attempt to resolve this discovery issue as required by United States District Court 7.1(A)(2), the Plaintiff filed the instant Motion for Protective Order.

9.      In its Motion for Protective Order, the Plaintiff argues that Craig Insurance Services' deposition is not necessary since non-privileged information can be obtained through Plaintiff's corporate designee.

10.     Falco submits that this argument is unpersuasive and contrary to the Plaintiff's correspondence wherein it advised Falco that the Notice of Taking Deposition was significantly broader than Plaintiff's corporate designee was competent to testify.

11.     The Plaintiff further argues that Craig Insurance Services knowledge of the subject incident is protected by attorney-client and work product privileges.

12.     Falco submits that this argument is unpersuasive, in that the Plaintiff has admitted that Craig Insurance Services investigated the facts of the alleged fire prior to its referral to litigation.  Such an investigation is not protected by the work product privilege.  A pre-litigation investigation into the facts of an insurance loss is conducted by the insurer in the ordinary course of business, not in anticipation of litigation.

13.     Moreover, the fact that Craig Insurance Services employees may be "attorneys" is immaterial.  Rather, the attorney-client privilege only protects confidential communications between the attorney and client made for the purposes of obtaining legal advice.  Falco submits that the attorney-client privilege does not apply to knowledge or information obtained by Craig Insurance Services acting in its capacity as a pre-litigation investigator for the Plaintiff.

14.     Falco further submits that that information sought is necessary for it to defend the Plaintiff's claims in this case.

15.     Lastly, Falco submits that it is fundamentally unfair for Plaintiff to limit Falco's right to examine the Plaintiff by claiming that its investigation into the subject incident was conducted by an entity that is not a party to the instant litigation and then assert that said investigation is otherwise protected by the attorney-client and/or work product privilege.

16.     The Defendant is entitled to the fact investigation of a non-party conducted in the ordinary course of business prior to the litigation.

WHEREFORE, the Defendant, Falco Construction Corp. respectfully requests this Honorable Court to **deny** the Plaintiff's Motion for Protective Order.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

The Defendant, Falco Construction Corp. respectfully requests a hearing on Plaintiff's Motion for Protective Order and Falco's Opposition Thereto and states that twenty (20) minutes is sufficient time for all parties to be heard.

Respectfully submitted,
The Defendant,
Falco Construction Corp.,
By its Attorneys,


 _/s/ David J. Crowley_____
John F. Toomey, BBO # 500160
David J. Crowley, BBO # 630169
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA  02110
(617) 946-0930
tylawyers@tyllp.com

Dated:   March 3, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 3, 2006.

# EXHIBIT NO. 1

# LAW OFFICES OF
# STUART G. BLACKBURN

Stuart G. Blackburn, Esq.

Justin J. Donnelly, Esq.

Erik Loftus, Esq.

P. O. Box 608

Windsor Locks, CT 06096

Tel. (860) 292-1116

Fax (860) 292-1221

## FACSIMILE COVER SHEET

COPIES TO:

| Name | Firm/Company | Fax No. |
|---|---|---|
| Robert P. Turner, Esq. | Law Offices of Bruce R. Fox | 508-832-5716 |
| Patricia Larkin, Esq. | Toomey & Yudysky LLP | 617-946-0989 |
| William Flanagan, Esq. | Morrison & Mahoney, LLP | 617-3424841 |
| David Hassett, Esq. | Hassett & Donnelly | 508-791-2652 |
| | | |

Total Number of Pages Including Cover Sheet:  7

Date:  February 6, 2006          Time: _____

From:  Erik Loftus, Esq.

Re:  *Fireman's Fund Insurance Company a/s/o Julia Pavia v. Falco
     Construction Corp., et al*
     Case Number:  05-10827 DPW

Comments:    Letter and Objections attached

IF THERE IS A PROBLEM, OR IF YOU HAVE ANY QUESTIONS REGARDING
THIS TRANSMISSION, PLEASE CALL: 292-1116.

