UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE ) <br> COMPANY as subrogee of JULIA PAVIA ) <br> 77 San Marin Drive Novado, California, ) <br>     Plaintiff ) <br> ) <br> VS. ) <br> ) <br> FALCO CONSTRUCTION CORP., ) <br> P & D BUILDERS, INC. and ) <br> MICHAEL CARRESI d/b/a ) <br> CARRESI PLUMBING & HEATING, ) <br>     Defendants ) <br> ) <br> and ) <br> ) <br> P&D BUILDERS, INC., ) <br>     Third-Party Plaintiff ) <br> ) <br> VS. ) <br> ) <br> HEATMASTER, INC., ) <br>     Third-Party Defendant ) | CIVIL ACTION <br> NO. 05-cv-10827-DPW |

**JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER**

Now come the parties to the above-captioned matter and respectfully request that this Honorable Court modify the dates outlined in the Court's order dated October 10, 2005.

As grounds therefore, the parties state the following:

1. This subrogation action arises out of a fire loss that occurred on January 26, 2004 at a residence located at 104 Hammondswood Road, Newton, Massachusetts (hereinafter "subject premises").

2. Prior to the alleged fire, the defendants, P&D Builders, Inc. (hereinafter "P&D"), Falco Construction Corp. (hereinafter "Falco") and Michael Carresi d/b/a Carresi Plumbing & Heating (hereinafter "Mr. Carresi") performed construction work on an addition to the subject premises.

3. On or about April 25, 2005, the Plaintiff filed Complaint alleging that the defendants negligence and breach of contract caused damage to the subject premises.

4. On May 25, 2005, Mr. Carresi filed his Answer to the Plaintiff's Complaint denying the plaintiff's allegations. On June 23, 2005, P&D filed its Answer to the Plaintiff's Complaint denying the plaintiff's allegations. On July 8, 2005, Falco filed its Answer to Plaintiff's Complaint denying the plaintiff's allegations.

5. In turn, P&D filed Third-Party Complaint against third-party defendant, Heatmaster, Inc. (hereinafter "Heatmaster") alleging that Heatmaster's breach of the implied warranty of merchantability and fitness, breach of express warranty and negligence entitled P&D to contribution and indemnification. On October 7, 2005, Heatmaster filed its Answer denying P&D allegations.

6. To date, the parties have not yet had an opportunity to complete the fact depositions and discovery disclosures due to the parties' and counsel's scheduling conflicts.

7. However, the parties are prepared to proceed with discovery and several depositions have been noticed for February and March 2006.

8. When the original Scheduling Order was issued by the Court, the third-party defendant, Heatmaster, Inc., had not been added as a party. While the Scheduling Order included scheduling deadlines for identifying experts by the plaintiff and the defendants (March 31, 2006 and April 28, 2006, respectively, it did not provide for the identification of the third party defendant's experts. The proposed modification to the Scheduling Order includes an appropriate deadline for the disclosure of the third party defendant's experts.

9.      Accordingly, the parties request that the Court modify the dates outlined in the Court's Order of October 10, 2005. Specifically the parties respectfully suggest the following modifications:

(1)     Fact depositions shall be completed by April 3, 2006.

(2)     Disclosures of the plaintiff's experts pursuant to FRCP 26 shall be provided no later than May 1, 2006.

(3)     Disclosure of the defendants' experts pursuant to FRCP 26 shall be provided no later than June 1, 2006

(4).    Disclosure of the third-party defendant's experts pursuant to FRCP shall be provided no later than July 1, 2006.

(5)     Expert depositions shall be completed by October 1, 2006.

(6).    Motions for summary judgments shall be filed by November 1, 2006.

10.     None of the parties will be prejudiced by the allowance of this joint motion.

11.     The allowance of this Motion will promote judicial economy by permitting the parties an opportunity to narrow the issues for trial and make an informed decision with respect to a potential extrajudicial resolution of this matter.

WHEREFORE, the parties in the above-captioned matter request that this Honorable Court modify the dates outlined in the Court's order of October 10, 2005.

Respectfully submitted,  
The Plaintiff,  
By its Attorneys,

/s/ Stuart G. Blackburn  
Stuart G. Blackburn, BBO#549797  
Eric Loftus, BBO#  
LAW OFFICES OF  
STUART G. BLACKBURN  
Two Concorde Way  
PO Box 68  
Windsor Lockes, CT 06096  
(860)292-1116

Respectfully submitted,  
The Defendant,  
Michael Carresi,  
d/b/a Carresi Plumbing & Heating,  
By its Attorney,

/s/Robert P. Turner  
Robert P. Turner, BBO#  
LAW OFFICES OF  
BRUCE R. FOX  
27B Midstate Drive  
Auburn, MA 01501  
(508) 832-5716

Respectfully submitted,  
The Third-Party Defendant,  
Heatmaster, Inc.,  
By its Attorney,

  /s/ Scott Ober  
Scott T. Ober, BBO #567666  
HASSETT & DONNELLY, PC  
484 Main Street, Suite 560  
Worcester, MA 01608  
(508) 791-6287

Dated:    March 3, 2006  
DC  69918.1  3/3/06

Respectfully submitted,  
The Defendant,  
Falco Construction Corp.,  
By its Attorneys,

/s/ David J. Crowley  
John F. Toomey, BBO # 500160  
David J. Crowley, BBO # 630169  
TOOMEY & YUDYSKY LLP  
99 Summer Street  
Boston, MA 02110  
(617) 946-0930  
tylawyers@tyllp.com

Respectfully submitted,  
The Defendant,  
P&D Builders, Inc.,  
By its Attorneys,

/s/ William J. Flanagan  
William J. Flanagan, BBO #  
Curtis LS Carpenter, BBO #  
MORRISON MAHONEY LLP  
250 Summer Street  
Boston, MA 02110  
(617) 342-4841

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 3, 2006.