UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE ) <br> COMPANY as subrogee of JULIA PAVIA ) <br> 77 San Marin Drive Novado, California, ) <br>       Plaintiff ) <br> ) <br> VS. ) <br> ) <br> FALCO CONSTRUCTION CORP., ) <br> P & D BUILDERS, INC. and ) <br> MICHAEL CARRESI d/b/a ) <br> CARRESI PLUMBING & HEATING, ) <br>       Defendants ) <br> ) <br> and ) <br> ) <br> P&D BUILDERS, INC., ) <br>       Third-Party Plaintiff ) <br> ) <br> VS. ) <br> ) <br> HEATMASTER, INC., ) <br>       Third-Party Defendant ) | CIVIL ACTION <br> NO. 05-cv-10827-DPW |

### DEFENDANTS' AND THIRD-PARTY-DEFENDANT'S JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER

Now come the defendants and third-party defendant to the above-captioned matter and respectfully request that this Honorable Court modify the dates for fact discovery, expert disclosures and expert depositions outlined in the Court's order dated March 7, 2006.

As grounds therefore, the parties state the following:

1.   This subrogation action arises out of a fire loss that occurred on January 26, 2004 at a residence located at 104 Hammondswood Road, Newton, Massachusetts (hereinafter "subject premises").

2.	Prior to the alleged fire, the defendants, P&D Builders, Inc. (hereinafter "P&D"), Falco Construction Corp. (hereinafter "Falco") and Michael Carresi d/b/a Carresi Plumbing & Heating (hereinafter "Mr. Carresi") performed construction work on an addition to the subject premises.

3.	On or about April 25, 2005, the plaintiff filed Complaint alleging that the defendant's negligence and breach of contract caused damage to the subject premises.

4.	On May 25, 2005, Mr. Carresi filed his Answer to the Plaintiff's Complaint denying the plaintiff's allegations.  On June 23, 2005, P&D filed its Answer to the Plaintiff's Complaint denying the plaintiff's allegations.  On July 8, 2005, Falco filed its Answer to Plaintiff's Complaint denying the plaintiff's allegations.

5.	In turn, P&D filed Third-Party Complaint against third-party defendant, Heatmaster, Inc. (hereinafter "Heatmaster") alleging that Heatmaster's breach of the implied warranty of merchantability and fitness, breach of express warranty and negligence entitled P&D to contribution and indemnification.  On October 7, 2005, Heatmaster filed its Answer denying P&D allegations.

6.	On February 8, 2006, the defendants' commenced the Rule 30(b)(6) Deposition of plaintiff's corporate designee.  Said deposition was suspended as the corporate designee failed to bring his entire claim file to the deposition.

7.	On March 7, 2006, the Court allowed the parties' Joint Motion to Modify Scheduling Order.

8.	On March 13, 2006, the Court denied Plaintiff's Motion for Protective Order, which sought to quash the Rule 30(b)(6) Deposition of Craig Insurance Services.

9.	On or about March 28, 2006, the plaintiff proposed suspending discovery and expert discovery in order mediate this matter.

10.     On May 10, 2006, the parties agreed to mediate this matter using Attorney Robert Larkin as the neutral. Mediation is presently scheduled for July 13, 2006.

11.     Although the parties have been working diligently on discovery, they have been unable to complete the Plaintiff's Rule 30(b)(6) Deposition and Craig Insurance Services' Rule 30(b)(6) Deposition due to scheduling conflicts.

12.     Additionally, the parties have agreed to hold further discovery in abeyance, pending mediation.

13.     Specifically, the plaintiff assented to additional time for fact discovery, including, but not limited to the plaintiff's Resumed Rule 30(b)(6) Deposition and the Rule 30(b)(6) Deposition of Craig IS, and to extend the other deadlines accordingly in exchange for the defendants agreement to attend non-binding mediation.

14.     Accordingly, the defendants and third-party defendant request that the Court modify the fact discovery date, expert disclosure date and expert discovery date outlined in the Court's Order of March 7, 2006. Specifically the parties respectfully suggest the following modifications:

    (1)     Fact depositions shall be completed by August 1, 2006.

    (2)     Disclosures of the defendants' experts pursuant to FRCP 26 shall be provided no later than September 1, 2006.

    (3)     Disclosure of the third-party defendant's experts pursuant to FRCP shall be provided no later than September 30, 2006.

    (4)     Expert depositions shall be completed by November 1, 2006.

    (5).    Motions for summary judgments shall be filed by November 15, 2006.

15.     None of the parties will be prejudiced by the allowance of this joint motion.

16. The allowance of this Motion will promote judicial economy by permitting the parties an opportunity to pursue an extrajudicial resolution of this matter.

WHEREFORE, the defendants and third-party defendant in the above-captioned matter request that this Honorable Court modify the dates for fact discovery, expert disclosures and expert depositions outlined in the Court's order dated March 7, 2006.

Respectfully submitted,
The Defendant,
Falco Construction Corp.,
By its Attorneys,


/s/ David J. Crowley
John F. Toomey, BBO # 500160
David J. Crowley, BBO # 630169
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA  02110
(617) 946-0930
tylawyers@tyllp.com

| | |
|---|---|
| Respectfully submitted,<br>The Defendant,<br>Michael Carresi,<br>d/b/a Carresi Plumbing & Heating,<br>By its Attorney, | Respectfully submitted,<br>The Defendant,<br>P&D Builders, Inc.,<br>By its Attorneys, |
| /s/Robert P. Turner<br>Robert P. Turner, BBO#<br>LAW OFFICES OF<br>BRUCE R. FOX<br>27B Midstate Drive<br>Auburn, MA  01501<br>(508) 832-5716 | /s/ William J. Flanagan<br>William J. Flanagan, BBO #<br>Curtis LS Carpenter, BBO #<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA  02110<br>(617) 342-4841 |

Respectfully submitted,
The Third-Party Defendant,
Heatmaster, Inc.,
By its Attorney,


__/s/ Scott Ober_____
Scott T. Ober, BBO #567666
HASSETT & DONNELLY, PC
484 Main Street, Suite 560
Worcester, MA  01608
(508) 791-6287

Dated: May 24, 2006


## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 24, 2006.


/s/  David J. Crowley

IT  72744.1  5/24/06