UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE ) <br> COMPANY as subrogee of JULIA PAVIA ) <br> 77 San Marin Drive Novado, California, ) <br>     Plaintiff ) <br> ) <br> VS. ) <br> ) <br> FALCO CONSTRUCTION CORP., ) <br> P & D BUILDERS, INC. and ) <br> MICHAEL CARRESI d/b/a ) <br> CARRESI PLUMBING & HEATING, ) <br>     Defendants ) <br> ) <br> VS. ) <br> ) <br> HEATMASTER, INC., ) <br>     Third-Party Defendant ) | CIVIL ACTION <br> NO. 05-cv-10827-DPW |

**DEFENDANT, FALCO CONSTRUCTION CORP.'S DISCLOSURE OF EXPERT WITNESS, RICHARD J. SPLAINE, M.E. , CFI PURSUANT TO FED.R.CIV.P. 26 (a)(2)(B)**

**1. Name and Address of Witness:**

Richard J. Splaine, M.E., CFI
Splaine Investigations, Inc.
14 North Hill Drive
N. Falmouth, MA 02556

**2. Subject Matter On Which Expert Is Expected To Testify:**

    Mr. Splaine is expected to testify concerning his opinions as to the cause and origin of the subject fire, as well as the parties responsible for causing the subject fire.

**3. Substance Of The Facts And Opinions To Which The Expert Is Expected To Testify:**

    Mr. Splaine is expected to testify that the subject fire was caused by the improper

construction of a gas log fireplace. He is further expected to testify that the general contractor for the project, P&D Builders; the licensed construction supervisor for the project, Paul Rothschild and the plumber who installed the gas log unit, Michael Carresi, are responsible for causing the subject fire. Also, Mr. Splaine is expected to testify that Joseph Falco, the masonry subcontractor for the fireplace brick work, is not responsible for the causing the subject fire. Lastly, Mr. Splaine is expected to testify that the plaintiff's insured's significant delay in reporting the fire to the Newton Fire Department allowed the fire to spread and cause further damage.

4. **Summary Of Grounds For Expert Opinion:**

Mr. Splaine's opinions are based on his review of the parties' discovery responses, expert disclosures, initial disclosures, depositions, photographs and reports as set forth in his initial and supplemental expert reports, as well as his education, training and experience. Mr. Splaine's *Curriculum Vitae*, fee schedule and testimony history are attached hereto and incorporated herein by reference.

                                                Respectfully submitted,
The Defendant,
Falco Construction Corp.,
By its Attorneys,

　　/s/ David J. Crowley　　　　　
John F. Toomey, BBO # 500160
David J. Crowley, BBO # 630169
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA  02110
(617) 946-0930
tylawyers@tyllp.com

Dated:  8/31/06

## **CERTIFICATE OF SERVICE**

     I, David J. Crowley, counsel for the Defendant, Falco Construction Corp., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Date: <u>8/31/06</u>                                        Attorney: <u>**/s/** David J. Crowley</u>

DC  75420.1  8/31/06

Splaine Investigations Inc.

14 North Hill Drive
N. Falmouth, Massachusetts 02556-2107
_____

Office 508-563-5845
FAX 508-563-3875
E-mail splaineinv@verizon.net

# CURRICULUM VITAE

Richard J. Splaine, M.E., C.F.I.
14 North Hill Drive
N. Falmouth, Massachusetts  02556

- **GENERAL EDUCATION**

Boston English High School 1958-1961

Franklin Institute of Technology - Design and Theory of Electricity 1966-1968

Peterson's School of Steam Engineering - Study of high pressure boilers 1968

South Easton Technical School - Electrical Theory and Code 1980

- **FIRE RELATED EDUCATION**

Bunker Hill Community College - Study of Fire Science and Building Construction 1975-1977

National Fire Academy - Fire/Arson Investigation 1983

National Fire Academy - Arson Detection 1983

Massachusetts Criminal Justice Program - Advanced Arson Detection 1984

Massachusetts Criminal Justice Program - Advance Evidence Photography 1984

Massachusetts State Police Academy - Bomb Investigation 1983

Boston Police Academy - Fire/General related laws 1984

Boston Police Academy - Weapons/Range Course 1984

Nikon School of Photography  1982

Hughes Institute of Continuing Education - Study of Ignition Cause and Investigation of Electrical Fires 1987

Attended Numerous Seminars on Fire Related Subjects

- **REGISTRATIONS**

Nationally Certified Fire Investigator - I.A.A.I.
Master Electrician - Commonwealth of Massachusetts
Journeyman Electrician - Commonwealth of Massachusetts
Private Detective (Licensed) - Commonwealth of Massachusetts
Steam Engineer/Fireman 2nd Class - Commonwealth of Massachusetts
Fire Protection/Fire Prevention Systems Installer - City of Boston
Emergency Medical Technician

