UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA,<br>        Plaintiff,<br><br>v.<br><br>FALCO CONSTRUCTION CORP., P&D BUILDERS, INC., and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING.<br>        Defendants,<br><br>v.<br><br>HEATMASTER, INC.<br>        Third-Party-Defendant. | CIVIL ACTION NO.: 05-10827DPW |

**DEFENDANT, P & D BUILDERS, INC.'S DISCLOSURE OF EXPERT WITNESS, FARISH HEMEON, PURSUANT TO FED.R.CIV.P. 26(a)(2)(B)**

1. **Name and Address of Witness:**

    Mr. Farish Hemeon
    Eastern Adjustment Company
    P.O. Box 445
    282 Perkins Row
    Topsfield, MA 01983

2. **Subject Matter on Which Expert is Expected to Testify:**

    Mr. Hemeon is expected to testify concerning his opinions as to the nature and monetary value of the damages allegedly sustain by the plaintiff has a result of the subject fire. He further expected to testify to proper claim handling practices and the plaintiff's failure to observe such practices in the adjustment of the subrogor's claims. Finally, Mr. Hemeon is expected to testify to the depreciated value of the losses sustained by the plaintiff.

3. **Substance of the Facts and Opinions to Which the Expert is Expected to Testify:**

    Mr. Hemeon is expected to testify that the subject insurance claim had the makings of a "runaway" from the start, with the builder commencing with repairs on a time and expense basis

at a pace faster than the adjusters could keep up with. He is further expected to testify that the file was further complicated by the presence of two Public Adjusters retained by Ms. Pavia who did not seem to be in control of the claim and were merely acting as bill collectors for whatever Ms. Pavia sent them. According to Mr. Hemeon, this resulted in a multitude of paper with piecemeal submissions on building and contents as the repairs progressed on each item.

Mr. Hemeon is expected to testify that Fireman's Fund total payment on the dwelling amounted to $486,135.32, including both the fire damage and the water damage from the previous freeze-up. He is further expected to testify that there is $10,086.00 is payments that are unexplained by the files.

Mr. Hemeon is expected to testify that there was no demonstration of depreciation in the dwelling claim, which good claim handling practice says should be done when subrogation is a factor. Mr. Hemeon is expected to testify that, in his expert opinion, the dwelling repair portion of the plaintiff's claim should be reduced by 10% for depreciation.

Mr. Hemeon is expected to testify that the contents portion of the plaintiff's claim is inflated by $22,650.00 for itemed that belonged with the water damage and freeze up claim. He is further expected to testify that the contents records have great overlap and do not clearly establish how the final total payment of $425,000.00 was arrived at. Again, Mr. Hemeon is expected to testify that the plaintiff, Fireman's Fund, made no effort to account for depreciation throughout their handling of the contents portion of the claim. Mr. Hemeon is expected to testify that, in his expert opinion, the plaintiff's content claim, repairs to antiques excepted, should be reduced by 22% for depreciation.

Mr. Hemeon is expected to testify that, for the foregoing reasons, the actual cash value of the plaintiff's loss should be reduced to $709,437.57, a difference of $243,865.59.

998305v1

4.      **Summary of Grounds for Expert Opinion:**

Mr. Hemeon's opinions are based on his review of the parties' document responses, deposition testimony, answers to interrogatories, photographs, as well has his education, training and experience, and his inspection of the Pavia residence. Mr. Hemeon's curriculum vitae is attached hereto and incorporated herein by reference.

`

Respectfully submitted,
The Defendant/Third-Party plaintiff,
P&D Builders, Inc.,
By its attorneys,

/s/ *Curtis L.S. Carpenter*
_____
William Joseph Flanagan, BBO #556598
Curtis L.S. Carpenter, BBO #657358
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 6, 2006.

