UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA, <br>           Plaintiff, <br><br> v. <br> FALCO CONSTRUCTION CORP., P&D BUILDERS, INC., and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING. <br>           Defendants, <br><br> v. <br> HEATMASTER, INC. <br>           Third-Party-Defendant. | CIVIL ACTION NO.:  05-10827DPW |

**DEFENDANT, P & D BUILDERS, INC.'S OPPOSITION TO THE PLAINTIFF'S MOTION TO PRECLUDE EXPERT WITNESS S.J. BONGIORNO, CFI**

    NOW COMES the defendant P&D Builders, Inc., which hereby states its opposition to the plaintiff's motion to preclude the defendant's expert witness, S.J. Bongiorno, CFI. As grounds for this opposition, the defendant states that its delay in disclosing a cause and origin expert was as result of the untimely death of its original expert, Kevin Ord, CFI. Moreover, the defendant's delay is harmless as the plaintiff continues to have opportunity to depose Mr. Bongiorno. Finally, Mr. Bongiorno's opinions differ little from those expressed by the other experts disclosed by the parties in this action.

    As further grounds for its opposition, the defendant states as follows:

    1.    This is a subrogation action arising out of a fire alleged to have occurred on January 26, 2004 at the home of the plaintiff's subrogee, Julie Pavia, at 104 Hammondswood Road, Newton, Massachusetts (hereinafter called "the property").

2. The plaintiff, Fireman's Fund Insurance Company, alleges that, prior to January 26, 2004, the defendant, P&D Builders, Inc., performed extensive renovations to the property including the installation of a fireplace.

3. The plaintiff alleges that during the course of those renovations the defendant, P&D Builders, Inc., acted as the general contractor, the defendant Falco Construction constructed a masonry fireplace, and the defendant Michael Carresi installed a gas log appliance in the fireplace.

4. The plaintiff alleges that the work performed by the defendants was done in a negligent manner, and that the subject fire on the property occurred as a direct result of this negligence.

5. On September 29, 2006, counsel for the defendant, P&D Builders, Inc., filed an expert disclosure for Certified Fire Investigator, S.J. Bongiorno. Attached to this disclosure was Mr. Bongiorno's expert report, along with his curriculum vitae and testimony history.

6. The defendant acknowledges that its filing was late under the Modified Scheduling Order in this matter. That Order, entering on June 5, 2006, set a deadline of September 1, 2006 as the date for the defendants' disclosure of expert witnesses. However, contrary to the plaintiff's contention, the defendant's delay was "substantially justified" and "harmless." See Lohnnes v. Level 3 Communications, Inc., 272 F.3d 49, 60 (1st Cir. 2001).

7. The defendant's delayed disclosure is "substantially justified" due to the untimely death of the defendant's original cause and origin expert. Prior to this matter being put into litigation, the parties to this action were given opportunity to inspect the property and determine the cause and origin of the subject fire for themselves. Kevin Ord, CFI, represented defendant P&D Builders at this inspection. However, subsequent to this inspection, Mr. Ord died. While

1000524v1

Mr. Ord died in October of 2005, counsel for the defendant did not become aware of this fact until he attempted to contact him many months later when preparing expert disclosures. The defendant's delay in disclosing a cause and origin expert was created by the need to retain a new expert.

8.  The defendant's delayed disclosure is "harmless." According to the Modified Scheduling Order, the deadline for completion of expert discovery is November 1, 2006. Consequently, the plaintiff continues to have ample opportunity to depose Mr. Bongiorno, if it felt it necessary to do so.

9.  Moreover, no surprise is created by the opinions expressed by Mr. Bongiorno, as they vary little from the opinions expressed by the plaintiff's own cause and origin expert. Mr. Bongiorno is expected to testify that the subject fire had its origin in the wooden sub-flooring beneath the fireplace hearth and appeared to be the result of conducted heat from the gas fire log set down through the one layer of brick and layer of cement board. See Attachment A, Defendant's Expert Disclosure for S.J. Bongiorno, CFI. The plaintiff's own expert, Jeffrey Lowe, CFI, is expected to testify similarly that the origin of the subject fire was "in the floor construction directly below the gas log fireplace in the second floor officer at the premises." See Attachment B, Plaintiff's Disclosure of Expert Witness Jeffrey Lowe, CFI. Mr. Lowe is further expected to testify that the cause of the subject fire was "the accidental ignition of the combustible floor construction due to heat conducting down through the masonry floor of the fireplace and igniting the plywood and joists." See id.

