UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE )<br>COMPANY as subrogee of JULIA PAVIA )<br>77 San Marin Drive Novado, California, )<br>    Plaintiff ) | CIVIL ACTION<br>NO. 05-cv-10827-DPW |
| VS. ) | |
| FALCO CONSTRUCTION CORP., )<br>P & D BUILDERS, INC. and )<br>MICHAEL CARRESI d/b/a )<br>    CARRESI PLUMBING & HEATING ) | |

**DEFENDANT/CROSS-CLAIM DEFENDANT, FALCO CONSTRUCTION CORP.'S MOTION FOR LEAVE TO FILE LATE MOTION FOR PARTIAL SUMMARY JUDGMENT ON CO-DEFENDANT/CROSS-CLAIM PLAINTIFF, P&D BUILDERS, INC.'S CROSS-CLAIM**

Now comes the Defendant, Falco Construction Corp. (hereinafter "Falco") by its counsel, and hereby files this Motion for Leave to File Late Motion for Partial Summary Judgment on Co-Defendant/Cross-claim Plaintiff, P&D Builders, Inc.'s (hereinafter "P&D") Cross-claim. A copy of Falco's Proposed Motion for Partial Summary Judgment and Memorandum of Law in Support are attached hereto.

As grounds therefore, Falco states as follows:

1. This subrogation action arises out of a fire loss that occurred on January 26, 2004 at a residence located at 104 Hammondswood Road, Newton, Massachusetts.

2. Prior to the alleged fire, the Defendants performed construction work on an addition to the subject premises.

3. On or about April 25, 2005, the Plaintiff filed its Complaint alleging that the Defendants' negligence and breach of contract caused damage to the subject premises. Specifically, the Plaintiff alleged that the Defendants installed a gas log fireplace unit in an

improperly constructed fireplace, which caused flammable materials beneath the fireplace to ignite. [See, Electronic Docket #1, Plaintiff's Complaint].

4. On or about June 23, 2005, P&D filed its Answer to Plaintiff's Complaint, which contained a Cross-claim against the Co-Defendants, Falco and Michael Carresi, for common law indemnification and contribution. [See, Electronic Docket #14, P&D's Answer and Cross-claim].

5. On July 8, 2005, Falco filed its Answer to the Plaintiff's Complaint.

6. Upon information and belief, P&D did not serve a copy of its Answer and Cross-Claim on Falco until January 11, 2007. [See, Exhibit No. 1, P&D's counsel's letter].

7. Although the Court's electronic docket indicates that P&D filed its Answer, it does not indicate that said Answer contains a Cross-claim. In addition, Falco has been unable to access P&D's Cross-claim online.

8. Moreover, P&D served Answers to Falco's Interrogatories on or about February 1, 2006.

9. Conspicuously absent from P&D's Answers to Falco's Interrogatories is any reference to or evidence to support its Cross-claim against Falco. [See, Exhibit No. 2, P&D's Answers to Falco's Interrogatories, Answer No. 15].

10. To the contrary, P&D's Answers to Falco's Interrogatories alleged that the subject damage was caused by the gas log manufacturer, Heatmaster, Inc.'s failure to adequately warn of the potential hazards associated with the use of its gas-fired log, and its failure to adequately describe the setting in which the gas log should be installed. Said Answers further alleged that the Plaintiff's insured's misuse of the gas-fired log unit contributed to

the alleged damage.  Lastly, P&D's Answers alleged that Newton Fire Department's fire suppression efforts contributed to the alleged damage.

11.	On December 7, 2006, the parties filed a Joint Status Report wherein P&D failed to note its Cross-claim against Falco.  [See, Electronic Docket #58, Joint Status Report].

12.	Further, there is no legal or factual basis for P&D's claim for indemnification against Falco.

13.	P&D's Cross-claim for indemnification is legally inadequate, as there is neither an express indemnification agreement between the parties, nor are there any unique special factors from which a contractual right of indemnity can be implied.  Moreover, a tort based right to indemnity is limited to those cases in which the would-be indemnitee is held derivatively or vicariously liable for the wrongful act of another, and therefore is only passively negligent.  Decker v. Black & Decker Mfg. Co., 389 Mass.  35, 40 (1983).

