IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY as
subrogee of JULIA PAVIA                           CIVIL ACTION NO.
77 San Marin Drive                                05-10827 (DPW)
Novado, California

                           Plaintiff,
         vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI                     MARCH 27, 2007
PLUMBING & HEATING

                           Defendants.
-------------------------------------------------------------X

## MEMORANDUM RE: PLAINTIFF'S VICARIOUS LIABILITY CLAIM AGAINST DEFENDANT P&D BUILDERS, INC.

Pursuant to the Court's order, issued during the March 14, 2007 hearing on Defendant Falco Construction's Motion for Summary Judgment, the Plaintiff hereby submits this memorandum outlining its basis for a vicarious liability claim as against Defendant P&D Builders, Inc.

As a general matter, the Plaintiff recognizes the established rule in Massachusetts that, as an employer of an independent contractor, P&D Builders would ordinarily not be liable for negligence of its subcontractor's. Santella v. Whynott, 27 Mass.App.Ct. 451, 453 (1989), citing Restatement (Second) of Torts § 409 (1964). However, case-law has developed a well-established exception to this rule; i.e., where the nature and

circumstances of the work to be performed are such that injury to others will probably result unless precautions are taken, the employer is answerable for the failure of an independent contractor to take such precautions." Whalen v. Shivek, 326 Mass. 142, 150 (1950). See also: Vertentes v. Barletta Co. 392 Mass. 165, 168 (1984); Restatement (Second) of Torts § 416 (1965) (activity "which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken.")

The activity complained of by the Plaintiff against all defendants is that they failed to properly install a fireplace in the home of Julia Pavia. As a result of the improper installation, the fireplace eventually caused a fire that caused significant property damage to the dwelling. The nature and circumstances of the construction of a fireplace are such that, if the construction is not properly performed, injury to persons or property will probably result. Therefore, the Plaintiff believes the improper construction of the fireplace fits within the exception noted in Whalen.

Furthermore, in Guiliana v. Penny, 1998 W.L. 1198695 (Mass. Super 1998, Borenstein J.) the court found that pursuant to M.G.L. c 142A, Section 9(c) a general contractor can be liable for its own negligence and that of its subcontractors. M.G.L. c 142A, regulates Home Improvement Contractors such as P&D Builders. M.G.L. c 142A 9(c) makes the home improvement contractor liable for "any violations of this chapter including actions by the registrant's employees, subcontractors or salespersons". M.G.L. c 142A, Section 17 prohibits a contractor or subcontractor from inter alia, violating the building laws of the Commonwealth. Therefore, if the jury were to find that the actions of the subcontractors in this case violated any building laws, P&D

Builders would be liable for those actions of the subcontractors pursuant to M.G.L c 142A, Section 9(c).

The evidence the Plaintiff intends to present at trial will show that the fireplace at the Plaintiff's insured's home was so poorly constructed that it could not reasonably be considered a fireplace at all under the building code; but merely a gas log assembly operating on an uninsulated floor with bricks surrounding it. The Plaintiff intends to present evidence and argue that P&D Builders was negligent for its role in designing and constructing the fireplace, failing to coordinate the actions of the various subcontractors, failing to adequately supervise their work and failing to exercise control over the project with reasonable care, See: Corsetti v. Stone Company, 396 Mass 1; 483 N.E. 2d 793 (1985). In the event the jury does not find that P&D Builders is negligent itself, the Plaintiff does intend to request a charge from the court that P&D Builders is vicariously liable for the negligence of its subcontractors based upon the rule set forth in Whalen and pursuant to M.G.L. c 142A, Section 9(c).

THE PLAINTIFF,

/s/ Stuart G. Blackburn, Esq.
Stuart G. Blackburn, Esq.
Law Offices of Stuart G. Blackburn
2 Concorde Way
P.O. Box 608
Windsor Locks, CT  06096
Tel. (860) 292-1116
Fax (860) 292-1221
BBO # 549797

Date: 03/27/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## CERTIFICATE OF SERVICE

-------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA                    CIVIL ACTION NO.
77 San Marin Drive                             05-10827 (DPW)
Novado, California

                  Plaintiff,
vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING                             March 27, 2007

                 Defendants.
-------------------------------------------------------------X

I hereby certify that on **March 27, 2007** a copy of foregoing **Memorandum Re: Plaintiff's Vicarious Liability Claim Against Defendant P&D Builders, Inc.** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

           /s/ Stuart G. Blackburn
           Stuart G. Blackburn (BBO# 549797)
           Law Offices of Stuart G. Blackburn
           Two Concorde Way
           P.O. Box 608
           Windsor Locks, CT 06096
           (860) 292-1116
           (860) 292-1221 facsimile
           sgblackburn@sbcglobal.net