UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| THE FIREMAN'S FUND INSURANCE | ) | |
| COMPANY as subrogee of JULIA PAVIA | ) | |
| 77 San Marin Drive Novado, California, | ) | |
|     Plaintiff | ) | CIVIL ACTION |
| | ) | NO. 05-cv-10827-DPW |
| VS. | ) | |
| | ) | |
| FALCO CONSTRUCTION CORP., | ) | |
| P & D BUILDERS, INC. and | ) | |
| MICHAEL CARRESI d/b/a | ) | |
| CARRESI PLUMBING & HEATING, | ) | |
|     Defendants | ) | |

**DEFENDANT/CROSS-CLAIM DEFENDANT, FALCO CONSTRUCTION
CORP.'S SUR-REPLY MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MEMORANDUM OF LAW-LEAVE TO FILE GRANTED ON APRIL 20, 2007**

Now comes the Defendant, Falco Construction Corp. (hereinafter "Falco") by its

counsel, and hereby files this Sur-Reply Memorandum in Opposition to Plaintiff's

Memorandum of Law.

As grounds therefore, Falco states as follows:

1.     On March 27, 2007, the Plaintiff filed a memorandum of law in support of its

allegation that, under Massachusetts law, a home improvement general contractor

can be found vicariously liable for its subcontractors' work.

2.     In support of its allegation, the Plaintiff relies on *Whalen v. Shivek,* 326 Mass. 142,

150 (1950).  This reliance is misplaced.

3.     Specifically, *Whalen* arose out of an injury to a subcontractor's employee during the

performance of inherently dangerous work.  Although no direct negligence was ever

proven against the defendant general contractor, the Court held that, in the context of

inherently dangerous construction work, the evidence was sufficient to hold the general contactor liable for an injury sustained by the subcontractor's employee.

4.     In the instant case, the Plaintiff alleges that the Defendants negligently constructed a fireplace which resulted in property damage, more than two years after the construction work was completed.  The Plaintiff does not allege strict liability of the general contractor based upon inherently dangerous work.  Clearly, the holding in *Whalen* is not applicable to allegations of ordinary negligence in a construction defect case involving the construction of a fireplace.  The fact that the negligent construction of a fireplace might cause a fire to ignite, thereby causing property damage, is insufficient to render applicable the holding in *Whalen*.

5.     Moreover, the Plaintiff relies on *Guliani v. Penny,* 1998 WL 1198695 (Mass.Super. 1998).  [See, Exhibit No. 1].

6.     First, *Guiliani* is a Superior Court case, and therefore the Court is not bound by said decision.  Falco is not aware of any appellate Court decisions that support the argument that a general contractor can be held vicariously liable for its subcontractor's negligence.

7.     Further, *Guiliani* was decided on the basis of contract law, and is not applicable to the instant case, wherein P&D alleges that it might be held vicariously liable for Falco's negligence.

8.     Moreover, the Court in *Guiliani* relied on Massachusetts G.L. c. 142A, section 9(c) for the proposition that home improvement contractors are "deemed jointly and severally liable for their own negligence and that of any subcontractor."

9.    However, G.L. c. 142A, section 9(c), states that a registered contractor "shall be

jointly and severally liable for", *inter alia,* "violations of any provision of this

chapter, including actions by the registrant's employee, subcontractors or

salespersons."

10.    Falco submits that the plain meaning of said statute indicates that it is not intended to

make the general contractor vicariously liable for the subcontractors' negligence.

11.    To the contrary, the statute merely re-states the well settled law in Massachusetts

that a general contractor is contractually obligated to complete the work for which

it contracted in a workmanlike manner.

12.    In addition, Falco submits that the undisputed facts of this case establish that P&D

was not passively negligent in the construction of the fireplace.  It was actively

involved in the design and construction of the subject fireplace.  P&D failed to

supervise and/or coordinate the work of the subcontractors that constructed the

fireplace.

13.    As the licensed construction supervisor for the project, P&D Builders' principal, Mr.

Rothschild, was responsible for ensuring that the fireplace was constructed in

accordance with the Massachusetts Building Code.  7*80 CMR* R 5.2.15.1

14.    Accordingly, P&D is not entitled to tort based common law indemnity as a matter of

law because it was actively negligent.  *Decker v. Black & Decker Mfg. Co.*, 389

Mass. 35, 40 (1983).

WHEREFORE, the Defendant/Cross-claim Plaintiff, Falco Construction Corp.,

requests that the Court enter partial summary judgment in its favor and dismiss Count I of

the Defendant/Cross-claim Plaintiff, P&D Builders, Inc.'s Cross-claim.

Respectfully submitted,
The Defendant,
Falco Construction Corp.,
By its Attorneys,


/s/  John F. Toomey
John F. Toomey, BBO # 500160
David J. Crowley, BBO # 630169
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA  02110
(617) 946-0930
tylawyers@tyllp.com

Dated: April 23, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.


/s/  John F. Toomey

DC  80699.1  4/23/07