**TOOMEY & YUDYSKY LLP**
Attorneys at Law
99 Summer Street
Boston, MA 02110

John F. Toomey
Clark W. Yudysky
Patricia A. Larkin                                   Telephone (617) 946-0930
Brian Doherty                                        Telecopier (617) 946-0989
David J. Crowley                                     E-mail: tylawyers@tyllp.com
Emily Lanza Dwyer
Catherine M. Gallagher
Harriet W. Albright

May 16, 2007

**VIA E-MAIL**

Stuart G. Blackburn, Esquire
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096

RE:  The Fireman's Fund Insurance Company
     as subrogee of Julia Pavia,
VS.  Falco Construction Corp., et al
VS.  Heatmaster, Inc.
     United States District Court for the District of Massachusetts
     Civil Action No. 05-10827 DPW
     **Our File No. 796**

Dear Attorney Blackburn:

    Pursuant to the Pre-Trial Order of the Court, please accept this correspondence as written notice of Defendant, Falco Construction Corp.'s ("Falco") intent to object to the admissibility of the following exhibits proposed by the Plaintiff in the above matter.

    **1. Estimates of Loss Prepared by Richard Mancuso**:

    Falco intends to object to the admissibility of Mr. Mancuso's estimates of loss, as they contain expert opinion and the Plaintiff failed to disclose Mr. Mancuso as an expert witness pursuant to Fed.R.Civ.P.26(a)(2)(B). Additionally, Falco intends to object to the admissibility of said documents, in that the Plaintiff has failed to demonstrate that they are relevant to material issues in dispute.

**2. Fireman's Fund Sworn Statements In Proof of Loss:**

a.) Falco intends to object to the admissibility of the Sworn Statement in Proof of Loss relative to claim no. 110-04-267142 and dated December 14, 2005 because it is irrelevant, inaccurate and misleading and contains expert opinion for which there is no factual or technical basis.

Specifically, P&D Builders performed construction work to repair the damage caused by the water loss related to the broken water pipe, and the damage caused by the subject fire on a time and materials basis. However P&D Builders and its subcontractors failed to keep separate time and material records for work that was performed to repair damage caused by the broken water pipe work. Rather, the work that was performed to repair damage caused by the broken water pipe was included in invoices for work performed to repair damage caused by the subject fire. Accordingly, Falco submits that said Sworn Statement in Proof of Loss is not admissible because the actual amount of money spent to repair damage caused by the broken water pipe was in excess of the $425,000 amount listed in the Sworn Statement in Proof of Loss.

Falco further submits that the document contains improper expert opinion as to the value of the damage caused by the water loss, in that there will be no expert testimony at trial as to the value of the services rendered. Lastly, Falco submits that Plaintiff failed to disclose the authors of the document as expert witnesses pursuant to Fed.R.Civ.P.26(a)(2)(B).

b.) Falco intends to object to the admissibility of all Sworn Statements in Proof of Loss related to claim no. 004-04-069286 because they are irrelevant, inaccurate, misleading and contain expert opinion for which there is no factual or technical basis.

Specifically, P&D Builders performed construction work to repair the damage caused by the water loss from the broken water pipe and damage caused by the subject fire on a time and materials basis. However P&D Builders and its subcontractors failed to keep separate time and material records for work that was performed to repair damage caused by the broken water pipe work. Rather, the work that was performed to repair damage caused by the broken water pipe was included in invoices for work performed to repair damage caused by the subject fire. Accordingly, Falco submits that said Sworn Statements in Proof of Loss are not admissible because the actual amount of money spent to repair damage caused by the subject fire was less than the amounts listed in the Sworn Statements in Proof of Loss.

Falco further submits that the documents contain improper expert opinion as to the value of the damage caused by the fire loss. Additionally, Falco submits that the documents contain inadmissible expert opinion as to the caused of the alleged fire. Lastly, Falco submits that Plaintiff failed to disclose the authors of the documents as expert witnesses pursuant to Fed.R.Civ.P.26(a)(2)(B).

**3. List of Damage Contents:**

Falco intends to object to the admissibility of Lists of Damage Contents submitted by Plaintiff's insured and/or public adjusters retained by Plaintiff's insured because they are

irrelevant and contain expert opinion for which there is no factual or technical basis. By way of further objection, Falco states that Plaintiff failed to disclose that Plaintiff's insured and/or public adjusters retained by Plaintiff's insured would offer expert opinion at trial.

Specifically, Falco submits that there is no evidence that Plaintiff's insured or public adjusters retained by Plaintiff's insured are qualified to offer an opinion as to the value of the contents of the dwelling purportedly damaged in the fire, or the fact that the items needed to be repaired or replaced. Falco further submits that there is no evidence that there is a factual or technical basis for the value of the damage to the items, or the assertion that the items needed to be repaired or replaced. Lastly, Falco submits that Plaintiff failed to disclose the authors of the documents as expert witnesses pursuant to Fed.R.Civ.P.26(a)(2)(B).

### 4. P&D Builders Billing and Invoices for Post-Loss Repairs:

Falco intends to object to the admissibility of P&D Builders billing and invoice for post-loss repairs because they are irrelevant, inaccurate and misleading. As set forth above, P&D Builders and its subcontractors failed to maintain accurate time and material billing records. Specifically, Falco submits that work performed to repair damage caused by the burst water pipe was billed as work performed to repair damage caused by the subject fire.

### 5. Draft Payment Detailed Report from Fireman's Fund:

Falco intends to object to the admissibility of Plaintiff's draft payment detailed report because it is irrelevant, inaccurate and misleading. Moreover, the amounts set forth in the draft summary are not supported by admissible expert opinion.

Very truly yours,

David J. Crowley

DJC/slh
cc:   Civil Clerk's Office (via e-mail)
      Robert P. Turner, Esquire (via e-mail)
      Curtis Carpenter, Esquire (via e-mail)

DC  81970.1  5/16/07