IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------*------------------X

FIREMAN'S FUND INSURANCE  COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (RBC)

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

MAY 16, 2007

Defendants.

-------------------------------------------------------------X

## JOINT PRETRIAL MEMORANDUM

### I.  SUMMARY OF THE EVIDENCE

(A) **Plaintiff**:

On January 26, 2004 a fire occurred at the Newton home of Julia Pavia.

At the time the plaintiff Fireman's Fund Insurance Company insured Ms. Pavia

under a policy of homeowners insurance.  The fire originated in the area beneath

a fireplace located in a second-floor office at the insured's home.  The fire

originated because the fireplace had not been properly constructed.  As a result,

heat from the gas log assembly that had been installed in the fireplace radiated

through the base of the fireplace igniting the plywood subflooring and the floor

joists below.  The fire resulted in damage to the Pavia home and its contents.

Ms. Pavia was ultimately paid by the plaintiff for the damages that she suffered

as a result of the fire and the plaintiff is now subrogated to her rights to collect
those damages.

The fireplace was part of a new addition to the Pavia home that was
constructed by the defendant P. & D. Builders Inc. in 2000-2001. The defendant
Joseph Falco built the structure of the fireplace. The gas log assembly and
associated gas lines were installed a defendant Michael Caressi. The plaintiff
claims that the defendant Joseph Falco negligently constructed the fireplace.
The defendant Michael Caressi was negligent for installing the gas log assembly
in a fireplace that was not properly constructed and contrary to the
manufacturer's instructions. The defendant P. & D. Builders was negligent in its
supervision and coordination of the construction of the fireplace, in allowing the
structure can be utilized as a fireplace, and in assisting in the construction of the
fireplace.

## (B.) **Defendants**

### (1)    **Falco Construction Corp.**

The Defendant, Falco Construction Corporation ("Falco") expects the
evidence to show that Plaintiff filed suit against a corporation that was
involuntarily dissolved in 1990. Further, Plaintiff failed to move to amend its
Complaint to add a claim against Joseph Falco as an individual until
approximately two years after Plaintiff knew or should have known that it
misnamed the Defendant and filed suit against a non-entity, and less than one
month prior to trial. Plaintiff also failed to serve a summons on Joseph Falco as
an individual.

Rather, the evidence will show that Joseph Falco, a self-employed mason, was hired by P&D to install bricks on the exterior of an addition at the subject premises. Thereafter, P&D requested that Falco build a small brick structure in an office located in the second floor of the addition. The brick structure in question was a small brick box with no top, and a brick hearth, which were constructed directly on top of the plywood sub floor. At the time Mr. Falco built the brick structure, the owner had not decided how she wished to use the brick structure. However, Mr. Falco understood that it was to be used for decorative purposes or to house a zero clearance fireplace insert. Mr. Falco completed the construction of the brick structure in approximately 3.5 hours. He was paid approximately $500 for his work. No one ever advised Mr. Falco that the brick structure was intended to be used as a gas log fireplace.

In addition, the evidence will be that the brick structure at issue was never intended to be a solid fuel burning fireplace with working flue. To the contrary, the form of the fireplace was never established until a point in construction when the wooden framing for the addition had been completed and major structural and architectural changes would have been necessary to accommodate a working fireplace. Specifically, the Massachusetts Building Code requires that a working fireplace be independently constructed and supported such that it passes through non-combustible framing while maintaining a clearance of four inches from any combustible materials. If a solid fuel burning fireplace was intended in the second floor office, the code required that masonry or concrete walls be constructed from the basement through the first and second floors. The basement concrete slab would have to have been cut to allow for the

construction of a concrete foundation. Further, the general contractor would have been required to reframe the first and second floor to allow for the construction of the fireplace. Also, a masonry chimney would have to have been constructed and extended through the roof necessitating extensive revision to the roofing work.

Moreover, the evidence will be that the Co-Defendants' negligence ultimately caused the fire. P&D Builders was responsible for the improper construction of the subject brick structure, in that it failed to ensure that, if it was to be used as a fireplace with a gas log unit, it was constructed in accordance with the Massachusetts Building Code. P&D Builders also failed to ensure that the structure was inspected by the City of Newton Building Inspectors. Further, Mr. Carresi was responsible for the improper construction of the brick structure, as he installed a gas log unit in a structure that obviously did not meet the requirements of the Massachusetts Building Code for the construction of a solid fuel burning fireplace, as his failure to ensure that the structure was inspected by the City of Newton gas inspector.

