IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (DPW)

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

Defendants.
---------------------------------------------------------------X

## MOTION TO AMEND COMPLAINT

The plaintiff, Fireman's Fund Insurance Company, hereby moves to amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. The plaintiff seeks to amend the complaint to substitute Joseph Falco personally for Falco Construction Corp. and to have the amendment relate back to the date of the filing of the original complaint. As is more fully articulated in the accompanying Memorandum of Law, Falco Construction Corp. was no longer doing business when the alleged acts of negligence took place. Instead, as of that time, Mr. Falco was operating his company as a sole proprietorship using the tradename of Falco Construction. Mr. Falco was served with the complaint, he has had notice of the claims against him, and he has actively defended this matter on the merits. Accordingly, the plaintiff respectfully submits that the

elements set forth in Rule 15 (c) have been satisfied and the amendment to the complaint should be allowed to relate back to the date of the original pleading.

>Respectfully submitted,
>THE PLAINTIFF,
>
>BY: /s/ Stuart G. Blackburn
>    Stuart G. Blackburn
>    Law Offices of Stuart G. Blackburn
>    Two Concorde Way
>    PO Box 608
>    Windsor Locks, CT 06096
>    BBO# 549797

Dated: May 21, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (DPW)

                       Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                       Defendants.
-----------------------------------------------------------------X

## ORDER

The foregoing Motion to Amend Complaint having been heard by this court, it is hereby so ordered:

**GRANTED/DENIED**

*By the Court,*

_____
*J/Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CERTIFICATE OF SERVICE**

-----------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA                                    CIVIL ACTION NO.
77 San Marin Drive                                            05-10827 (DPW)
Novado, California

                    Plaintiff,
        vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING                                            May 21, 2007

                    Defendants.
-----------------------------------------------------------------X

I hereby certify that on **May 21, 2007** a copy of the foregoing **Motion to Amend** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Stuart G. Blackburn
Stuart G. Blackburn (BBO# 549797)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 facsimile
sgblackburn@sbcglobal.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------X

FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA                    CIVIL ACTION NO.
77 San Marin Drive                             05-10827 (DPW)
Novado, California

                        Plaintiff,
             vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                        Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND

I. <u>Facts and Procedural History</u>

      This action was commenced on April 20, 2005 by a complaint asserting claims against three defendants, P. & D Builders, Falco Construction Corp., and Michael Carresi doing business as Carresi Plumbing. The allegations are that the three defendants participated in the construction of a fireplace at the home of the plaintiffs' insured. The fireplace was improperly constructed and led to a fire on January 26, 2004. The defendant Falco Construction Corp. was at one time a valid corporation under the laws of the Commonwealth of Massachusetts. However, the corporation had ceased to exist prior to the time that the fireplace was constructed.

      Service of process on Falco Construction Corp. was affected by serving Joseph Falco personally as an agent for the corporation. (See the Return of

Service attached as Exhibit A.) Thereafter, Mr. Falco did not specifically raise the issue of the existence of Falco Construction Corp. in defending this case. In its answer to the complaint, Falco Construction Corp. did not deny its existence but stated that it did not have knowledge of the truth of allegations regarding its corporate status. (See Falco's answer to the complaint attached as Exhibit B.) Falco Construction Corp. filed a corporate disclosure statement, as any valid corporation is required to do. (See Falco's corporate disclosure statement attached as Exhibit C.) Falco Construction Corp. also filed the required certificate pursuant to local Rule 16.1(D)(3) which is signed by Joseph Falco on behalf of Falco Construction Corp. (See Falco's 16.1(D)(3) certificate which is attached as Exhibit D.) Mr. Falco has defended this case on a substantive basis alleging that he was not asked to build anything more than a decorative fireplace at the plaintiff's insureds home. It is worthy to note that the issue of Falco's corporate status was not raised at any time prior to the discussions between counsel regarding the pretrial memorandum. This includes during a settlement mediation held in January.

II. Argument

Rule 15 of the Federal Rules of Civil Procedure provides as follows:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party;

and leave shall be freely given when justice so requires.

...

