**TOOMEY & YUDYSKY LLP**

Attorneys at Law
99 Summer Street
Boston, MA 02110

John F. Toomey
Clark W. Yudysky
Patricia A. Larkin
Brian Doherty
David J. Crowley
Emily Lanza Dwyer
Catherine M. Gallagher
Harriet W. Albright

Telephone (617) 946-0930
Telecopier (617) 946-0989
E-mail: tylawyers@tyllp.com

May 23 2007

**VIA E-MAIL**

Stuart G. Blackburn, Esquire
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096

RE:  The Fireman's Fund Insurance Company
     as subrogee of Julia Pavia,
VS.  Falco Construction Corp., et al
VS.  Heatmaster, Inc.
     United States District Court for the District of Massachusetts
     Civil Action No. 05-10827 DPW
     **Our File No. 796**

Dear Attorney Blackburn:

Pursuant to the Pre-Trial Order of the Court, please accept this correspondence as written notice of Defendant, Falco Construction Corp.'s ("Falco") intent to object to the qualifications of the following expert witnesses.

**1. Richard Mancuso:**

Falco intends to object to Mr. Mancuso's qualifications as an expert witness, as well as the admissibility of Mr. Mancuso's expert opinion, insofar as the Plaintiff failed to disclose Mr. Mancuso's expert qualifications, or the fact that he would testify as an expert witness pursuant to Fed.R.Civ.P.26(a)(2)(B).

**2. Eric Scwhalbach:**

Falco intends to object to Mr. Schwalbach's qualifications as an expert witness, insofar as the Plaintiff has failed to proffer any evidence that Mr. Schwalbach is qualified by way of education, training or experience to render an expert opinion in this matter. Falco further objects to Mr. Schwalbach's qualifications, as he is an employee of the Plaintiff.

**3. Matthew Post:**

Although the Plaintiff characterizes Mr. Post in the Pre-Trial Memorandum as a fact witness, Falco submits that Mr. Post's testimony would necessarily involve expert opinion. Specifically, Mr. Post was a public adjuster who was hired by the Plaintiff's insured to assist her in adjusting her claim for property damage against the Plaintiff. Falco understands that Mr. Post compiled lists of damaged property and assigned monetary value for said damage. Falco submits that the Plaintiff will attempt to introduce Mr. Post's opinion as to the value of the damage to the Plaintiff's insured's property.

Falco intends to object to Mr. Post's qualifications as an expert witness, insofar as the Plaintiff has failed to proffer any evidence that Mr. Post is qualified by way of education, training or experience to render an expert opinion in this matter.

Please call me if you have any questions. Thank you.

Very truly yours,

David J. Crowley

DJC/slh
cc:   Civil Clerk's Office (via e-mail)
      Robert P. Turner, Esquire (via e-mail)
      Curtis Carpenter, Esquire (via e-mail)

DC 82099.1  5/23/07