UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA 77 San Marin Drive Novado, California,     Plaintiff<br><br>VS.<br><br>FALCO CONSTRUCTION CORP., P & D BUILDERS, INC. and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING,     Defendants | CIVIL ACTION NO. 05-cv-10827-DPW |

### DEFENDANT, FALCO CONSTRUCTION CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF NEGLIGENCE AS THE PLAINTIFF WILL NOT PROFFER EXPERT OPINION AS TO THE APPLICABLE STANDARD OF CARE

The Defendant, Falco Construction Corporation ("Falco"), hereby moves this Honorable Court, prior to trial and prior to impaneling a jury in this case, to preclude the Plaintiff from introducing any evidence that Falco was negligent.

In support hereof, Falco states as follows:

1.  This subrogation action arises out of a fire loss that occurred on January 26, 2004 at a residence located at 104 Hammondswood Road, Newton, Massachusetts (hereinafter "subject premises"). Prior to the alleged fire, the Defendants, P&D Builders, Inc. (hereinafter "P&D"), Falco and Michael Carresi d/b/a Carresi Plumbing & Heating (hereinafter "Mr. Carresi") built an addition at the subject premises, which included the construction of a fireplace into which a gas log appliance was inserted. The Plaintiff alleges, *inter alia,* that the Defendants negligently built the fireplace in a defective and dangerous manner.

2. However, the evidence establishes that the Plaintiff's insured hired P&D Builders to construct an addition at the subject premises, which included the installation of the fireplace at issue. In turn, P&D Builders hired Falco, a masonry subcontractor, to construct a brick structure for use as a decorative fireplace. After Falco completed its work and left the project, P&D Builders hired other subcontractors, including Michael Carresi and James Dussault, to install a ventilation system and a gas log unit in the brick structure installed by Falco.

3. It is well established that, in order to establish a *prima facie* case for negligence, the Plaintiff must first establish a duty of care. *See* Atlas Tack Corp. v. Donabed, 47 Mass.App.Ct. 221, 226-27 (1999)

4. Falco submits that the Plaintiff is required to establish the duty of care owed by a reasonable masonry subcontractor under the circumstances. Id.

5. Falco further submits that the Plaintiff is required to present expert testimony to establish Falco's duty of care, as the Plaintiff alleges in the instant case that the fireplace at issue was negligently designed and constructed for use with a gas log appliance.. Esturban v. Massachusetts Bay Transportation Authority, 68 Mass.App.Ct. 911 (Mass.App.Ct. 2007) (holding plaintiff required to present expert testimony establishing applicable standard of care owed by defendants in design and operation of escalator).

6. In the instant case, the Plaintiff will not proffer any expert opinion as to the duties and responsibilities of the contractors involved in the construction of the fireplace.

7. Specifically, the Plaintiff will not offer any expert opinion as to the duty of care owed by a masonry subcontractor relative to the installation of a decorative brick structure and/or gas log fireplace.

8.     For example, the Plaintiff will offer no expert opinion that a masonry subcontractor has a duty to design a fireplace; instruct carpenters as to the appropriate methods for framing an addition so as to accommodate the construction of a fireplace; or warn the homeowner and/or other contractors that a brick structure built directly on wooden subflooring is inappropriate for use with a gas log appliance.

9.     Falco submits that, absent expert guidance on a masonry subcontractor's duties and responsibilities relative to the design and construction of a fireplace, the jury would have to resort to impermissible conjecture and surmise regarding the applicable standard of care. *See* Triangle Dress, Inc. v. Bay State Serv., Inc., 356 Mass. 440, 441-42 (1969).

10.    Clearly, this is not a situation where Falco's alleged negligence is so gross or obvious that laymen can rely on their common knowledge to recognize or infer negligence.

11.    Accordingly, Falco submits that, in the absence of expert testimony establishing the duty of care of a masonry subcontractor under the circumstances, the Plaintiff must be barred from presenting evidence of negligence against Falco.

WHEREFORE, the Defendant requests the Court to preclude the Plaintiff from introducing any evidence that the Defendant was negligent.

Respectfully Submitted,
The Defendant,
Falco Construction Corporation,
By its attorneys,

/s/ David J. Crowley
John F. Toomey, BBO # 500160
David J. Crowley, BBO # 630169
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA 02110
(617) 946-0930

Date: 5/23/07

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ David J. Crowley

DC 82006.1  5/23/07

4