UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE ) <br> COMPANY as subrogee of JULIA PAVIA ) <br> 77 San Marin Drive Novado, California, ) <br>     Plaintiff ) <br> ) <br> VS. ) <br> ) <br> FALCO CONSTRUCTION CORP., ) <br> P & D BUILDERS, INC. and ) <br> MICHAEL CARRESI d/b/a ) <br> CARRESI PLUMBING & HEATING, ) <br>     Defendants ) | CIVIL ACTION <br> NO. 05-cv-10827-DPW |

### DEFENDANT, FALCO CONSTRUCTION CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, RICHARD MANCUSO

The Defendant, Falco Construction Corporation ("Falco"), hereby moves this Honorable Court, prior to trial and prior to impaneling a jury in this case, to preclude testimony of the Plaintiff's expert witness, Richard Mancuso.

In support hereof, Falco states as follows:

1.  The Federal Rules of Civil Procedure require, *inter alia*, that parties serve expert witness reports that contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming his opinions; and any exhibits to be used as a summary of or support for the opinions. Fed.R.Civ.P.26(a)(2)(B). Under Rule 26(a)(2)(C), "[t]hese disclosures shall be made at the time and in the sequence directed by the court." Said "directives are mandatory and self executing." Lohmes v. Level 3 Communications, Inc., 272 F. 3d 49, 59 (1st Cir. 2001) (excluding an untimely expert affidavit on a motion for summary judgment).

2. Fed.R.Civ.P.37(c)(1) provides that a party that "without substantial justification fails to disclose information required by Rule 26(a)… is not, unless such failure is harmless, permitted to use evidence at trial… not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." This rule is mandatory insofar as a party that fails to make the required disclosures is not permitted to use the undisclosed evidence. Klonski v. Mahlab, 156 F. 3d 225, 269 (1st Cir. 1998).

3. Although the Rule permits the Court to impose other sanctions in lieu of barring the undisclosed expert evidence, the "required sanction in the ordinary case is a mandatory preclusion." Id. The federal courts have stated consistently that "expert disclosures are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them. Lohmes, 272 F. 3rd at 60. The only exception to this general rule baring undisclosed expert opinion is: 1). when the failure to disclose is "substantially justified"; or 2). when the disclosure is harmless. Id.

4. In the instant case, the operative Scheduling Order required the Plaintiff to file its expert disclosures on or before October 1, 2006.

5. However, the Plaintiff disclosed that it intends to call Richard Mancuso as an expert witness in the Pre-Trial Memorandum, which was filed with the Court approximately one month prior to trial and more than seven months after the Court mandated deadline for the Plaintiff's expert disclosure.

6. To date, the Plaintiff has failed to disclose the substance of Mr. Mancuso's expert opinions and the factual basis for said opinions. In addition, the Plaintiff failed to produce

an expert report written by Mr. Mancuso. Simply put the Plaintiff failed to provide the Defendants with any of the pre-trial expert disclosures required by Fed.R.Civ.P.26(a)(2)(B).

7.      Further, the Plaintiff has failed to offer any justification for its untimely and inadequate expert disclosure.

8.      Moreover, the Plaintiff's failure to disclose Mr. Mancuso as an expert witness pursuant to Court Order has unfairly prejudiced Falco, as said disclosure is necessary for Falco to prepare for trial. The Plaintiff's failure has resulted in unfair surprise, in that it is less than one month until trial and Falco has not been apprised of Mr. Mancuso's expert opinions or the factual basis for said opinions. Clearly, Falco is entitled to obtain timely expert disclosure of an expert witness who will purportedly establish the nature and extent of the Plaintiff's alleged damages.

9.      Accordingly, Falco submits that Mr. Mancuso should be barred from testifying at trial. Fed.R.Civ.P.37.

WHEREFORE, the Defendant, Falco Construction Corp. requests the Court to preclude Mr. Mancuso's testimony at trial.

> Respectfully Submitted,
> The Defendant,
> Falco Construction Corporation,
> By its attorneys,
>
> /s/ David J. Crowley
> John F. Toomey, BBO # 500160
> David J. Crowley, BBO # 630169
> TOOMEY & YUDYSKY LLP
> 99 Summer Street
> Boston, MA 02110
> (617) 946-0930

Date: 5/23/07

3

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ David J. Crowley

DC 82205.1  5/23/07