UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA, Plaintiff,<br><br>v.<br><br>FALCO CONSTRUCTION CORP., P&D BUILDERS, INC., and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING.<br>        Defendants. | CIVIL ACTION NO.: 05-10827RBC |

## DEFENDANT/CROSS-CLAIM PLAINTIFF, P & D BUILDERS, INC.'S OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS

A.     ESTIMATES OF LOSS PREPARED BY RICHARD MANCUSO

The defendant P & D Builders, Inc., objects to Mr. Mancuso's estimates of loss on the basis of hearsay and relevance. As further grounds for objection the defendant states that the proposed exhibits contain the expert opinions of an individual whom the Plaintiff has fail to properly identify as a expert witness pursuant to Fed.R.Civ.P.26(a)(2)(B).

B.     FIREMAN'S FUND SWORN STATEMENTS IN PROOF OF LOSS

The defendant P & D Builders, Inc., objects to the admissibility of the Sworn Statements in Proof of Loss relative to claim nos. 110-04-267142 and 004-04-069286, on grounds that they are irrelevant, inaccurate and misleading. As further grounds for objection the defendant states that the proposed exhibits contain the expert opinions of an individual whom the plaintiff has fail to properly identify as a expert witness pursuant to Fed.R.Civ.P.26(a)(2)(B).

The defendant contends that, in the absence of expert testimony in their support, the plaintiff's proposed exhibits lack the foundation necessary to establish their admissibility. The defendant, P&D Builders, performed construction work at the Pavia residence to repair the

1018096v1

damage caused by the subject fire and a separate loss-inducing event involving a broken water pipe. P&D Builders was reimbursed on a time and materials basis. However, P&D Builders and its subcontractors did not keep separate records for the work they performed to repair the damage that resulted from these two separate events. In the absence of expert testimony explaining the means by which the two losses were separated out, the plaintiff's proposed exhibits are inadmissible, as they lack sufficient indicia of reliability.

C.   LIST OF DAMAGE CONTENTS

P&D Builders objects to the admissibility of the List of Damage Contents submitted by the plaintiff's insured and/or the public adjusters retained by plaintiff's insured, as they contain the expert opinions of individuals whom the plaintiff has fail to properly identify as expert witnesses pursuant to Fed.R.Civ.P.26(a)(2)(B). The defendant further objects on the basis of hearsay.

The defendant P&D Builders contends that there is no evidence that plaintiff's insured, or public adjusters retained by plaintiff's insured, are qualified to offer an opinion as to the value of the contents purportedly damaged in the subject fire, or the fact that the items needed to be repaired or replaced. The defendant further contends that there is no evidence that there is a factual or technical basis for the value of the damage to the items, or the contention that the items required repair or replacement.

D.   P&D BUILDERS BILLING AND INVOICES FOR POST-LOSS REPAIRS

The defendant P&D Builders objects to the admissibility of its bills and invoices for post-loss repairs because they are irrelevant and misleading. The defendant, P&D Builders, performed construction work at the Pavia residence to repair the damage caused by the subject fire and a separate loss-inducing event involving a broken water pipe. P&D Builders was reimbursed on a time and materials basis. However, P&D Builders and its subcontractors did not

2

keep separate records for the work they performed to repair the damage that resulted from these two separate events. Consequently, these documents contain irrelevant and misleading information concerning the nature and extent of the plaintiff's alleged losses. The defendant further objects on the basis of hearsay.

E.   DRAFT PAYMENT DETAILED REPORT FROM FIREMAN'S FUND

The defendant P&D Builders objects to the admissibility of plaintiff's draft payment detailed report because it is irrelevant, inaccurate and misleading. Moreover, the amounts set forth in the draft summary are not supported by admissible expert opinion. The defendant further objects on the basis of hearsay.

Respectfully submitted,
The Defendant/Third-Party plaintiff,
P&D Builders, Inc.,
By its attorneys,

/s/ *Curtis L.S. Carpenter*
_____
William Joseph Flanagan, BBO #556598
Curtis L.S. Carpenter, BBO #657358
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 23, 2007.

/s/ *Curtis L.S. Carpenter*
_____
Name, BBO No. 657358

1018096v1