IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------X

FIREMAN'S FUND INSURANCE  COMPANY
as subrogee of JULIA PAVIA                            CIVIL ACTION NO.
77 San Marin Drive                                        05-10827 (DPW)
Novado, California

                              Plaintiff,

          vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                              Defendants.

-------------------------------------------------------------X

## MOTION TO AMEND COMPLAINT

The plaintiff, Fireman's Fund Insurance Company, hereby moves to

amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

The plaintiff seeks to amend the complaint to substitute Joseph Falco personally

for Falco Construction Corp. and to have the amendment relate back to the date

of the filing of the original complaint.  As is more fully articulated in the

accompanying Memorandum of Law, Falco Construction Corp. was no longer

doing business when the alleged acts of negligence took place.  Instead, as of

that time, Mr. Falco was operating his company as a sole proprietorship using the

tradename of Falco Construction.  Mr. Falco was served with the complaint, he

has had notice of the claims against him, and he has actively defended this

matter on the merits.  Accordingly, the plaintiff respectfully submits that the

elements set forth in Rule 15 (c) have been satisfied and the amendment to the

complaint should be allowed to relate back to the date of the original pleading.

Respectfully submitted,
THE PLAINTIFF,

BY: /s/ Stuart G. Blackburn
Stuart G. Blackburn
Law Offices of Stuart G.
Blackburn
Two Concorde Way
PO Box 608
Windsor Locks, CT 06096
BBO# 549797

Dated:  May 24, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------X

FIREMAN'S FUND INSURANCE  COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (DPW)

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

Defendants.

----------------------------------------------------------------X

## O R D E R

The foregoing Motion to Amend Complaint having been heard by this

court, it is hereby so ordered:

### *GRANTED/DENIED*

*By the Court,*

_____

*J/Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

--------------------------------------------------------------X

FIREMAN'S FUND INSURANCE  COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (DPW)

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

Defendants.

--------------------------------------------------------------X

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Undersigned counsel for the Plaintiff, Fireman's Fund Insurance
Company, hereby certifies that I have, in good faith, spoken with opposing
counsel in order to resolve and narrow the issues that form the basis for the
foregoing motion.

Respectfully submitted,
THE PLAINTIFF,

BY:  /s/ Stuart G. Blackburn
Stuart G. Blackburn
Law Offices of Stuart G.
Blackburn
Two Concorde Way
PO Box 608
Windsor Locks, CT 06096
BBO# 549797

Dated:  May 24, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------X

FIREMAN'S FUND INSURANCE  COMPANY
as subrogee of JULIA PAVIA                        CIVIL ACTION NO.
77 San Marin Drive                                    05-10827 (DPW)
Novado, California

                        Plaintiff,

          vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                        Defendants.
------------------------------------------------------------X

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND**

I. Facts and Procedural History

This action was commenced on April 20, 2005 by a complaint asserting

claims against three defendants, P. & D Builders, Falco Construction Corp., and

Michael Carresi doing business as Carresi Plumbing.  The allegations are that

the three defendants participated in the construction of a fireplace at the home of

the plaintiffs' insured.  The fireplace was improperly constructed and led to a fire

on January 26, 2004.  The defendant Falco Construction Corp. was at one time a

valid corporation under the laws of the Commonwealth of Massachusetts.

However, the corporation had ceased to exist prior to the time that the fireplace

was constructed.

Service of process on Falco Construction Corp. was affected by serving

Joseph Falco personally as an agent for the corporation. (See the Return of

Service attached as Exhibit A.) Thereafter, Mr. Falco did not specifically raise the

issue of the existence of Falco Construction Corp. in defending this case. In its

answer to the complaint, Falco Construction Corp. did not deny its existence but

stated that it did not have knowledge of the truth of allegations regarding its

corporate status. (See Falco's answer to the complaint attached as Exhibit B.)

Falco Construction Corp. filed a corporate disclosure statement, as any valid

corporation is required to do. (See Falco's corporate disclosure statement

attached as Exhibit C.) Falco Construction Corp. also filed the required certificate

pursuant to local Rule 16.1(D)(3) which is signed by Joseph Falco on behalf of

Falco Construction Corp. (See Falco's 16.1(D)(3) certificate which is attached as

Exhibit D.) Mr. Falco has defended this case on a substantive basis alleging that

he was not asked to build anything more than a decorative fireplace at the

plaintiff's insureds home. It is worthy to note that the issue of Falco's corporate

status was not raised at any time prior to the discussions between counsel

regarding the pretrial memorandum. This includes during a settlement mediation

held in January.

