IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------X
FIREMAN'S FUND INSURANCE  COMPANY
as subrogee of JULIA PAVIA

CIVIL ACTION NO.
05-10827 (DPW)

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

JUNE 6, 2007

Defendants.

----------------------------------------------------------------X

## PLAINTIFF'S OBJECTION TO DEFENDANT FALCO CONSTRUCTION'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF BREACH OF CONTRACT

The Plaintiff, the Fireman's Fund Insurance Company, hereby objects to

the Defendant Falco Construction Corporation's (hereinafter "Falco") Motion *in*

*Limine* concerning its breach of contract claim.  In support of its objection the

Plaintiff states as follows:

1.      The Plaintiff has brought a subrogation action against three Defendants

for damages arising from a fire that occurred on January 26, 2004 at its insured's

home in Newton, Massachusetts.  The claim is that each of the Defendants was

negligent in the construction of a fireplace into which a gas log appliance was

inserted and that each of the Defendants breached their contracts with the

Plaintiff's insured by failing to construct the fireplace in a workmanlike manner.

2.     The Defendant Falco has moved *in limine* to preclude the Plaintiff from introducing any evidence or referring to its purported breach of contract.

3.     The Plaintiff's position is that Mr. Falco acted as a subcontractor for the Defendant P&D Builders, which was the general contractor on the project. However, Philip Rothschild who is the president of P&D Builders testified that the construction of the fireplace was outside the scope of his work as a general contractor and that he had requested that Ms. Pavia "deal directly" with Mr. Falco concerning the construction of the fireplace. (See deposition testimony of Philip Rothschild attached as Exhibit A at pages 68-69 and 189-190). If, for the purposes of this objection, Mr. Rothschild's testimony is true and accurate, it would imply that a verbal contract was created between the Plaintiff's insured and Defendant Falco.

4.     Accordingly while the Plaintiff intends to challenge Mr. Rothschild's characterization that Mr. Falco was not acting as his subcontractor in the construction of the fireplace, to the extent that the jury accepts Mr. Rothschild's testimony then Mr. Falco was working directly for Ms. Pavia in the construction of the fireplace and there would therefore be an agreement between them which would form the basis of the Plaintiff's breach of contract action against Mr. Falco.

Accordingly the Plaintiff respectfully requests that this Court deny the Defendant Falco Construction Corporation's Motion to Preclude the Plaintiff from introducing any evidence or referring to a breach of contract claim.

THE PLAINTIFF,


By:  /s/ Stuart G. Blackburn
         Stuart G. Blackburn, Esq.
         Law Offices of Stuart G.
         Blackburn
         Two Concorde Way
         P.O. Box 608
         Windsor Locks, CT 06096
         Tel. 860-292-1116
         Fax 860-292-1221
         BBO# 549797

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------X
FIREMAN'S FUND INSURANCE  COMPANY
as subrogee of JULIA PAVIA

CIVIL ACTION NO.
05-10827 (DPW)

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

JUNE 6, 2007

Defendants.
-------------------------------------------------------------X

## O R D E R

The foregoing Plaintiff's Objection to Defendant Falco Construction's

Motion *in Limine* to Exclude Evidence of Breach of Contract by the Plaintiff

having been heard by this court, it is hereby so ordered:

### *GRANTED/DENIED*

*By the Court,*

_____

*J/Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## CERTIFICATE OF SERVICE

-----------------------------------------------------------------X

FIREMAN'S FUND INSURANCE  COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (DPW)

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

June 6, 2007

Defendants.

-----------------------------------------------------------X

I hereby certify that on **June 6, 2007** a copy of the foregoing **Plaintiff's Objection to Defendant Falco Construction's Motion *in Limine* To Exclude Evidence of Breach of Contract** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Stuart G. Blackburn
Stuart G. Blackburn (BBO# 549797)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 facsimile
sgblackburn@sbcglobal.net

# EXHIBIT A

**PHILLIP ROTHSCHILD**
**March 30, 2006**



Page 1

```
 1                UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF MASSACHUSETTS

 3

 4

 5

 6

 7    *********************************

 8    THE FIREMAN'S FUND INSURANCE

 9    COMPANY as subrogee of JULIA PAVIA,

10                  Plaintiff

11    vs.

12    FALCO CONSTRUCTION CORP., P&DK

13    BUILDERS, INC. and MICHAEL

14    CARRESI d/b/a CARRESI PLUMBING &

15    HEATING,                C.A. 05-10827DPW

16                  Defendants

17    vs.

18    HEATMASTER, INC.,

19                  Third-party Defendant

20    *********************************

21

22

23

24
```

**PHILLIP ROTHSCHILD**
**March 30, 2006**

Page 68

1          Q When the project starts, your

2     testimony is that the understanding between

3     you and the Pavias is that your're not going

4     to have anything to do with the fireplace;

5     right?

