IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA

                Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                Defendants.
---------------------------------------------------------------X

CIVIL ACTION NO.
05-10827 (DPW)

JUNE 6, 2007

## PLAINTIFF'S OBJECTION TO DEFENDANT FALCO CONSTRUCTION'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EXHIBITS PROPOSED BY THE PLAINTIFF

The Plaintiff hereby objects to the Defendant Falco Construction Corporation's (hereinafter "Falco") Motion *in Limine* concerning certain of the exhibits which the Plaintiff proposes to use at trial.

### 1. Estimates Of Loss Prepared By Richard Mancuso.

The Defendant has objected to the estimates of loss prepared by Mr. Mancuso on the basis of hearsay, relevance, and because they contain expert opinion and Mr. Mancuso was not disclosed as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). The admissibility of Mr. Mancuso's purported expert testimony is the subject of a separate motion filed by the Defendant Falco to which the Plaintiff has objected. Accordingly the Plaintiff incorporates its response to that motion in response to this motion.

Mr. Mancuso's estimates were used as a tool by the Fireman's Fund adjuster Eric Schwalbach. Mr. Schwalbach used the estimates in apportioning and adjusting the loss between the damage done by the fire which is the subject of this action, and the damage done by a ruptured water pipe which occurred at the Plaintiff's insured's home approximately 16 hours prior to the fire. Mr. Mancuso evaluated the damage from both incidents and prepared an estimate of both losses. Mr. Mancuso's company did not do the repairs as they were done by the Defendant P&D Builders. However, the scope of work contained in Mr. Mancuso's estimates was used as a tool by Mr. Schwalbach in apportioning the loss. Accordingly, Mr. Mancuso's estimates are relevant to the Plaintiff's valuation, apportionment and adjustment of the loss. If for no other reason, they are admissible as materials reasonably used by Mr. Schwalbach in making his apportionment of the loss. See Rule 703 of the Federal Rules of Evidence.

## 2. Fireman's Fund Sworn Statements In Proof Of Loss

The Defendant has objected to the admission of the Fireman's Fund's Proofs of Loss because they are hearsay, irrelevant, misleading, inaccurate and contain expert opinion. The submission of sworn statements in proof of loss are among the duties required of an insured when presenting a property insurance claim. In this case, sworn statements in proof of loss were submitted in support of the Plaintiff's insured's claims for both damage from the fire and damage from the ruptured pipe. Both Ms. Pavia and Mr. Schwalbach will testify at trial how the amounts included in the proofs of loss were determined. The repair of the damage done by the fire and by the ruptured water pipe was preformed by the

Defendant P&D Builders. P&D Builders did not separate on its invoices the work that it did to repair the fire damage as opposed to the damage from the ruptured water pipe. Nevertheless Ms. Pavia and Mr. Schwalbach will testify concerning the apportionment of those damages and costs supporting the figures contained on the Proofs of Loss submitted. The statements in proofs of loss are relevant since they include the claim made by Ms. Pavia which forms the basis of the Plaintiff's subrogation rights. While the Defendant Falco may challenge the manner in which the loss was apportioned, the Plaintiff should be permitted to show the claim it received and the payments that were made. Furthermore, to the extent that the statements contain opinions, it is opinion that is permitted to be given by Ms. Pavia as the owner of the property, See <u>Glosband v. Watts Detective Agency Inc.</u>, 21 B.R. 963, 10 Fed.R. Evid.Serv. 1341 (D. Mass 1981), or by Mr. Schwalbach who was disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(A).

### 3.  List of Damage Contents

Although the Defendant indicates that it objects to the admission of the list of damaged contents prepared by the Plaintiff's insured in connection with this claim, it makes no specific reference to that exhibit in its motion. Accordingly, since the Defendant has objected to all of the exhibits as inadmissible hearsay, the Plaintiff assumes that the Defendant Falco objects to the list of contents on the basis of hearsay. It is the Plaintiff's intention to use the list of contents during Ms. Pavia's testimony as demonstrative evidence of her testimony concerning the contents that were damaged in the loss. Accordingly, the list of contents is

not hearsay since it is merely being used to demonstrate and illustrate Ms. Pavia's testimony.  Furthermore, to the extent that the list could be considered hearsay, it is admissible under the business record exception to the hearsay rule.

### 4.  P&D Builders Invoices For Post-Loss Repairs

The Defendant has objected to the P&D Builders' invoices as inadmissible claiming that they are irrelevant, inaccurate, misleading, and hearsay. Apparently, the basis for claiming that the P&D invoices should be excluded is the fact that P&D Builders failed to designate which of the repair costs were associated with water damage from the ruptured pipe versus fire damage.  P&D Builders performed all of the repairs necessary as a result of the fire and the ruptured water pipe.  Accordingly, contained within their invoices is the cost to repair the Plaintiff's insured's home as a result of the fire.  The Plaintiff used the actual amounts charged by P&D Builders in apportioning and adjusting the losses and making payments on those claims.  Ms. Pavia and Mr. Schwalbach will testify concerning the apportionment of those damages.  Accordingly, the entire cost charged by P&D Builders is relevant even though the Plaintiff does not claim the entire cost as being related to the fire damage.  While the Defendant challenges whether Fireman's Fund properly apportioned the work performed by P&D Builders between the fire damage and the damage from the ruptured pipe, the propriety of that apportionment is for the jury to decide. Certainly the invoices from P&D are relevant.  Furthermore, since they will be introduced through the testimony of the president of P&D Builders, and they are

the actual bills paid by Ms. Pavia for the repairs done, the invoices are not hearsay.

## 5. Fireman's Fund Draft Payment Report

The Defendant objects to the Plaintiffs draft payment report claiming that it is irrelevant, inaccurate and misleading and that the amounts set forth are not supported by admissible expert opinion. In order to be able to pursue a subrogation action, the Plaintiff is required to make payments to its insured. Certainly, the evidence of those payments is relevant and material to the case. While the Defendant questions whether the payments made by the Plaintiff to its insured were properly apportioned, that challenge does not make the evidence of those payments irrelevant. The Plaintiff is not offering this payment report to prove the reasonableness of the payments, but rather simply to show that the payments were made and the amount of each. The basis for those payments will be proved by other testimony from which the jury can decide whether the amounts of the payments were justified. Furthermore the draft payment report, to the extent that it is hearsay, is admissible pursuant to the business record exception.

Accordingly the Plaintiff respectfully requests that this Court deny the Defendant's Motion *in Limine* regarding certain of the Plaintiff's proposed exhibits.

THE PLAINTIFF,

By: /s/ Stuart G. Blackburn
    Stuart G. Blackburn, Esq.
    Law Offices of Stuart G. Blackburn
    Two Concorde Way
    P.O. Box 608
    Windsor Locks, CT 06096
    Tel. 860-292-1116
    Fax 860-292-1221
    BBO# 549797

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA

                        Plaintiff,

    vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                      Defendants.
---------------------------------------------------------------X

CIVIL ACTION NO.
05-10827 (DPW)

JUNE 6, 2007

## ORDER

The foregoing Plaintiff's Objection to Defendant Falco Construction's Motion *in Limine* to Exclude Certain Exhibits Proposed by the Plaintiff having been heard by this court, it is hereby so ordered:

**GRANTED/DENIED**

                        **By the Court,**

                        _____
                            *J/Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## CERTIFICATE OF SERVICE

------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (DPW)

                Plaintiff,
vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

June 6, 2007

                Defendants.
------------------------------------------------------------X

I hereby certify that on **June 6, 2007** a copy of the foregoing **Plaintiff's Objection To Defendant Falco Construction's Motion *in Limine* To Exclude Certain Exhibits Proposed By The Plaintiff** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Stuart G. Blackburn
Stuart G. Blackburn (BBO# 549797)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 facsimile
sgblackburn@sbcglobal.net