### THANK YOU.

This information contained in this facsimile message is attorney privileged and confidential information intended only for
the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the
employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination,
distribution or copying of this communication is strictly prohibited.  If you have received this communication in error,
please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal
Service.

LAW OFFICES OF

# STUART G. BLACKBURN

TWO CONCORDE WAY
P.O. BOX 608
WINDSOR LOCKS, CT 06096-0608

STUART G. BLACKBURN*
JUSTIN J. DONNELLY
ERIK LOFTUS
*ALSO ADMITTED IN MASSACHUSETTS

TEL. (860) 292-1116
FAX. (860) 292-1221

MASSACHUSETTS OFFICE
14 HUBBARD AVENUE
SPRINGFIELD, MA 01105
(413) 737-5001

February 6, 2006

Robert P. Turner, Esq.
Law Offices of Bruce R. Fox
27 B Midstate Office Park
Auburn, MA  01501
VIA FACSIMILE: 508-832-5716

William Joseph Flanagan, Esq.
Curtis L. S. Carpenter, Esq.
Morrison & Mahoney, LLP
250 Summer Street
Boston, MA 02210
VIA FACSIMILE: 617-342-4841

David J. Crowley, Esq.
Patricia A. Larkin, Esq.
John F. Toomey, Esq.
Toomey & Yudysky LLP
99 Summer Street
Boston, MA  02110
VIA FACSIMILE: 617-946-0989

David F. Hassett, Esq.
Scott T. Ober, Esq.
Hassett & Donnelly, P.C.
484 Main Street, Suite 560
Worcester, MA  01608
VIA FACSIMILE: 508-791-2652

RE:   *The Fireman's Fund Ins. Co. v. Falco Construction Corp., et al*
       Civil Action No.: 05-10827DPW

Dear Counsel:

        Please note, the Plaintiff has designated Eric Schwalbach as the individual
most knowledgeable about the underlying loss. Mr. Schwalbach is the primary
adjuster on the file and continues to work on the file today. However, the
parameters of the Rule 30(b)(6) notice are significantly broader than Mr.
Schwalbach is competent to testify. I have provided each of you with a complete

copy of the non-privileged portions of the adjustment file to which Mr. Schwalbach will be able to testify. No representative of the Plaintiff was directly involved in the subrogation investigation of the loss, or its subsequent referral for litigation. This was handled by Craig Insurance Services. As such, please find the enclosed objection to portions of the request for production appended to the deposition notice.

    Please let me know if you have any questions or comments.

                                                Sincerely,

                                                Erik Loftus

EL/kmk
Enclosure
PAVIA/counsel2-8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------X

FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA                       CIVIL ACTION NO.
77 San Marin Drive                               **05-cv-10827-DPW**
Novado, California

                              Plaintiff,

              VS

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                      Defendants

              VS

HEATMASTER, INC.

                      Third Party
                      Defendant           February 6, 2006

-------------------------------------------------------------X

### PLAINTIFF'S OBJECTION TO REQUESTS FOR PRODUCTION

        Pursuant to Federal Rule of Civil Procedure 34, the Plaintiff herein,
Fireman's Fund Insurance Company, hereby gives notice that of the following
objections to Requests for Production numbered 3, 4, 6, 11, 12, 17, and 18, as
found appended to Defendant Falco Construction Corp.'s Rule 30(b)(6) Notice of
Deposition dated December 28, 2005.

### Request for Production No. 3
All reports prepared by an expert retained by or on behalf of Plaintiff to serve as
an expert witness at the trial of this action arising out of the alleged incident.

### Objection
**The Plaintiff objects to this request as it seeks information protected by the
attorney work product rule, attorney client privilege, and as materials
prepared in anticipation of litigation. Furthermore, the Plaintiff has not
designated which expert(s) it intends to use at trial. Disclosure will be
made in accordance with the Court's scheduling order.**

**Request for Production No. 4**
Copies of the resume and curriculum vitae of each person whom the Plaintiff
expects to call as an expert witness at the trial of this action.

**Objection**
**The Plaintiff objects to this request as it seeks information protected by the
attorney work product rule, attorney client privilege, and as materials
prepared in anticipation of litigation. Furthermore, the Plaintiff has not
designated which expert(s) it intends to use at trial. Disclosure will be
made in accordance with the Court's scheduling order.**

**Request for Production No. 6**
All contracts or agreements between the Plaintiff's subrogor and any other
person or company concerning construction work performed at the subject
premises identified in the Plaintiff's Complaint.

**Objection**
**The Plaintiff objects to this request as it seeks documents which are in the
control of the Defendants to this action and have not, as of yet, been
provided to the Plaintiff. The requested documents can be provided by the
defendants with substantially greater facility than it could otherwise be
obtained by the Plaintiff.**

**Request for Production No. 11**
All documents relating to any claim that the injuries and/or damages complained
of in the Plaintiff's Complaint were caused by the negligence of any person or
entity.

**Objection**
**The Plaintiff objects to this request as it seeks the mental impressions of
Plaintiff's counsel. Furthermore this information protected by the attorney
work product rule, attorney client privilege, and as materials prepared in
anticipation of litigation.**

**Request for Production No. 12**
All written or other documentary evidence which tends to show that the conduct,
by act or omission, of some third person or persons, caused or contributed to the
incident which forms the subject matter of this Complaint, including but not
limited to any and all letters, complaints, pleadings, notices or other documents
which refer to or reflect claims by the Plaintiff against anyone other that the
defendants identified in this litigation for compensation or damages as a result of
this incident.

Objection
**The Plaintiff objects to this request as it seeks the mental impressions of
Plaintiff's counsel.  Furthermore this information protected by the attorney
work product rule, attorney client privilege, and as materials prepared in
anticipation of litigation.**

Request for Production No. 17
Any and all documentary evidence which tends to exonerate or exculpate Falco
in this matter.

Objection
**The Plaintiff objects to this request as it seeks the mental impressions of
Plaintiff's counsel.  Furthermore this information protected by the attorney
work product rule, attorney client privilege, and as materials prepared in
anticipation of litigation.**

Request for Production No. 18
All reports or other documents prepared as a result of each investigation made
by or on behalf of Plaintiff, concerning the cause, origin, spread, or suppression
of the subject fire, or damages caused by the fire.

Objection
**The Plaintiff objects to this request as it seeks information protected by the
attorney work product rule, attorney client privilege, and as materials
prepared in anticipation of litigation.**

By: _____

Erik Loftus, Esq.
Law Offices of Stuart G.
   Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
Tel. 860-292-1116
Juris No. 413638

## CERTIFICATION

I hereby certify that a copy of PLAINTIFF'S OBJECTIONS TO REQUESTS FOR PRODUCTION has been sent via facsimile on the 6th day of February, 2006 to the following:

Robert P. Turner, Esq.
Law Offices of Bruce R. Fox
27 B Midstate Office Park
Auburn, MA 01501
(Michael Carresi dba Carressi
Plumbing & Heating)
FACSIMILE: 508-832-5716

William Joseph Flanagan, Esq.
Curtis L. S. Carpenter, Esq.
Morrison & Mahoney, LLP
250 Summer Street
Boston, MA 02210
(P & D Builders, Inc.)
FACSIMILE: 617-342-4841

David J. Crowley, Esq.
Patricia A. Larkin, Esq.
John F. Toomey, Esq.
Toomey & Yudysky LLP
99 Summer Street
Boston, MA 02110
(Falco Construction Corp.)
FACSIMILE: 617-946-0989

David F. Hassett, Esq.
Scott T. Ober, Esq.
Hassett & Donnelly, P.C.
484 Main Street, Suite 560
Worcester, MA 01608
(Heatmaster, Inc., Third party Defendant)
FACSIMILE: 508-791-2652

Erik Loftus, Esq.