- **EXPERIENCE**

United States Air Force 1961 - 1965 Veteran
Electrical Contractor 1968- 1982
Boston Fire Fighter 1974 - 1982
Boston Fire Investigation/Arson Unit - Inspector 1982 - 2002
Boston Fire Investigation/Arson Unit - Lieutenant/Inspector 1989  (Major Case Unit)
City of Boston Electrical Fire Cause Investigator 1986 - 2002
Lecturer on Fire Investigation and Fire Causes for the  following:
    National Fire Academy
    Boston Fire Department
    Massachusetts State Police Academy
    Massachusetts Criminal Justice Program
    International Association of Arson Investigator/Massachusetts Chapter
    St. Anselm's College/New Hampshire

- **COURT EXPERIENCE**

Qualified Expert Witness:  Fire Investigator, Electrical Fire Causes, Fire Related Incidents
    U.S. District, Suffolk, Essex, Worcester, Middlesex, Norfolk. Bristol,
    NH  Cheshire Superior
Numerous court appearances in Fire Investigation and Fire Code Violations

- **AFFILIATIONS**

International Association of Arson Investigators - Past President
National Fire Protection Association
Fire Marshals Associations of North America
Electrical Section/National Fire Protection Association
State of Massachusetts Chairperson - Certified Fire Investigator
Member of the National Fire Investigation Committee NFPA 1989
Seminar Coordinator - Boston Fire Department Seminar Program

# Splaine Investigations Inc.

14 North Hill Drive
N. Falmouth, Massachusetts 02556

Office: 508-563-6845
FAX: 508-563-3875
E-mail: splaineinv@verizon.net

August 14, 2006

David J. Crowley, Esquire
Toomey & Yudysky, LLP
99 Summer Street
Boston, Massachusetts 02110

    Re: Fireman's Fund v. Falco Construction Corp, Heatmaster Inc.
       U.S. District Court Civil Action N. 1:05-cv-10827-DPW
       Date of Loss: January 26, 2004

Dear Mr. Crowley:

Based on the data and information contained in the parties' discovery responses, disclosures and depositions, I have formed the following opinions concerning the fire which occurred on January 26, 2004 at the home of Julie Pavia, 104 Hammondswood Road, Newton, Massachusetts. It is my professional opinion that the cause of the referenced fire incident was due to lack of proper required permits, improper design, improper supervision, lack of inspections by the general contractor, improper testing and a significant delay in reporting the fire incident to the fire department. It is also my professional opinion that the masonry company, Falco Construction Corporation was not responsible for the ignition of the fire incident.

Information received reveals, that at an unspecified time early on Sunday, January 25, 2004 broken water pipes within the Pavia's home caused extensive water damage. Ms. Pavia turned on the gas-fired log in the second floor office fireplace to provide a source of heat. Ms. Pavia reportedly shut down the fireplace at noon on Sunday, January 25, 2004. Ms. Pavia reported that after she shut down the fireplace she smelled a smoke odor all day. She went to bed at approximately 11:30 PM on Sunday night. Ms. Pavia awoke at approximately 2:00 AM to a stronger smell of smoke and a room full of smoke. She opened two windows in the office and proceeded down the hall and opened up two more windows. She went back to bed but could not sleep, she got up again and searched for the source of smoke. At this time she went downstairs and heard the crackling of a fire in the family room ceiling. She went back upstairs and woke her daughters and got the pet animals together and evacuated the house. The time was approximately 3:20 AM. The Newton Fire Department was notified of the fire at approximately 3:24 AM.

Ms. Pavia was negligent in failing to notify the fire department in the incipient stages of the fire. Even after Ms. Pavia awoke to a room full of smoke and heard fire crackling in the walls she did

not call or have a neighbor call the fire department. Minutes are a life time in the propagation of fire, in this case it was hours from the first abnormality until the Fire Department was notified.

Additionally, the Newton Fire Department is equipped with a "Thermal Imaging Detector" that can detect fire behind walls or in ceilings. If notification of the fire detected was received at the first abnormality or even 15 to 30 minutes earlier the fire incident could have been reduced to minor damage and inconvenience. This fire incident was started from a pyrolysis of the floor joists between the first floor ceiling and the second floor. The fire burned in a smoldering mode for several hours and could have been detected and extinguished if the fire department received proper notification.

The installation of the gas fired fire place was installed without proper building permits that would have required a rough and finished inspection by the City of Newton building inspectors to examine the system and determine if it was safe and properly installed according to the current code requirements. Permits for both the building and plumbing excluded the instillation of the gas fire place system.

The general contractor of the remodeling project was P&D Builders Corporation, Phillip Rothschild. Mr. Rothschild hired, instructed, supervised, and profited from the sub contractors. P&D Builders was responsible for proper permitting, supplying proper plans and information regarding the requirements of the project to meet or exceed code requirements and was responsible to supervise the work performed by the sub contractors to ensure it meets the requirements of the remodeling project and code requirements.

The plumbing contractor, Michael Carresi, installed the gas-fired fire place log system. Mr. Carresi had the responsibility to obtain the proper plumbing/gas permits that would have initiated the City of Newton inspection process. The inspection process would have required both a rough and finished inspection to ensure that the fireplace gas fired system was properly installed according to the current codes. He also had the responsibility that after he connected the gas-fired system and lit the stove that he insured that it was safe to operate and was properly installed. Mr. Carresi did not do any testing to insure that the vent was properly installed or had a proper draft or review the operating instructions with the owner.

The masonry contractor, Falco Construction Corporation, Joseph Falco, did not receive any type of plan, diagram or an operating manual describing the installation of the fire place system. Mr. Falco installed the fire place brick work as instructed by the general contractor. Mr. Falco understood that the fire place was for a zero-clearance unit fireplace insert for decoration. The general contractor, P & D Builders constructed the wood frame work at the fire place location and instructed the sub contractors on the requirements needed for the fireplace portion of the project.

The information I considered in forming and reaching my opinions includes my background and experience, including my thirty plus years of building construction experience, fire suppression and investigation procedures, fire causation, as set forth in various accepted treatises used as guidelines in basic fire investigations, my general knowledge of fire behavior and my knowledge of the specific facts and product involved in this fire, our examination of the fire scene, my review of available documents and photographs, public and private investigation reports, plaintiff's expert disclosures and my review of the deposition testimony of, Phill Rothschild, Julia Pavia and Michael Carresi.

I will rely in support of my opinions on the above mentioned photographs, additional photographs depicting the fire scene, related reports, deposition testimony and the following list of treatises:

*National Electric Code*, Article 250, 600, National Fire Protection Association
*Kirk's Fire Investigation*, John D. DeHaan
*NFPA 921 Guide for Fire and Explosion Investigation*, National Fire Protection Association
*Ignition Handbook*, Vytenis Babrauskeas,
*Massachusetts plumbing code*
*Massachusetts building code*

Splaine Investigations Inc.

Richard J. Splaine, ME, CFI

Enclosures

# SPLAINE INVESTIGATIONS INC.
## Billing Rates

| Description | Rate/Hr |
|---|---|
| Professional Fire Origin Consultation | |
|    Forensic Electrical and Fire/Explosion Investigation | $ 175.00 |
|    Fire Code and Security Evaluations | |
| Courtroom and Deposition Appearance | $ 200.00 |

Fed. I.D. #04-3451736

Expenses related to the investigation are billed at the rate they are incurred
Additional Consultants will be approved by client and billed at their normal rate
Storage fees will be incurred on evidence ($ 25.00 each unit per month)
Time billed from portal to portal – 4 hour minimum
Retainer fee requirement $2000.00

**No retainer required for Insurance Companies**

# FOUR YEAR TRIAL TESTIMONY HISTORY OF RICHARD J. SPLAINE, M.E., C.F.I.

1. 2003  Amica Mutual Insurance Company, as subrogee of Larry and Phoebe Davidson v. Bolivair Plumbing, Inc. Norfolk Superior Court  Civil Action No. 2000-01395  Judge Donovan (plaintiff)

2. 2003 Amica Mutual Insurance Company and Trustees of the Thatchmont Condominium Trust v. Hewlett Packard Company Norfolk Superior Court Civil Action No.: 99-389  (plaintiff)

3  2004  Toast Master v. James & Phyllis Izzi, Cranston, R.I. Providence Rhode Island Federal Court  303 CV 00604JBA

4. 2005 Fire Incident – Frank's Italian Restaurant, Lake George, New York Stefenao and Maria Fasulo v. William Didio DOL:  May 19, 1998

5. 2006  Ruggiero Trustee of the Russet Realty Trust v. Federal Pacific 53 Exchange Street, Milford, Ma Middlesex Superior Court No. 01-0592

6. 2006  Broderick v. Croce Electric, Suffolk Superior Court

DC  75441.1  8/31/06

# FOUR YEAR DEPOSITION TESTIMONY HISTORY OF RICHARD J. SPLAINE, M.E., C.F.I.

1.  2003  Amica Mutual Insurance Company, Subrogee of Maryanne Gaquin v. Char-Broil, Division of W. C. Bradley Company
U. S. District Court, Civil Action No. 02 CV 10602.

2. 2003 Trust Insurance Company as Subrogee of Barbara Hickey v. John Toole.  Custom Remodeling and Restoration. David's floor Service, Inc. and Dang and Tran Floor Services
Middlesex Superior Court Civil Action No.: MICV200-03446

3. 2004 Allstate Insurance Co., et al v. Toastmaster, Inc. (Luce)
U.S. District Court Civil Action No. No. 303  CV 00604JBA

4.  2005 D.J. Reardaon co. Inc., Merrimack Valley Distributing Co. Inc. v. Everbrite, Inc.
Middlesex Superior Court No. 01-3683

5.  2005 Pacific Indemnity Co. et al v. Boston Water & Sewer Commission, et al v. Energy Management and Control Co., Suffolk Superior Court C. A. No. 01-03156-F and consolidated actions

DC   75440.1  8/31/06