/s/ *Curtis L.S. Carpenter*
_____
Name, BBO No. 657358

998305v1



# EASTERN ADJUSTMENT COMPANY, INC.
282 PERKINS ROW • TOPSFIELD, MA 01983
Mailing Address: P.O. BOX 445 • TOPSFIELD, MA 01983
Telephone: (978) 887-5858 • Fax (978) 887-8081

*Multiple Line Adjusters, Surveyors & Appraisers*

August 30, 2006

Mr. Curtis L.S. Carpenter
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181

Re: **Firemans' Fund Ins. Co. a/s/o Julia Pavia vs. Falco Construction Corp.,
P & D Builders, Inc, and Carresi Plumbing & Heating v. Heatmaster, Inc.**
Date of Claim: January 26, 2004 Fire damage
Our File: T 7546
Your File No: 10018865

Dear Mr. Carpenter,

I have reviewed the latest claim file records sent on August 7, 2006 along with the records sent on May 4, 2006. The latest batch of documents helps a lot clearing up the loss details.

The focus of my review has been on the dollar expenditures to determine what the actual loss is. The file from the start had the makings of a 'runaway' with the builder, P & D, commencing with repairs on a time and expense basis. The file was further complicated by the presence of two Public Adjusters that Ms. Pavia ultimately fired for what she called improper handling of her claim. Overall, the Public Adjusters involved did not seem to be in control and were merely acting as bill collectors for whatever Ms. Pavia sent them. This resulted in a multitude of paper with piecemeal submissions on building and contents as the repairs progressed on each item.

To Ms. Pavia's credit, I think she tried to start repairs promptly, and with a builder ready in the wings, repairs proceeded at a pace faster than the adjusters could keep up with.

From my review, it appears that Fireman's Fund total payment on the dwelling amounted to $486,135.32. This is broken down in my summary page and it includes both the fire damage and the water damage from the freeze-up. There is $10,086.00 that is un-explained by the files. The $486,135.32 includes the damage to the front vestibule which was investigated and paid later in the year after an engineering firm confirmed that it was fire related. The vestibule damage was agreed at $75,000.00.

It also appears that the Fireman's Fund adjuster based this settlement on Mancuso Associates estimate of $317,707.47 for fire related repairs. The remainder, $178,613.85 estimated by Mancuso Associates related to the water damage and freeze up repairs.

Page –2–
Curtis L.S. Carpenter

There has been no demonstration of depreciation in the dwelling claim which should be an exercise if subrogation is a factor. Our inspection of the Pavia house found it in excellent repair and Ms. Pavia indicated she had made extensive repairs to the house and at least on a cosmetic nature this would limit the amount of depreciation one could apply. I have applied 10% as a depreciation factor which reduces Mancuso's repair cost to $285,936.73. I applied the same depreciation factor to the vestibule.

The contents claim paid by Firemans' Fund from their statement of loss amounts to $425,000.00. Of this, I found $22,650.00 that belonged with the water damage and freeze up claim and I deducted this. The contents records have great overlap and I have not yet found the final record to indicate where the $425,000.00 came from. For the time being, I will use this figure but depreciation was not applied on this part of the claim. This is a factor and I noted many items in the contents lists that should have depreciation. Repairs to antiques excepted, my estimate on depreciation is at 22% for an actual cash value of $313,833.00.

The summary shows a replacement value of $953,030.16 and an actual cash value loss of $709,437.57, a difference of $243,865.59.

I am enclosing an estimate of what the loss figures may be on an actual cash value basis.

If you have any questions, please call me.

Very truly yours,

*Farish B. Hemeon*
Farish B. Hemeon,
General Adjuster
Cc: file
    Cell: 508-328-1443

Regular mail and faxed to: 617-342-4841

Fireman's Fund Insurance Co. a/s/o/ Julia Pavia vs. Falco Construction Corp. etal
Date of Loss: January 26, 2004
Initial Review

| Dwelling Loss: | Repl. Cost | Depreciation estimate | Actual Cash Value |
|---|---|---|---|
| Fire repair | $317,707.47 | $31,770.74 | $285,936.73 |
| Water damage | $178,613.85 | | |
| Total | $496,221.32 | | |
| Paid by Fireman's Fund | $486,135.32 | | |
| Difference | $10,986.00 | | |
| Add Vestibule | | | $67,500.00 |
| | | | |
| Contents Loss | | | |
| Paid by Fireman's Fund | $425,000.00 | | |
| Deduct water loss est. | $22,650.00 | | |
| Actual Fire damage at R.C. | $402,350.00 | $88,517.00 | $313,833.00 |
| | | | |
| Additional Living Expense | $42,167.84 | | $42,167.84 |
| | | | |
| Totals | $953,303.16 | $120,287.74 | $709,437.57 |

Calculations on depreciation require further review for accurate depreciation. Some items totaling $58,000.00 were not replaced

## STATEMENT OF LOSS

Insured: __Julie Pavia__  Adjuster: __Eric Schwalbach__
Claim Number: __110-04-267142__  Date: __12-Dec-05__

**SUFFIX #1  BUILDING**  Coverage Amount: __$1,419,000.00__

Value: **

|  | Loss | Claim |
|---|---|---|
| Description: | Amount: | |
| Building Loss - Verified Spent Amount | $411,135.32 | |
| Additional Agreed Amount for Vestibule | $75,000.00 | |

Depreciation: _____

Total - Suffix #1    $ 486135.32

**Suffix #2  CONTENTS**  Coverage Amount: __$993,300.00__

Value: **

Description:
Contents Inventory - Revised and Agreed     Amount: $425,000.00

Depreciation: _____

Total - Suffix # 2    $ 425000.00

**Suffix #3  ALE**  Coverage Amount: _____

Value: **

Description:
ALE     Amount: $42,167.84

Total - Suffix # 3    $ 42167.84

| Total Payable: | $ 953303.16 | Total 1 + 2 + 3 | $ 953303.16 |
|---|---|---|---|
| Less Prior Payments: | 5622,607.47 | Total Claim | $ 953303.16 |
| Net Due: | $ 330695.69 | Less Depreciation Suffix 1 | |
|  |  | Less Depreciation Suffix 2 | |
| **PAYMENTS DUE:** |  | Subtotal | $ 953303.16 |
| Suffix 001 | $93,527.85 | Less Deductible | 0.00 |
| Suffix 002 | $120,000.00 | Total Payable | 953303.16 |
| Suffix 003 | $42,167.84 |  |  |
| TOTAL | $ 255695.69 | - TOTAL MUST MATCH NET DUE |  |

** Value at risk per agreement with insured for this loss only


EXHIBIT 10
SCHWALBACH
7/31/06

**Farish B. Hemeon**
282 Perkins Row, Topsfield, MA 01983
Tel: 978-887-4044/ Fax: 978-887-8081/ farishh@comcast.net

| | |
|---|---|
| Education: | Attended Boston University 1965-1966 |
| | Attended Fairleigh Dickenson 1969 |
| | |
| **Insurance Related** | |
| **Education:** | Basic, Intermediate and Advanced Fire Schools; Intermediate and Advanced Estimating, Business Interruption, Inland Marine, Wet Marine, Automobile appraisals, Antique Appraisals, Building Reproduction appraisals. Licensed Adjuster in MA and in NH for Property work. Active with continuing education seminars. |
| | |
| Experience: | Eastern Adjustment Co, Inc, |
| | Brockton, MA . |
| | General Adjuster |
| | 1983 to present |

- Handles large losses, personal lines and commercial
- Supervises staff
- Capable of estimating building losses of any size

GAB Business Services, Inc.
Parsippany, NJ
Adjuster and Manager
1967 to 1983

- Handled losses involving personal lines, commercial lines, and managed several offices in NJ, NY, RI and MA. Also performed marine surveys for many years In Boston. As a Senior Adjuster, handled large fire losses for various companies.
- Handled catastrophe losses in TX, FL, LA, NY