10. In fact, the only finding presented by Mr. Bongiorno's expected testimony that differs from the plaintiff's own expert, is Mr. Bongiorno's opinion that Ms. Pavia's failure to notify the fire department at the first indications of an order of smoke was a significant factor

3

effecting the growth and development of the fire. See Attachment A. However, this opinion is by no means new to the plaintiff. Defendant Falco Construction Corp.'s expert Richard Splaine, CFI, disclosed an identical opinion in his expert report. See Attachment C, Richard Splaine, CFI's Expert report.

      For the above-discussed reasons, the defendant, P&D Builder's Inc., respectfully requests that the plaintiff's motion to preclude be denied.

Respectfully submitted,
The Defendant/Third-Party plaintiff,
P&D Builders, Inc.,
By its attorneys,

/s/ *Curtis L.S. Carpenter*

_____
William Joseph Flanagan, BBO #556598
Curtis L.S. Carpenter, BBO #657358
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 10, 2006.

/s/ *Curtis L.S. Carpenter*
_____
Name, BBO No. 657358

1000524v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA, <br>     Plaintiff, <br><br> v. <br><br> FALCO CONSTRUCTION CORP., P&D BUILDERS, INC., and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING. <br>     Defendants, <br><br> v. <br><br> HEATMASTER, INC. <br>     Third-Party-Defendant. | CIVIL ACTION NO.: 05-10827DPW |

**DEFENDANT, P & D BUILDERS, INC.'S DISCLOSURE OF EXPERT WITNESS, S.J. BONGIORNO, CFI, PURSUANT TO FED.R.CIV.P. 26(a)(2)(B)**

1. **Name and Address of Witness:**

    Sebastian J. Bongiorno, CFI
    Gallagher Mahoney & Associates
    P.O. Box 645
    Scituate, MA 02066-0645

2. **Subject Matter on Which Expert is Expected to Testify:**

    Mr. Bongiorno is expected to testify concerning his opinions as to the cause and origin of the subject fire, as well as the identity of the party responsible for its growth and development, and resulting property damage.

3. **Substance of the Facts and Opinions to Which the Expert is Expected to Testify:**

    Mr. Bongiorno is expected to testify that the subject fire had its origin in the wooden sub-flooring beneath the fireplace hearth and appeared to be the result of conducted heat from the gas fire log set down through the one layer of brick and layer of cement board.

999932v1

He is further expected to testify that the plaintiff's insured's extended delay in reporting the fire to the Newton Fire Department allowed for the fire to smolder for an extended period of time. According to Mr. Bongiorno, if the fire department had been notified when the odor of smoke was first noticed it is more than likely that the fire would have been contained to the immediate area of origin. Mr. Bongiorno is expected to testify that Ms. Pavia's failure to notify the fire department at the first indications of an order of smoke was a significant factor effecting the growth and development of the fire and subsequent damage to the house.

4. **Summary of Grounds for Expert Opinion:**

Mr. Bongiorno's opinions are based on his review of the parties' document responses, expert disclosures, answers to interrogatories, photographs, as well has his education, training and experience. Mr. Bongiorno's opinions are further based on his review of records from an inspection of the Pavia residence conducted by the late Kevin Ord, CFI. Mr. Bongiorno's curriculum vitae and testimony history are attached hereto and incorporated herein by reference.

Respectfully submitted,
The Defendant/Third-Party plaintiff,
P&D Builders, Inc.,
By its attorneys,

/s/ *Curtis L.S. Carpenter*
_____
William Joseph Flanagan, BBO #556598
Curtis L.S. Carpenter, BBO #657358
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

2

999932v1

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 29, 2006.

/s/ *Curtis L.S. Carpenter*
_____
Name, BBO No. 657358

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------X

FIREMAN'S FUND INSURANCE COMPANY as
subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 DPW

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

APRIL 21, 2006

Defendants.
------------------------------------------------------------X

### PLAINTIFF FIREMAN'S FUND'S RULE 26(a)(2)(B) DISCLOSURE OF EXPERT WITNESS

**NAME AND ADDRESS OF WITNESS**

Jeffrey Lowe, CFI
Engineering and Fire Inspections
Boston Service Center – South
21 Father Devalles Blvd., Building B
Fall River, MA 02723

**SUBJECT MATTER ON WHICH THE EXPERT IS EXPECTED TO TESTIFY**

Mr. Lowe is expected to testify concerning his investigation and opinions regarding the cause and origin of the January 25, 2004 fire loss that occurred at the residence of Julia Pavia, located at 104 Hammondswood Road, Newton.

### THE SUBSTANCE OF THE FACTS AND OPINIONS TO WHICH THE EXPERT IS EXPECTED TO TESTIFY

Mr. Lowe is expected to testify that, based upon his investigation and inspection, the origin of the January 25, 2004 fire was in the floor construction directly below the gas log fireplace in the second floor office at the premises. Mr. Lowe is further expected to testify that the cause of the January 25, 2004 fire was the accidental ignition of the combustible floor construction due to heat conducting down through the masonry floor of the fireplace and igniting the plywood and joists. Mr. Lowe's further opinions are expressed in the attached report.

### SUMMARY OF THE GROUNDS FOR EXPERT'S OPINION

Mr. Lowe will testify based on his education and experience as a certified fire inspector, as well as his investigation and his inspections of the premises located at 104 Hammondswood Road, Newton. A list of Mr. Lowe's qualifications, fee schedule, and testimony history is attached. Mr. Lowe has no publications.

THE PLAINTIFF,

By: _____
Erik Loftus, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P. O. Box 608
Windsor Locks, CT 06096
860-292-1116
BBO# 656315

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed, first class mail, postage prepaid on the 21st day of April, 2006 to the following:

Robert P. Turner, Esq.
Law Offices of Bruce R. Fox
27 B Midstate Office Park
Auburn, MA 01501
(Michael Carresi dba Carressi Plumbing & Heating)

William Joseph Flanagan, Esq.
Curtis L. S. Carpenter, Esq.
Morrison & Mahoney, LLP
250 Summer Street
Boston, MA 02210
(P & D Builders, Inc.)

David J. Crowley, Esq.
Patricia A. Larkin, Esq.
John F. Toomey, Esq.
Toomey & Yudysky LLP
99 Summer Street
Boston, MA 02110
(Falco Construction Corp.)

David F. Hassett, Esq.
Scott T. Ober, Esq.
Hassett & Donnelly, P.C.
484 Main Street, Suite 560
Worcester, MA 01608
(Heatmaster, Inc., Third party Defendant)

_____
Erik Loftus, Esq.

## Splaine Investigations Inc.

14 North Hill Drive
N. Falmouth, Massachusetts 02556

Office: 508-563-6845
FAX: 508-563-3875
E-mail: splaineinv@verizon.net

August 14, 2006

David J. Crowley, Esquire
Toomey & Yudysky, LLP
99 Summer Street
Boston, Massachusetts 02110

      Re: Fireman's Fund v. Falco Construction Corp, Heatmaster Inc.
          U.S. District Court Civil Action N. 1:05-cv-10827-DPW
          Date of Loss: January 26, 2004

Dear Mr. Crowley:

Based on the data and information contained in the parties' discovery responses, disclosures and depositions, I have formed the following opinions concerning the fire which occurred on January 26, 2004 at the home of Julie Pavia, 104 Hammondswood Road, Newton, Massachusetts. It is my professional opinion that the cause of the referenced fire incident was due to lack of proper required permits, improper design, improper supervision, lack of inspections by the general contractor, improper testing and a significant delay in reporting the fire incident to the fire department. It is also my professional opinion that the masonry company, Falco Construction Corporation was not responsible for the ignition of the fire incident.

Information received reveals, that at an unspecified time early on Sunday, January 25, 2004 broken water pipes within the Pavla's home caused extensive water damage. Ms. Pavia turned on the gas-fired log in the second floor office fireplace to provide a source of heat. Ms. Pavia reportedly shut down the fireplace at noon on Sunday, January 25, 2004. Ms. Pavia reported that after she shut down the fireplace she smelled a smoke odor all day. She went to bed at approximately 11:30 PM on Sunday night. Ms. Pavia awoke at approximately 2:00 AM to a stronger smell of smoke and a room full of smoke. She opened two windows in the office and proceeded down the hall and opened up two more windows. She went back to bed but could not sleep, she got up again and searched for the source of smoke. At this time she went downstairs and heard the crackling of a fire in the family room ceiling. She went back upstairs and woke her daughters and got the pet animals together and evacuated the house. The time was approximately 3:20 AM. The Newton Fire Department was notified of the fire at approximately 3:24 AM.

Ms. Pavia was negligent in failing to notify the fire department in the incipient stages of the fire. Even after Ms. Pavia awoke to a room full of smoke and heard fire crackling in the walls she did

not call or have a neighbor call the fire department. Minutes are a life time in the propagation of fire, in this case it was hours from the first abnormality until the Fire Department was notified.

Additionally, the Newton Fire Department is equipped with a "Thermal Imaging Detector" that can detect fire behind walls or in ceilings. If notification of the fire detected was received at the first abnormality or even 15 to 30 minutes earlier the fire incident could have been reduced to minor damage and inconvenience. This fire incident was started from a pyrolysis of the floor joists between the first floor ceiling and the second floor. The fire burned in a smoldering mode for several hours and could have been detected and extinguished if the fire department received proper notification.

The installation of the gas fired fire place was installed without proper building permits that would have required a rough and finished inspection by the City of Newton building inspectors to examine the system and determine if it was safe and properly installed according to the current code requirements. Permits for both the building and plumbing excluded the instillation of the gas fire place system.

The general contractor of the remodeling project was P&D Builders Corporation, Phillip Rothschild. Mr. Rothschild hired, instructed, supervised, and profited from the sub contractors. P&D Builders was responsible for proper permitting, supplying proper plans and information regarding the requirements of the project to meet or exceed code requirements and was responsible to supervise the work performed by the sub contractors to ensure it meets the requirements of the remodeling project and code requirements.

The plumbing contractor, Michael Carresi, installed the gas-fired fire place log system. Mr. Carresi had the responsibility to obtain the proper plumbing/gas permits that would have initiated the City of Newton inspection process. The inspection process would have required both a rough and finished inspection to ensure that the fireplace gas fired system was properly installed according to the current codes. He also had the responsibility that after he connected the gas-fired system and lit the stove that he insured that it was safe to operate and was properly installed. Mr. Carresi did not do any testing to insure that the vent was properly installed or had a proper draft or review the operating instructions with the owner.

The masonry contractor, Falco Construction Corporation, Joseph Falco, did not receive any type of plan, diagram or an operating manual describing the installation of the fire place system. Mr. Falco installed the fire place brick work as instructed by the general contractor. Mr. Falco understood that the fire place was for a zero-clearance unit fireplace insert for decoration. The general contractor, P & D Builders constructed the wood frame work at the fire place location and instructed the sub contractors on the requirements needed for the fireplace portion of the project.

The information I considered in forming and reaching my opinions includes my background and experience, including my thirty plus years of building construction experience, fire suppression and investigation procedures, fire causation, as set forth in various accepted treatises used as guidelines in basic fire investigations, my general knowledge of fire behavior and my knowledge of the specific facts and product involved in this fire, our examination of the fire scene, my review of available documents and photographs, public and private investigation reports, plaintiff's expert disclosures and my review of the deposition testimony of, Phill Rothschild, Julia Pavia and Michael Carresi.

I will rely in support of my opinions on the above mentioned photographs, additional photographs depicting the fire scene, related reports, deposition testimony and the following list of treatises:

*National Electric Code*, Article 250, 600, National Fire Protection Association
*Kirk's Fire Investigation*, John D. DeHaan
*NFPA 921 Guide for Fire and Explosion Investigation*, National Fire Protection Association
*Ignition Handbook*, Vytenis Babrauskas,
*Massachusett's plumbing code*
*Massachusett's building code*

Splaine Investigations Inc.

Richard J. Splaine, ME, CFI

Enclosures