14.	In the present case, the Plaintiff alleges, *inter alia,* that P&D was negligent, in that it failed to properly frame the addition to accommodate a working fireplace and/or failed to properly construct the fireplace in accordance with the Massachusetts Building Code.  Clearly, the Plaintiff does not seek to hold P&D vicariously liable in this matter.

15.	In summary, P&D failed to serve Falco with a copy of its Cross-claim in a timely manner.  Falco had no notice that P&D had asserted a Cross-claim  Also, P&D has failed to adduce a scintilla of evidence that it is entitled to indemnification.

	WHEREFORE, Falco Construction Corp. respectfully requests that the Court allow Falco to file its Motion for Partial Summary Judgment late.

**REQUEST FOR ORAL ARGUMENT**

	Falco Construction Corp. respectfully requests oral argument on this Motion.

                Respectfully submitted,
                The Defendant,
                Falco Construction Corp.,
                By its Attorneys,


                /s/  John F. Toomey
                John F. Toomey, BBO # 500160
                David J. Crowley, BBO # 630169
                TOOMEY & YUDYSKY LLP
                99 Summer Street
                Boston, MA  02110
                (617) 946-0930
                tylawyers@tyllp.com

Dated: January 31, 2007


## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.


              /s/  John F. Toomey

DC  78926.1  1/31/07

# EXHIBIT NO. 1

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

William Joseph Flanagan
Direct Dial: 617-737-8829
Direct Fax: 617-342-4887
jflanagan@morrisonmahoney.com

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

CONNECTICUT
HARTFORD

ENGLAND
LONDON

NEW HAMPSHIRE
MANCHESTER

NEW JERSEY
PARSIPPANY

NEW YORK
NEW YORK

RHODE ISLAND
PROVIDENCE

January 11, 2007

Stuart G. Blackburn, Esq.
Erik Loftus, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096

Robert P. Turner, Esq.
Law Offices of Bruce R. Fox
27 B Midstate Office Park
Auburn, MA 01501

David J. Crowley, Esq.
Toomey & Yudysky LLP
99 Summer Street
Boston, MA 02110

Re: <u>Fireman's Fund Ins. Co. a/s/o Julia Pavia v. Falco Constr. Corp., P&D Builders, Inc. and Michael Carresi d/b/a Carresi Plumbing & Heating v. Heatmaster, Inc.</u>
Civil Action No.: 05-1-827DPW
Date of Loss: 01/26/04 Stuart G. Blackburn, Esq.
Claim No.: C004056JT
Our File No.: 10018865

Dear Counsel:

Following up on the mediation held with Chris Kauders on January 8, 2007, please be advised that Essex Insurance Company (insurer for P&D Builders) rejects the proposed $700,000 settlement that includes a separate settlement between the plaintiff and Falco Construction Corp., and an agreement to arbitrate the allocation of the balance between P&D Builders and Carresi Plumbing.

As I mentioned at the conclusion of the mediation, we have asserted a cross claim for indemnity against Falco Construction Corp. and Carresi Plumbing. Enclosed please find a copy

1195926v1

MORRISON MAHONEY LLP

Stuart G. Blackburn, Esq.
Erik Loftus, Esq.
Robert P. Turner, Esq.
David J. Crowley, Esq.
January 11, 2007
Page 2

of the answer and cross claim of defendant, P&D Builders, Inc. This pleading is listed as document number 14 on the Court's docket. Please note that any separate settlement between the plaintiff and either Falco Construction Corp. or Carresi Plumbing will result in a dismissal as to that defendant only if P&D Builders, Inc. so stipulates.

    Thank you for your attention to this matter.

Very truly yours,

William Joseph Flanagan

WJF/dc
cc:   Mr. Christopher Kauders

1195926v1

# EXHIBIT NO. 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE<br>COMPANY as subrogee of JULIA PAVIA,<br>Plaintiff,<br><br>v.<br><br>FALCO CONSTRUCTION CORP., P&D<br>BUILDERS, INC., and MICHAEL<br>CARRESI d/b/a CARRESI PLUMBING &<br>HEATING.<br>Defendants,<br><br>v.<br><br>HEATMASTER, INC.<br>Third-Party-Defendant. | CIVIL ACTION NO.: 05-10827DPW |

## DEFENDANT, P&D BUILDERS, INC.'S ANSWERS TO THE DEFENDANT, FALCO CONSTRUCTION CORP.'S FIRST SET OF INTERROGATORIES.

### INTERROGATORY NO. 1

Please identify the person answering these interrogatories, giving your full name, age, address, social security number, occupation, business address and business title.

### ANSWER NO. 1

| | |
|---|---|
| Name: | Philip Rothschild |
| Age: | 63 |
| Address: | 6 Water Street<br>E. Weymouth, MA 02189 |
| SS No.: | 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 |
| Occupation: | Contractor |
| Business Address: | 6 Water Street<br>E. Weymouth, MA 02189 |
| Business Title: | president/owner |

1159079v1

## ANSWER NO. 13

P&D Builders, Inc., hired Falco Construction to perform masonry work on the subject premises.

## INTERROGATORY NO. 14

Please describe in full and complete detail each and every contract and/or agreement and/or work order between P&D and the following entities relative to the subject premises:

a. Falco;

b. Julia Pavia; and

c. Michael Carresi d/b/a Carresi Plumbing & Heating

## ANSWER NO. 14

a. P&D Builders, Inc., hired Falco Construction to perform masonry work on the subject premises.

b. Julia Pavia retained P&D Builders, Inc., as a general contractor to perform construction services on the subject premises from approximately July 6, 2000 to December 14, 2001, and then again from shortly after the subject fire on January 26, 2004 until approximately February 2, 2005. For further details concerning the nature and scope of the work performed by P&D Builders, Inc., please refer to the documents produced by the defendant is response to Falco's request for production of documents.

c. P&D Builders, Inc., hired Michael Carresi, d/b/a Carresi Plumbing & Heating, to perform plumbing services on the subject premises.

## INTERROGATORY NO. 15

Please list all factors or events which P&D contends caused or contributed to the alleged incident(s).

## ANSWER NO. 15

The defendant objects to Interrogatory No. 15 to the extent that it calls for the mental impressions, conclusions, opinions or legal theories of an attorney or other representatives of a party concerning the litigation. In addition, said interrogatory is beyond the scope of discovery, as the defendant has no obligation to prove how the fire occurred, and the defendant has no personal knowledge of how the fire occurred. Notwithstanding and without waiving the objections, the defendant believes that the instructions and warnings that accompanied the gas log appliance installed on the subject premises, did not adequately warn of the potential hazards associated with the use of that product, and did not adequately describe the setting in which that product should be installed. Furthermore, the defendant believes that the plaintiff's subrogee, Julia Pavia, by leaving the gas log appliance on for an extended period of time, contributed the subject incident by using the product in a manner for which it was not intended. Finally, the

1159079v1

defendant further believes that fire suppression efforts on the Newton Fire Department contributed to the damages allegedly sustained at the subject premises.

1159079v1

The undersigned deposes and says that he is an agent of P&D Builders, Inc., named defendant in the above-captioned action, and that he signs the answers to the interrogatories for and on behalf of P&D Builders, Inc. and is authorized to do so; that the matters stated in the foregoing answers are not all within his personal knowledge and that he is informed that there is no officer or employee of said P&D who has personal knowledge of all such matters; that such facts as are stated in said answers which are not within the personal knowledge of the deponent have been assembled by authorized agents, employees and counsel of said defendant and the deponent is informed and believes that the facts stated in said answers are true and so states under the pains and penalties of perjury.

Signed under the pains and penalties of perjury this ___1st___ day of __February__, 200̶5̶. 6

P&D Builders, Inc.

BY: _____
Mr. Philip Rothschild

As to Objections:

_____
William Joseph Flanagan, BBO#556598
Curtis L.S. Carpenter, BBO#657358
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

1159079v1