Lastly, the evidence will show that the Plaintiff's insured was comparatively negligent to a significant degree. Specifically, the Plaintiff's insured delayed reporting the fire for a significant period of time, several hours, after she should have discovered it. This delay allowed the fire to spread and cause significantly more damage that it would have, had the Plaintiff's insured reported the fire promptly.

(2)    **Michael Carresi d/b/a Carresi Plumbing & Heating**

This is a subrogation claim by the plaintiff who is seeking to recover
damages after a fire loss to its insured's home in Chestnut Hill. The cause of the
fire is said to be due to a brick fireplace that had not been properly constructed.
After the fireplace was built, the plumber, Michael Carresi, installed a gas log. It
is alleged that heat from the gas log assembly ignited subflooring within the
concealed space below the fireplace.

The homeowner, Julia Pavia, hired P. & D. Builders to serve as the
general contractor for the construction of an addition to the Pavia home during
the years 2000 and 2001. The general contractor hired the defendant, Joseph
Falco, to do brick masonry work including the construction of the fireplace. The
general contractor hired the defendant, Michael Carresi, to do plumbing work
including the installation of the gas log in the fireplace located in the second floor
study.

Michael Carresi is a 41 year old man who earned a master plumber's
license in 1987. He founded Carresi Plumbing and Heating in 1990. He is
primarily involved in new construction and remodeling.

In doing the gas log installation in the study located in the addition, Mr.
Carresi ran a gas line from the basement to the attic. (There was already gas
coming into the house.) He left the gas line coiled up in the ceiling of the study,
as the fireplace had not been constructed yet. There was a three foot triangular
shaped opening in the corner of the study. The study had been framed, but had
not been plastered yet. A bookshelf was going to be installed in that corner,

above the fireplace. Mr. Carresi then left the Pavia job for other work at another job site.

When Mr. Carresi returned to complete his work, the fireplace had been built and the flue had been installed, but not the bookcase above the fireplace. The brick mason, Joseph Falco, was no longer present at the job site. Mr. Carresi uncoiled his flexible stainless steel pipe from the ceiling and connected it to the gas log and placed the gas log into the firebox of the fireplace. He ran the gas line through a small hole in a steel plate that had been installed at the top of the brick fireplace. There was a larger hole for the flue, which had been installed by James Dussault, a subcontractor hired by P&D Builders. He then activated the gas log to see that it was working.

The Newton plumbing inspector inspected Mr. Carresi's work three times. He did a rough inspection for all of the plumbing work, an inspection for the boiler, and a final inspection of the whole property for all of the plumbing work done by Mr. Carresi.

After the fire, investigators checked the gas line and determined that there was nothing wrong with it. Subsequently, Mr. Carresi was involved in the reconstruction of the home, at Ms. Pavia's request.

Ms. Pavia testified at her deposition that she was satisfied with Mr. Carresi's work and that Mr. Carresi did nothing wrong.

Mr. Carresi's invoices were always addressed to P&D Builders, but sometimes were paid by Ms. Pavia and sometimes by P&D Builders.

A cause and origin expert, Daniel Slowicki, CFEI, has determined that Mr. Carresi performed his work in a professional, non-negligent manner, and he will so testify.

Three other experts have stated their opinions that Ms. Pavia should have called the Newton Fire Department when she first smelled smoke in order to prevent the fire or reduce the damage.

Regarding damages, Firemen's Fund made overpayments to Ms. Pavia as to living expenses and attribution between the previous day's water damage and the fire and water damage that is the subject of this lawsuit. As to the contents claim, Firemen's Fund paid replacement cost without deducting any depreciation.

Farish B. Hemeon, a damages expert, determined that the loss, on an actual cash value basis, was no more than about $660,000. Documents produced by Firemen's Fund in the discovery process indicate that it hopes to recover 50% of its damages in this subrogation lawsuit.

(3) **P & D Builders, Inc.**

This is a subrogation action brought by the plaintiff insurance company. The plaintiff insurer is seeking to recover for losses it incurred as a result of a fire at the Chestnut Hill home of its insured, Julia Pavia. The cause of the fire is alleged to be an improperly constructed gas log fireplace. That fireplace was constructed by the defendant mason Joseph Falco, with the gas log being installed by the defendant plumber, Michael Carresi. It is alleged that heat from the gas log assembly ignited the sub-flooring beneath the fireplace.

Mr. Phillip Rothschild is the president of P&D Builders.  Mr. Rothschild and his wife are P&D Builders' sole shareholders and officers.  Mr. Rothschild is a general contractor by trade.  P&D Builders specializes in kitchens and bathrooms.  Mr. Rothschild has a Massachusetts construction supervisor's license and a Massachusetts home improvement contractor's license.

The subject fireplace was constructed during renovations to the Pavia home.  Ms. Pavia, hired defendant P. & D. Builders to serve as the general contractor for these renovations, which included the construction of an addition to property.  Construction was performed during the years 2000 and 2001.  P. & D. Builders acknowledges that it was the general contractor for the renovation project; however, it denies that the fireplace was within the scope of its oversight responsibilities.  P. & D. Builders alleges that Joseph Falco and Michael Carresi worked directly for Ms. Pavia with respect their work on the fireplace.

P & D Builders also contends that Ms. Pavia acted negligently by not calling the Newton Fire Department upon the first sign of smoke.  A cause and origin expert, Sebastian J. Bongiorno, CFI, has determined that Ms. Pavia's extended delay in reporting the fire allowed for the fire to smolder for an extended period of time.  According to Mr. Bongiorno, if the fire department had been notified when the odor of smoke was first noticed the fire would have been contained to the immediate area of origin.  In Mr. Bongiorno's opinion, Ms. Pavia's failure to notify the fire department at the first indications of an odor of smoke was a significant factor effecting the growth and development of the fire and subsequent damage to the house.

In addition to disputing liability, P. & D. Builders, also contests the extent of the plaintiff's alleged damages. In addition to working on the original construction project, P. & D. Builders was also the general contractor that preformed restoration work after the subject fire. According to P. & D. Builders, some of the work that was conducted after the fire restored the home to a condition that was better than what existed before the fire.

According to damages expert Farish Hemeon, this case presents what he refers to as "runaway" claim, which the plaintiff insurer and two public claims adjusters retained by Ms. Pavia failed to get under control. According to Mr. Hemeon many of damages claim by the plaintiff insurer should be attributed to a separate loss inducing event at the Pavia residence, a burst pipe incident, which none of the defendants are alleged to be responsible for. According to Mr. Hemeon, the fire loss, on an actual cash value basis, was no more than about $660,000. Furthermore, documents produced by Firemen's Fund in the discovery process indicate that it hopes to recover 50% of its damages in this lawsuit.

## II. STIPULATIONS OF FACT

1) The area of origin of the fire in question was directly beneath a gas log appliance that had been installed in a brick structure in a second floor office.

2) The cause of the fire was the ignition of wood sub-flooring due to heat conducted from the gas log appliance.

3)  Defendant, P&D Builders was a licensed construction supervisor and licensed home improvement contractor within the Commonwealth of Massachusetts during the years 2000 and 2001.

4) P&D Builders was hired by Julia Pavia to serve as the general contractor for the construction of the addition to the Pavia home during the years 2000 and 2001.

5) During the course of the construction of the addition, a brick structure that resembled a decorative fireplace was built in a second floor office of the addition.

6)  After the brick structure was built, Defendant, Michael Carresi installed a gas log appliance therein.

## III. FACTUAL ISSUES IN DISPUTE

1) On January 26, 2004 a fire took place at the home of Julia Pavia located at 105 Hammondswood Road, Newton Mass.

2) The plaintiff Fireman's Fund Insurance Co. provided Julia Pavia with a policy of homeowners insurance that covered damage from fire.

3) Fireman's Fund Insurance Co. has made payments to Julia Pavia pursuant to her policy of insurance with the company and is legally subrogated to her

rights to collect those damages against any party or parties responsible for causing the damage.

4) The defendant Joseph Falco was a subcontractor of P. & D. Builders performing certain masonry work in connection with the construction of the addition, and who also erected a brick structure within the second-floor office that resembled a fireplace.

5) The defendant Michael Carresi was a subcontractor of P&D Builders performing certain work in connection with the construction of the addition, including the installation of a gas line and a gas log assembly within the brick structure erected by the defendant Falco.

6)  The Defendants dispute the cause, nature and extent of Plaintiff's alleged damages.

7) Each of the Defendants claims that they were not negligent and that the fault lies with one of the other Defendants or with Ms. Pavia.

8) The Defendants dispute that the damages claimed by the plaintiff are all related to the fire of January 26, 2004.

9) The Plaintiff disputes that Ms. Pavia was contributorily negligent.

10) The Defendant P. & D. Builders disputes that the Defendants Falco and
Carresi were its subcontractor for the construction of the fireplace.

11) The Defendant Falco disputes that he was aware that a gas log appliance
was to be installed in the brick structure he was retained to construct.

## IV. ISSUES OF LAW

1) The Defendants duty to properly construct the fireplace; supervise and
coordinate its construction; and install the gas log assembly. Carroll v.
Bouley, 338 Mass. 625 (1959); Everett v. Bucky Warren Inc., 376 Mass. 280
(1978); Corsetti v. Stone, 396 Mass. 1 (1985); Conners v. Northeast Hosp.
Corp., 439 Mass. 469 (2003).

2) The measure of damages that can be claimed by the plaintiff. Trinity
Church in City of Boston v. John Hancock Mut. Life Ins. Co., 399 Mass. 43
(1987).

3) Whether the defendant P. & D. Builders is vicariously liable for the acts of
its subcontractors. Whalen v. Shivek, 326 Mass. 142 (1950); Guliana v.
Perry, 1998 W.L. 1198695 (Mass. Super. 1998).

4) Whether the plaintiff's insured was contributorily negligent. Broderick v.
Harvey, 252 F.2d 274 (1st Cir. 1958).

5) Whether there is any legal basis for P&D Builders' cross-claim for common law indemnity? Falco submits that there is no legal basis for said cross-claim, in that a tort based right to indemnity to those cases in which the would-be indemnitee is held derivatively or vicariously liable for the wrongful act of another, and therefore is only passively negligent. *Decker v. Black & Decker Mfg. Co.*, 389 Mass. 35, 40 (1983). The Plaintiff has sued P&D Builders for its independent negligence.

6) Where there is any legal or factual basis for Plaintiff's breach of contract claim against Falco? Falco submits that there is no legal or factual basis for Plaintiffs' breach of contract claim against Falco, as Plaintiff's insured did not contract with Falco to build the brick structure at issue.

7)   Whether evidence of damage caused by broken water pipe at the subject premises the day before the subject fire is admissible? Falco submits that such evidence is relevant to the material issues in dispute: to wit; the cause of the fire and the cause, nature and extent of Plaintiff's alleged damages.

## V. REQUESTED AMENDMENTS PLEADINGS

The plaintiff requests an amendment to its complaint substituting Joseph Falco as a defendant in place of Falco Construction Corp.

The Plaintiff has learned that Falco Construction Corp. ceased to do business prior to the addition being built. However, pursuant to Federal Rule of

Civil Procedure 15(c) the Plaintiff seeks an amendment to the complaint naming

Joseph Falco individually and requesting that amendment relate back to the date

Mr. Falco was served with the complaint. There is sufficient identity of interest

between Mr. Falco and his former corporation, he has had notice of the litigation

and actively defended the claims against him throughout. Mr. Falco had to have

known that but for the mistake concerning the naming of his former corporation

as a defendant, the action would have been brought against him personally.

Furthermore, Mr. Falco misled the Plaintiff by filing a number of pleadings which

confused the issue of his corporate status. He did not deny the allegations in the

complaint which refer to his corporation. He filed a Corporate Disclosure

Statement. He personally signed the Rule 16.1(D)(3) on behalf of the

corporation.

　　　　　Accordingly, the Plaintiffs believe there is sufficient basis for the court to

order a Rule 15(c) amendment concerning Mr. Falco. The Plaintiffs will file a

formal motion seeking the amendment with an accompanying memorandum of

law.

　　　　　Defendant, Falco opposes Plaintiff's request to amend its Complaint to

add Joseph Falco as a party Defendant. In support hereof, Falco states that

Plaintiff's request is untimely. Falco further states that Plaintiff has failed to offer

any explanation for its delay in seeking to amend the Complaint to add Joseph

Falco as a party Defendant less than one month prior to trial. Lastly, Falco states

that Plaintiff's request would unfairly prejudice Joseph Falco as he would be held

personally liable for any judgment entered against him. General Electric

Insurance Company v. Shiao, 67 Mass.App.Ct. 1105 (2006).

Defendant Falco reserves the right to file a Memorandum of Law in Opposition to Plaintiff's request to amend the Complaint should the Court consider allowing Plaintiff's request.

## VI. ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION

Falco respectfully requests that, prior to trial, the Court act on its Motion for Partial Summary Judgment on Co-Defendant, P&D Builder's claim for common law identity.

## VII. WITNESSES

(A)  Plaintiff's witnesses

1.  Julia Pavia; Fact witness

2.  Eric Schwalbach; Expert, experienced insurance adjuster

3.  Richard Mancuso: Expert, experience building contractor to testify regarding the scope of the loss

4.  Deputy Chief Israel Jimenez, Expert, Fire Inspector for the City of Newton

5.  Jeffrey Lowe:  Expert, certified and experienced fire origin and cause investigator

6.  Genevieve Bures; Expert, certified and experienced fire origin and cause investigator and expert on fireplace construction

7.  Philip Rothschild; Fact Witness

8.  Michael Carresi; Fact Witness.

9.  Joseph Falco; Fact Witness.

10.  Michael Conti; Fact Witness.

11.  Michael Roach; Fact Witness.

12.  James Dussault; Fact Witness.

13.  Charles Gubbins; Fact Witness.

14.  Matthew Post, Gordon & Gordon; Fact Witness.

The plaintiff reserves the right to call any of the witnesses listed by the

defendants.

B. Defendant's Witnesses

   Defendant Falco's Proposed Witnesses:

1.  Julia Pavia – Fact Witness.

2.  Jeffrey Lowe – Fact Witness.

3.  Philip Rothschild – Fact Witness.

4.  Michael Carresi – Fact Witness.

5.  Charles Gubbins – Fact Witness.

6.  Michael Conte – Fact Witness.

7.  Michael Roach – Fact Witness.

8.  James Dussault – Fact Witness.

9.  Keeper of the Records – City of Newton Inspectional Services –

   authenticate records.

10.  Richard Splaine – Expert Witness.

11.  Brian Gore, P.E. – Expert Witness.

12.  Steven J. Tower – Fact Witness.

Defendant Michael Carresi's Proposed Witnesses:

1.  Julia Pavia – Fact Witness

2.  Eric Schwalbach – Fact Witness

3.  Daniel Slowicki, CFEI, a cause and origin expert, to testify in accordance with his report regarding the cause and origin of the loss and the non-negligent installation of the gas log by Mr. Carresi.

4.  Deputy Chief Israel Jimenez, Expert, Fire Inspector for the City of Newton

5.  Philip Rothschild – Fact Witness.

6.  Michael Carresi – Fact Witness.

7.  Joseph Falco – Fact Witness.

8.  Michael Conti – Fact Witness.

9.  Michael Roach – Fact Witness.

10. James Dussault – Fact Witness.

11. Charles Gubbins – Fact Witness.

12. Matthew Post, Gordon & Gordon – Fact Witness.

Defendant P & D Builders, Inc.'s Witnesses:

1.  Julia Pavia; Fact witness

2.  Farish Hemeon, Expert, experienced independent claims adjuster

3.  Sebastian J. Bongiorno, CFI; Expert, certified and experienced fire origin and cause investigator

4.  Philip Rothschild; Fact Witness

5.  Michael Carresi; Fact Witness

6.  Joseph Falco; Fact Witness

7.  Michael Conti; Fact Witness

8.  Michael Roach; Fact Witness

9.  James Dussault; Fact Witness

10.  Charles Gubbins; Fact Witness

The Defendant, P & D Builders, Inc., reserves the right to call any of the
witnesses listed by the other parties to this action.

## VIII. PROPOSED EXHIBITS

A.  Plaintiff's proposed exhibits

1.    88 photographs of the property immediately after the loss (provided
previously on disk)

2.    Photographs taken by Jeffrey Lowe and Genevieve Bures

3.    Estimates of loss prepared by Richard Mancuso

4.    Fireman's fund statements of loss and proofs of loss

5.    Heatmaster installation instructions

6.    List of damage contents

7.    P&D Builders billing and invoices for post-loss repairs

8.    Draft payment detailed report from Fireman's Fund

9.    City of Newton file on application for building permit dated
September 27, 2000 (Rothschild Exhibit 5)

10.    The fireplace log assembly

11.    Bricks removed from the fire scene

B.  Defendant Falco's Proposed Exhibits

    1.  City of Newton Inspectional Services file for construction of the addition at the subject premises.

    2.  Jeffrey Lowe's fire investigation report.

    3.  Heatmaster installation and operating instructions for gas log unit.

    4.  Craig IS' claim file notes.

    5.  Plaintiff's claim file notes.

    6.  Photographs taken by Newton Fire Department.

    7.  Photographs of subject premises taken by Steven J. Tower on 2/18/04.

    8.  Photographs of fireplace marked as Exhibits at James Dussault's deposition.

    9.  Photographs of subject premises taken by Splaine Investigations, Inc. on 2/18/04.

    10.  Dussault Mechanical Systems Invoice dated 3/19/01.

    11.  Julia Pavia's undated statement.

    12.  Documents relating to Plaintiff's payment of its insured's miscellaneous alternative living expenses.

    13.  Plaintiff's Property Large Case Review Summary.

    14.  Plaintiff's consulting engineer report dated 12/22/05.

    15.  Richard Splaine's expert report.

    16.  Brian Gore's expert report.

C.  Defendant Michael Carresi's Proposed Exhibits

    1.  Newton Fire Department records, photographs and reports.

2.  Photographs taken by Daniel Slowicki.

3.  Photographs taken by others.

4.  Facts and data relied upon by Daniel Slowicki, including public records, reports of other experts, and photographs, as permitted by Rule 703.

5.  Master plumber's license of Michael Carresi.

D.  Defendant P & D Builders, Inc.'s Proposed Exhibits

1.  Typed witness statement from Julie Pavia to Richard O'Regan (Pavia Exhibit 5).

2.  Correspondence from P & D Builders, Inc., to Michael & Julie Pavia dated July 11, 2000 (Pavia Exhibits 1 & 2).

3.  Proposal dated August 28, 2000 from P & D Builders, Inc. (Pavia Exhibit 4).

4.  Receipts from the Four Seasons Hotel dated April 9 through April 13, 2004 (included in Schwalbach Exhibit 4).

5.  Photographs of the subject property exchanged amongst counsel during the course of litigation.

6.  Farish Hemeon's expert report.

7.  Sebastian J. Bongiorno's expert report.

## IX. TRIAL COUNSEL

Stuart G. Blackburn, Esq.
Law Offices of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT  06096
Tel. (860)292-1116
(Fireman's Fund Ins. Co. a/s/o

David Crowley, Esq.
John Toomey, Esq.
Toomey & Yudysky LLP
99 Summer Street
Boston, MA  02110
617-946-0930

Julia Pavia)                                    (Falco Construction Corp.)

Robert P. Turner, Esq.
Law Offices of Bruce R. Fox
27 B Midstate Office Park
Auburn, MA  01501
Tel. 866-290-7435
(Michael Carresi)

Joseph Flannigan, Esq.
Curtis Carpenter, Esq.
Morrison & Mahoney, LLP
250 Summer Street
Boston, MA 02210
Tel. 617-439-7589
(P & D Builders, Inc.)


Respectfully Submitted,
**FIREMAN'S FUND INSURANCE
COMPANY a/s/o JULIA PAVIA,**

**FALCO CONSTRUCTION CORP.**


/s/ Stuart G. Blackburn, Esq.
Stuart G. Blackburn, Esq. (BBO549797)
Law Offices of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT  06096
Tel. (860)292-1116

/s/ David Crowley, Esq.
David Crowley, Esq.
(BBO630169)
Toomey & Yudysky LLP
99 Summer Street
Boston, MA  02110
617-946-0930


**MICHAEL CARRESI**

**P & D BUILDERS, INC.**


/s/ Robert Turner, Esq.
Robert P. Turner, Esq. (BBO504900)
Law Offices of Bruce R. Fox
27 B Midstate Office Park
Auburn, MA  01501
Tel. 866-290-7435

/s/ Curtis Carpenter, Esq.
Curtis Carpenter, Esq.
(BBO657358)
Morrison & Mahoney, LLP
250 Summer Street
Boston, MA 02210
Tel. 617-439-7589

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## CERTIFICATE OF SERVICE

----------------------------------------------------------------X

FIREMAN'S FUND INSURANCE  COMPANY
as subrogee of JULIA PAVIA                            CIVIL ACTION NO.
77 San Marin Drive                                           05-10827 (DPW)
Novado, California

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING                                  May 16, 2007

Defendants.

----------------------------------------------------------------X

I hereby certify that on **May 16, 2007** a copy of foregoing **Joint Pre-Trial Memorandum** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Stuart G. Blackburn
Stuart G. Blackburn (BBO# 549797)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 facsimile
sgblackburn@sbcglobal.net