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party with the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced and maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The rule on the relation back of amendments to pleadings is permissive as long as the elements set forth have been satisfied. Amendments pursuant to the rule should be freely allowed. Staren v. American Nat. Bank & Trust Co. of Chicago, 529 F.2d 1257 (7th Cir. 1976); Hammond-Knowlton v. U.S., 121 F.2d 192 (2nd Cir. 1941); Hampton v. Hanrahan, 522 F.Supp. 140 (N.D. Ill. 1981). Rule 15 reinforces one of the basic policies of the Federal rules; i.e., that pleadings are not an end in themselves but are only a means to assist in the presentation of the case on the merits. Reyna v. Flashtax, Inc., 162 F.R.D. 530 (S.D. Tex. 1995).

Under Rule 15 (c), the relation back of an amendment changing the party against whom a claim is made depends on the occurrence of three prerequisites: (1) the amended claim must arise out of the same occurrence set forth in the

original pleading; (2) within the period provided by law for commencing the action the substitute defendant must receive notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; and (3) the substitute defendant must have known, or should have known, that but for a mistake concerning the identity of the party, the action would have been brought against him. Simmons v. Fenton, 480 F.2d 133 (7th Cir. 1973); Bell v. Veterans Admin. Hosp. 826 F.2d 357 (5th Cir. 1987).; William H. McGee & Co. v. M/V Ming Plenty, 164 F.R.D. 601 (S.D.N.Y. 1995).

Each of the elements required by Rule 15 (c) is satisfied in this case. The proposed amendment seeks to merely substitute Mr. Falco personally for a corporation, Falco Construction Corp., which he at one time owned and operated. The allegations of the complaint alleging Mr. Falco's negligent conduct will not change. Mr. Falco was served with the complaint, even though at that time the complaint named his former corporation. Accordingly he received notice of the action and is not prejudiced by the amendment. He has actively defended the case on a substantive basis from the outset. In defending this case, Mr. Falco has never raised the issue of corporate status but instead consistently asserted that others were responsible for the improper use of the fireplace structure he built in the plaintiff's insureds home, or that the plaintiff's insured herself was contributorily negligent. Mr. Falco's counsel has taken numerous depositions of fact and expert witnesses and has disclosed expert witnesses to

advance substantive theories showing that Mr. Falco is not responsible for the fire. In short Mr. Falco can claim no prejudice from this amendment to the complaint since he has actively and aggressively defended this case on the merits.

Furthermore, Mr. Falco had to have known that but for the fact that the plaintiff named his former corporation as a defendant, he personally would have been a party to this action. Mr. Falco does not deny working at the plaintiff's insureds home. Nor does he deny building a structure which resembled fireplace in the home. Accordingly, when he received the complaint in this case addressed to his former corporation he had to have known it was a mistake. He also had to have known that once the mistake was corrected he would be a defendant in the case. Indeed, Mr. Falco did little to alert any of the other parties to this case of the mistake that had been made in naming the defunct corporation. Falco's answer to the complaint does not deny the allegation of corporate status but rather claims a lack of knowledge with respect to that status. Additionally, Falco Construction Corp. filed a corporate disclosure statement and a certification pursuant to local Rule 16.1(D)(3) which is signed by Mr. Falco on behalf of the corporation. Although clearly Mr. Falco testified concerning the status of his corporation at his deposition, at no other point did he raise the issue that a non-existent entity had been sued.

Accordingly, Mr. Falco knew he was involved as a potential defendant in this matter from shortly after the fire occurred. He has actively appeared and

defended himself on a substantive basis and done little to raise the issue that the defendant named was a non-existent corporation. The plaintiff respectfully requests that the court permit an amendment substituting Joseph Falco for Falco Construction Corp. and allow that were an amendment to relate back to the date of filing in service of the original complaint.

Respectfully submitted,
THE PLAINTIFF,

BY: /s/ Stuart G. Blackburn
    Stuart G. Blackburn
    Law Offices of Stuart G. Blackburn
    Two Concorde Way
    PO Box 608
    Windsor Locks, CT 06096
    BBO# 549797

Dated: May 21, 2007