II. Argument

Rule 15 of the Federal Rules of Civil Procedure provides as follows:

> (a) Amendments. A party may amend the party's pleading once as
> a matter of course at any time before a responsive pleading is
> served or, if the pleading is one to which no responsive pleading is
> permitted and the action has not been placed upon the trial
> calendar, the party may so amend it at any time within 20 days after
> it is served. Otherwise a party may amend the party's pleading
> only by leave of court or by written consent of the adverse party;

and leave shall be freely given when justice so requires.

...

(c) Relation Back of Amendments.  An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
 (3) the amendment changes the party with the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced and maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The rule on the relation back of amendments to pleadings is permissive as long as the elements set forth have been satisfied.  Amendments pursuant to the rule should be freely allowed.  Staren v. American Nat. Bank & Trust Co. of Chicago, 529 F.2d 1257 (7th Cir.  1976); Hammond-Knowlton v. U.S., 121 F.2d 192 (2nd Cir. 1941); Hampton v. Hanrahan, 522 F.Supp. 140 (N.D. Ill. 1981). Rule 15 reinforces one of the basic policies of the Federal rules; i.e., that pleadings are not an end in themselves but are only a means to assist in the presentation of the case on the merits.  Reyna v. Flashtax, Inc., 162 F.R.D. 530 (S.D. Tex. 1995).

Under Rule 15 (c), the relation back of an amendment changing the party against whom a claim is made depends on the occurrence of three prerequisites: (1) the amended claim must arise out of the same occurrence set forth in the

-3-

original pleading; (2) within the period provided by law for commencing the action the substitute defendant must receive notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; and (3) the substitute defendant must have known, or should have known, that but for a mistake concerning the identity of the party, the action would have been brought against him.  Simmons v. Fenton, 480 F.2d 133 (7th Cir. 1973); Bell v. Veterans Admin. Hosp. 826 F.2d 357 (5th Cir. 1987).; William H. McGee & Co. v. M/V Ming Plenty, 164 F.R.D. 601 (S.D.N.Y. 1995) .

Each of the elements required by Rule 15 (c) is satisfied in this case.  The proposed amendment seeks to merely substitute Mr. Falco personally for a corporation, Falco Construction Corp., which he at one time owned and operated.  The allegations of the complaint alleging Mr. Falco's negligent conduct will not change.  Mr. Falco was served with the complaint, even though at that time the complaint named his former corporation.  Accordingly he received notice of the action and is not prejudiced by the amendment. He has actively defended the case on a substantive basis from the outset.  In defending this case, Mr. Falco has never raised the issue of corporate status but instead consistently asserted that others were responsible for the improper use of the fireplace structure he built in the plaintiff's insureds home, or that the plaintiff's insured herself was contributorily negligent.  Mr. Falco's counsel has taken numerous depositions of fact and expert witnesses and has disclosed expert witnesses to

advance substantive theories showing that Mr. Falco is not responsible for the fire. In short Mr. Falco can claim no prejudice from this amendment to the complaint since he has actively and aggressively defended this case on the merits.

Furthermore, Mr. Falco had to have known that but for the fact that the plaintiff named his former corporation as a defendant, he personally would have been a party to this action. Mr. Falco does not deny working at the plaintiff's insureds home. Nor does he deny building a structure which resembled fireplace in the home. Accordingly, when he received the complaint in this case addressed to his former corporation he had to have known it was a mistake. He also had to have known that once the mistake was corrected he would be a defendant in the case. Indeed, Mr. Falco did little to alert any of the other parties to this case of the mistake that had been made in naming the defunct corporation. Falco's answer to the complaint does not deny the allegation of corporate status but rather claims a lack of knowledge with respect to that status. Additionally, Falco Construction Corp. filed a corporate disclosure statement and a certification pursuant to local Rule 16.1(D)(3) which is signed by Mr. Falco on behalf of the corporation. Although clearly Mr. Falco testified concerning the status of his corporation at his deposition, at no other point did he raise the issue that a non-existent entity had been sued.

Accordingly, Mr. Falco knew he was involved as a potential defendant in this matter from shortly after the fire occurred. He has actively appeared and

defended himself on a substantive basis and done little to raise the issue that the defendant named was a non-existent corporation.  The plaintiff respectfully requests that the court permit an amendment substituting Joseph Falco for Falco Construction Corp. and allow that were an amendment to relate back to the date of filing in service of the original complaint.

Respectfully submitted,
THE PLAINTIFF,

BY:  /s/ Stuart G. Blackburn
Stuart G. Blackburn
Law Offices of Stuart G.
Blackburn
Two Concorde Way
PO Box 608
Windsor Locks, CT 06096
BBO# 549797

Dated:  May 24, 2007

%AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of
MASSACHUSETTS

FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA

**SUMMONS IN A CIVIL ACTION**

V.

FALCO CONSTRUCTION CORP;
P & D BUILDERS, INC; and
MICHAEL CARRESI d/b/a CARRESI PLUMBING
& HEATING

CASE NUMBER:  05-10827 DPW

TO: (Name and address of Defendant)

FALCO CONSTRUCTION CORP
C/O JOSEPH FALCO
5 COOLIDGE CIRCLE
EASTON, MA 02334

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

STUART G. BLACKBURN, ESQ.
Law Offices of Stuart G. Blackburn
Two Concorde Way
PO Box 608
Windsor Locks, CT 06096

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.



SARAH A. THORNTON

JUN 2 0 2005

_____
CLERK                                          DATE

_____
(By) DEPUTY CLERK

**Bristol County Deputy Sheriffs' Office** • P.O. Box 8928 • New Bedford, MA 02742-0928 • (508) 992-6631

*Bristol, ss.*

July 15, 2005

I hereby certify and return that on 7/14/2005 at 12:05 pm I served a true and attested copy of the Summons and Complaint in this action in the following manner: To wit, by delivering in hand to Joe Falco, agent, person in charge at the time of service for Falco Construction Corp., 5 Coolidge Circle, Easton, MA 02334. Copies ($2.00), Conveyance ($4.50), Travel ($14.40), Basic Service Fee ($30.00), Postage and Handling ($2.75), Attest Fee ($5.00) Total Charges $58.65

Deputy Sheriff Brian Sweeney

_____
*Deputy Sheriff*

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|--------|----------|-------------|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
              Date                      *Signature of Server*

                                       _____
                                       *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE FIREMAN'S FUND INSURANCE )
COMPANY as subrogee of JULIA PAVIA )
77 San Marin Drive Novado, California, )
      Plaintiff )     CIVIL ACTION
 )     NO. 05-cv-10827-DPW
 )
VS. )
 )
FALCO CONSTRUCTION CORP., )
P & D BUILDERS, INC. and )
MICHAEL CARRESI d/b/a )
CARRESI PLUMBING & HEATING, )
      Defendants )

## ANSWER AND JURY DEMAND OF DEFENDANT, FALCO CONSTRUCTION CORP. TO THE PLAINTIFF'S COMPLAINT

The Defendant, Falco Construction Corp. hereby responds to the Plaintiff, the

Fireman's Fund Insurance Company as subrogee of Julia Pavia 77 San Marin Drive Novado,

California's Complaint and Jury Demand, as follows:

1.    The Defendant is without knowledge or information sufficient to form a belief as to

the truth of the averments of paragraph 1 and calls upon the Plaintiff to prove the same.

2.    The Defendant is without knowledge or information sufficient to form a belief as to

the truth of the averments of paragraph 2 and calls upon the Plaintiff to prove the same.

3.    The Defendant is without knowledge or information sufficient to form a belief as to

the truth of the averments of paragraph 3 and calls upon the Plaintiff to prove the same.

4.    The Defendant is without knowledge or information sufficient to form a belief as to

the truth of the averments of paragraph 4 and calls upon the Plaintiff to prove the same.

## JURISDICTION AND VENUE

5.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 and calls upon the Plaintiff to prove the same.

6.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 and calls upon the Plaintiff to prove the same.

## GENERAL ALLEGATIONS

7.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 and calls upon the Plaintiff to prove the same.

8.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 and calls upon the Plaintiff to prove the same.

9.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 and calls upon the Plaintiff to prove the same.

10.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 and calls upon the Plaintiff to prove the same.

11.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 and calls upon the Plaintiff to prove the same.

## COUNT 1

## NEGLIGENCE (FFIC VS. FALCO)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11 of this Answer.

12 (a-d).   The allegations of Count 1, paragraph 12 are denied.

13.    The allegations of Count 1, paragraph 13 are denied.

## COUNT 2

## BREACH OF CONTRACT (FFIC VS. FALCO)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11 of this Answer.

12 (sic).   The allegations of Count 2, paragraph 12 are denied.

13 (sic).   The allegations of Count 2, paragraph 13 are denied.

14 (sic).   The allegations of Count 2, paragraph 14 are denied.

## COUNT 3

## NEGLIGENCE (FFIC VS. P& D BUILDERS)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11(sic) of this Answer.

12 (sic). (a-d)   The allegations of Count 3, paragraph 12(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count3, paragraph 12(sic) and calls upon the Plaintiff to prove the same.

13 (sic).   The allegations of Count 3, paragraph 13(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 3, paragraph 13(sic) and calls upon the Plaintiff to prove the same.

## COUNT 4

## BREACH OF CONTRACT (FFIC VS. P&D BUILDERS)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11(sic) of this Answer.

12 (sic).  The allegations of Count 4, paragraph 12(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 4, paragraph 12(sic) and calls upon the Plaintiff to prove the same.

13 (sic).  The allegations of Count 4, paragraph 13(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 4, paragraph 13(sic) and calls upon the Plaintiff to prove the same.

14 (sic).  The allegations of Count 4, paragraph 14(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 4, paragraph 14(sic) and calls upon the Plaintiff to prove the same.

## COUNT 5

## NEGLIGENCE (FFIC VS. CARRESI)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11(sic) of this Answer.

12 (sic). (a-d)   The allegations of Count 5, paragraph 12(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 5, paragraph 12(sic) and calls upon the Plaintiff to prove the same.

13 (sic).  The allegations of Count 5, paragraph 13(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant.  Otherwise, the

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 5, paragraph 13(sic) and calls upon the Plaintiff to prove the same.

## COUNT 6

## BREACH OF CONTRACT (FFIC VS. CARRESI)

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11(sic) of this Answer.

12 (sic).   The allegations of Count 6, paragraph 12(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant. Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 6, paragraph 12(sic) and calls upon the Plaintiff to prove the same.

13 (sic).   The allegations of Count 6, paragraph 13(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant. Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 6, paragraph 13(sic) and calls upon the Plaintiff to prove the same.

14 (sic).   The allegations of Count 6, paragraph 14(sic) are not directed against the Defendant, Falco, and therefore require no response from this Defendant. Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 6, paragraph 14(sic) and calls upon the Plaintiff to prove the same.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the plaintiff and plaintiff's subrogor's failure to mitigate damages.

## SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of plaintiff's subrogor is greater than the negligence of the defendant or any recovery must be reduced by the percentage of negligence attributable to plaintiff's subrogor in accordance G.L. c. 231, §85.

## THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the defendant.

## FOURTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct the defendant is not legally responsible.

## FIFTH AFFIRMATIVE DEFENSE

The Court does not have jurisdiction over the person of the defendant.

## SIXTH AFFIRMATIVE DEFENSE

The process in this action is insufficient.

## SEVENTH AFFIRMATIVE DEFENSE

The service of process in this action is insufficient.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## NINTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the results of risks assumed by the plaintiff and plaintiff's subrogor.

### TENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the statute of frauds.

### ELEVENTH AFFIRMATIVE DEFENSE

A necessary party under Rule 19 has been failed to be joined.

### TWELFTH AFFIRMATIVE DEFENSE

The defendant is misnamed.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been accorded and satisfied.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by a failure of consideration and/or a lack of consideration.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been paid.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been released.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations or repose.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been waived.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of privity of contract between plaintiff or plaintiff's subrogor and defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been paid.

## JURY DEMAND

The Defendant, Falco Construction Corp., hereby demands a trial by jury on all counts and issues so triable.

Respectfully submitted,
The Defendant,
Falco Construction Corp.,
By its Attorneys,

John F. Toomey, BBO # 500160
Patricia A. Larkin, BBO # 561642
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA  02110
(617) 946-0930

Dated: 7/2/.5

## <u>CERTIFICATE OF SERVICE</u>

I, John F. Toomey, counsel for the Defendant, Falco Construction Corp., do hereby certify that I served a copy of the foregoing **ANSWER AND JURY DEMAND OF FALCO CONSTRUCTION CORP. TO THE PLAINTIFF'S COMPLAINT**, on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

Stuart G. Blackburn, Esquire
Erik Loftus, Esquire
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096

Curtis L.S. Carpenter, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

William J. Flanagan, Esquire
Morrison, Mahoney, & Miller LLP
250 Summer Street
Boston, MA 02210

Robert P. Turner, Esquire
Avery, Dooley, Post & Avery
90 Concord Ave.
Belmont, MA 02178-9107

Date: 7/8/05                     Attorney: _____

bmd  62749.1  7/7/05

10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE )<br>COMPANY as subrogee of JULIA PAVIA )<br>77 San Marin Drive Novado, California, )<br>　　　Plaintiff )<br> )<br>VS. )<br> )<br>FALCO CONSTRUCTION CORP., )<br>P & D BUILDERS, INC. and )<br>MICHAEL CARRESI d/b/a )<br>CARRESI PLUMBING & HEATING, )<br>　　　Defendants )<br> )<br>　　　VS. )<br> )<br>HEATMASTER, INC. )<br>　　　Third-Party Defendant )| CIVIL ACTION<br>NO. 05-cv-10827-DPW |

**FALCO CONSTRUCTION CORP.'S**
**CORPORATE DISCLOSURE STATEMENT**

　　　Pursuant to Local Rule 7.3(A) of the United States District Court for the District of

Massachusetts, Falco Construction Corp. submits the following as its Corporate Disclosure

Statement:

1.　　The filing party, a nongovernmental corporation, identifies the following parent

corporation that controls the filing party, directly or through others, or which owns 10% or

more of the party's stock:  None.

2.　　The filing party identifies the following publicly held company that controls the

filing party, directly or through others, or which owns 10% or more of the party's stock:

None.

Respectfully submitted,
The Defendant,
Falco Construction Corp.,
By its Attorneys,


/s/ John F. Toomey
John F. Toomey, BBO # 500160
Patricia A. Larkin, BBO # 561642
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA  02110
(617) 946-0930

Dated:  August 4, 2005

## CERTIFICATE OF SERVICE

I, John F. Toomey, counsel for the Defendant, Falco Construction Corp., do hereby certify that I served a copy of the foregoing **DEFENDANT, FALCO CONSTRUCTION CORP.'S CORPORATE DISCLOSURE STATEMENT**, on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

Stuart G. Blackburn, Esquire
Erik Loftus, Esquire
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096

Curtis L.S. Carpenter, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

William J. Flanagan, Esquire
Morrison, Mahoney, & Miller LLP
250 Summer Street
Boston, MA 02210

Robert P. Turner, Esquire
Avery, Dooley, Post & Avery
90 Concord Ave.
Belmont, MA 02178-9107

Date: <u>August 4, 2005</u>          Attorney: <u>/s/ John F. Toomey</u>

kh  63538.1  8/4/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA 77 San Marin Drive Novado, California, Plaintiff | ) ) ) ) ) | CIVIL ACTION NO. 05-cv-10827-DPW |
| VS. | ) ) | |
| FALCO CONSTRUCTION CORP., P & D BUILDERS, INC. and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING, Defendants | ) ) ) ) ) ) | |
| VS. | ) ) ) | |
| HEATMASTER, INC. Third-Party Defendant | ) ) | |

### DEFENDANT, FALCO CONSTRUCTION CORP.'S CERTIFICATE PURSUANT TO LOCAL RULE 16.1(D)(3)

Now comes the Defendant, Falco Construction Corp., in the above-entitled matter

together with its attorney and hereby certifies as follows:

1. That they have conferred with a view towards establishing a budget for the cost of

   conducting the full course, and various alternative courses, of the litigation; and

2. That they have conferred to consider the resolution of the litigation through the use

   of alternative dispute resolution programs such as those outlined in Local Rule

   16.4.

By the Defendant,                           By Defendant's attorneys,

*Joseph Falco*                              *Pat k Lan*
Joseph Falco                                John F. Toomey, BBO#500160
Falco Construction Corp.                    Patricia A. Larkin, BBO # 561642
5 Coolidge Circle                           TOOMEY & YUDYSKY LLP
South Easton, MA 02375                      99 Summer Street
                                            Boston, MA 02110
                                            (617) 946-0930

Date: 9 - 15 - 005                          Date: 10/14/05

2

## CERTIFICATE OF SERVICE

I, John F. Toomey, counsel for the Defendant, Falco Construction Corp., do hereby certify that I served a copy of the foregoing **CERTIFICATE PURSUANT TO LOCAL RULE 16.1(D)(3)**, on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

Stuart G. Blackburn, Esquire
Erik Loftus, Esquire
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096

Curtis L.S. Carpenter, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

William J. Flanagan, Esquire
Morrison, Mahoney, & Miller LLP
250 Summer Street
Boston, MA 02210

Robert P. Turner, Esquire
Avery, Dooley, Post & Avery
90 Concord Ave.
Belmont, MA 02178-9107

Scott Ober, Esquire
HASSETT & DONELLY, P.C.
484 Main Street, Suite 560
Worcester, MA 01608

Date: <u>October 14, 2005</u>              Attorney: <u>/s/ John F. Toomey</u>

kh  63938.1  10/14/05

3