6          A Yes.

7          Q Did you offer to arrange for the

8     mason to build the fireplace?

9          A No, I had her do it.

10         Q Excuse me?

11         A I had her do it with the mason,

12    give him a sketch and explain to him how she

13    wanted it built.

14         Q When did that happen?

15         A After we had the framework and

16    everything up and finished on the outside

17    with all the brick work.

18         Q Well, when did you have this

19    conversation that you were going to have her

20    contact the mason directly?

21         A After she came in when we had it

22    framed, she said, this is where I want the

23    fireplace, in this corner.  I said, well, you

24    just can't stick a fireplace, you have to

**CATUOGNO COURT REPORTING SERVICES**
**Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI**

**PHILLIP ROTHSCHILD**
**March 30, 2006**

Page 69

1    have a sketch, you have to have something

2    what you're going to do here, how you're

3    going to build it.  I have that, she said.

4        Q She gave that to you at that

5    time?

6        A She showed it to me.  I said,

7    give it to Mr. Falco, he's the one who's

8    going to be building it for you.

9        Q Now, prior to that time, had you

10   discussed with Mr. Falco the fireplace?

11       A I said to him one time I think

12   that, yes, they do want a fireplace, but I

13   have no idea where they're going to put it,

14   what it's going to be made out of.

15       Q Prior to that, before the

16   framing was done, did you have conversations

17   with Mrs. Pavia from time to time about this

18   fireplace?

19       A Yes.

20       Q When did you --

21            MR. BLACKBURN:  Withdrawn.

22       Q Was it your understanding that

23   she wanted the fireplace in the office at all

24   times throughout this project?

**CATUOGNO COURT REPORTING SERVICES**
Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI

**PHILLIP ROTHSCHILD**
**March 30, 2006**

Page 189

1        Q What did you do?

2        A I told her, Julie, I said, I

3    don't really want anything to do with the

4    fireplace, that's on your nickel, I said to

5    her.

6        Q Did you ever put anything in

7    writing to memorialize your conversation with

8    Julie Pavia excluding the fireplace work from

9    your scope of work?

10        A Other than on the paperwork

11    there where it says no fireplace, I'm not

12    sure where those are now, but it does say it

13    somewhere in there.

14        Q In the exhibits marked today?

15        A Yes.

16        Q That's the only place?

17        A Yes.

18        Q Did you hire Mr. Falco to do the

19    masonry work for the fireplace?

20        A I hired him, Mr. Falco, to do

21    the masonry -- no, to do the masonry work for

22    the addition.

23        Q Who hired Mr. Falco to do the

24    masonry work on the fireplace?

**PHILLIP ROTHSCHILD**
**March 30, 2006**

Page 190

1          A Well, he was instructed what to

2     do by Julie, but I hired him to do the other

3     part of the work.  I don't know if you could

4     gel it together or what, but ...

5          Q The work that you hired Mr.

6     Falco to do was to put the brick on the

7     exterior of the property?

8          A Yes, and patch in the holes, the

9     windows and stuff that came out.

10          Q Somebody else hired him to do

11     the brick work for the fireplace?

12          A He was paid by me.  No one else

13     actually hired him to do that.  He just did

14     what she told him to do, she meaning Julie.

15     She designed it, gave it to him to build.

16          Q But you paid Mr. Falco for the

17     work?

18          A Yes.

19          Q Did you pay Mr. Falco in a lump

20     sum for the work that did he on the exterior

21     and the fireplace?

22          A I think -- no, I paid him

23     separate payments, I think three payments or

24     two payments; two payments.

**CATUOGNO COURT REPORTING SERVICES**
**Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI**