IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA

                          Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                          Defendants.
-----------------------------------------------------------X

CIVIL ACTION NO.
05-10827 (DPW)

JUNE 6, 2007

## PLAINTIFF'S OBJECTION TO DEFENDANT FALCO CONSTRUCTION'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF PLAINTIFF'S EXPERT ERIC SCHWALBACH

Plaintiff, Fireman's Fund Insurance Company, by and through its undersigned counsel, hereby files its objection to Defendant Falco Construction's Motion *in Limine* to preclude the testimony of Eric Schwalbach, a witness who may offer expert opinion, disclosed by the Plaintiff under Fed.R.Civ.P. 26 (a)(2)(A). In support hereof, the Plaintiff states as follows:

1.     The Defendant Falco relies upon Fed.R.Civ.P. 26 (a)(2)(B) and claims that the Plaintiff has failed to comply with that rule's disclosure requirements per its expert witness, Eric Schwalbach. However, the Plaintiff did not disclose Eric Scwalbach as an expert witness pursuant to Fed.R.Civ.P. 26 (a)(2)(B). Rather, it disclosed Mr.

Schwalbach as an expert pursuant to Fed.R.Civ.P. 26 (a)(2)(A), which requires only a disclosure of the witness' identity.

2. Fed.R.Civ.P. 26 (a)(2)(B) states, in relevant part, that certain disclosures, including a report containing opinions, the qualifications, list of testimony, etc., is required when a party wishes to use an expert witness "who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party regularly involve giving expert testimony."

3. Eric Schwalbach is an employee of the Plaintiff whose job duties specifically entail the adjustment of insurance claims. With respect to the case at issue, Mr. Schwalbach was assigned to adjust the January 26, 2004 fire loss at the residence of Julia Pavia, located at 104 Hammondswood Road, Newton, after the original adjuster left the company. He was not retained or specially employed to provide expert testimony in this case, nor is it his regular job duty to provide expert testimony. There is no evidence or even any allegations by the Defendants to the contrary.

4. Fed.R.Civ.P. 26 (a)(2)(A) provides that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence [relating to expert opinions]." This rule requires simply that a party intending to use a witness who may offer expert opinion testimony, must disclose to the other parties that witness' identity only. Fed.R.Civ.P. 26 (a)(2)(B) adds certain requirements to this disclosure in the case of an expert witness retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party regularly involve giving expert testimony only. Mr. Schwalbach was not specifically retained in this matter and therefore Fed.R.Civ.P.

26(a)(2)(B) does not apply to his testimony. Bank of China, New York Branch v. NBM LLL, 359 F.3d 171 (2d Cir. 2004); Byrne v. Gracious Living Industries, 2003 WL 446474 (S.D.N.Y. 2003).

5. Nevertheless, the Plaintiff did disclose the identity of Mr. Schwalbach and submitted a formal Fed.R.Civ.P. 26 (a)(2)(A) disclosure in which the Plaintiff outlined the opinions of Mr. Schwalbach, the basis for his opinions, and a summary of the grounds for those opinions. (See Exhibit A, Mr. Schwalbach's Expert Disclosure.) Further, the Defendants deposed Mr. Schwalbach on two occasions with full knowledge that he would be testifying regarding his opinions related to the Pavia claim. As such, the Plaintiff's disclosure of Mr. Schwalbach was in conformance with Fed.R.Civ.P. 26 (a)(2)(A), and he should be permitted to testify about how Ms. Pavia's fire loss was adjusted.

6. The Defendant Falco further alleges that Mr. Schwalbach should be precluded from testifying because he is not qualified to give an expert opinion in this case. Specifically, the Defendant Falco asserts that Mr. Schwalbach's education, training and experience are insufficient to entitle him to render an opinion as to the replacement and reconstruction of damaged property. Mr. Schwalbach is an employee of the Plaintiff specifically charged with inspecting insurance claims and determining the value of the damage incurred in relation to the coverage provided by the insurance policy. Mr. Schwalbach has been employed as an insurance adjuster since 1989 handling the valuation of insurance claims on a daily basis. (See Exhibit B, Deposition of E. Schwalbach at pages 25-26.) Further, he has been dealing exclusively with property

3

damage claims for the past fourteen years. (Ex. B, pg. 28.) Mr. Schwalbach is clearly qualified to testify concerning the evaluation of the damage done by the fire.

8. The final point made by Defendant Falco is that Mr. Schwalbach has no factual basis for his opinions as he relied on the representations of contractors, public adjusters, the homeowner, and the previous adjuster in determining the value of the claim. Insurance adjusters rely upon many factors in performing the adjustment of a loss, among them information provided from the insured and contractors who have evaluated the loss. In this case, Ms. Pavia will testify regarding her opinion of the value of her property, See: Glosband v. Watts Detective Agency Inc., 21 B.R. 963, 10 Fed.R. Evid.Serv. 1341 (D. Mass 1981), and the cost of the repairs. Mr. Rothschild of P&D Builders will also testify about the cost of the building repairs. The proffered testimony from Mr. Schwalbach will include his review and adjustment of those costs. P&D Builders performed all post loss repairs from the damage associated with the fire and the damage associated with the water pipe rupture that occurred approximately 16 hours earlier. P&D Builders' invoices did not designate which costs were associated with the fire damage. Mr. Schwalbach's role in the claim included the responsibility to determine how much of P&D Builders' charges were fire related and how much were related to the water pipe rupture. Even though the testimony of others may serve as a predicate for Mr. Schwalbach's testimony, that does not render his testimony incompetent. As an experienced insurance adjuster he is required to adjust and apportion damages caused by various casualties on a regular basis. The Defendant's have challenged Mr. Schwalbach's apportionment and adjustment of the loss. Indeed, they have named another adjuster as an expert who is critical of the Plaintiff's

adjustment of the claim. The jury should be permitted to hear the testimony of both adjusters and then make their determination of which one has correctly evaluated the loss.

WHEREFORE, the Plaintiff respectfully requests this Court to deny the Defendant Falco Construction's motion to preclude the testimony of Eric Schwalbach.

THE PLAINTIFF,


By: /s/ Stuart G. Blackburn
      Stuart G. Blackburn, Esq.
      Law Offices of Stuart G. Blackburn
      Two Concorde Way
      P.O. Box 608
      Windsor Locks, CT 06096
      Tel. 860-292-1116
      Fax 860-292-1221
      BBO# 549797

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA

                    Plaintiff,

     vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                Defendants.
---------------------------------------------------------------X

CIVIL ACTION NO.
05-10827 (DPW)

JUNE 6, 2007

## ORDER

The foregoing Plaintiff's Objection to Defendant Falco Construction's Motion *in Limine* to Preclude Testimony of Plaintiff's Expert, Eric Schwalbach by the Plaintiff having been heard by this court, it is hereby so ordered:

**GRANTED/DENIED**

*By the Court,*

_____
*J/Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## CERTIFICATE OF SERVICE

-----------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (DPW)

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

June 6, 2007

Defendants.
-----------------------------------------------------------X

I hereby certify that on **June 6, 2007** a copy of the foregoing **Plaintiff's Objection to Defendant Falco Construction's Motion *in Limine* To Preclude Testimony of Plaintiff's Expert Eric Schwalbach** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Stuart G. Blackburn
Stuart G. Blackburn (BBO# 549797)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 facsimile
sgblackburn@sbcglobal.net

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY as
subrogee of JULIA PAVIA                          CIVIL ACTION NO.
77 San Marin Drive                               05-10827 DPW
Novado, California

                    Plaintiff,
             vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI                    APRIL 21, 2006
PLUMBING & HEATING

                    Defendants.
---------------------------------------------------------------X

### PLAINTIFF FIREMAN'S FUND'S RULE 26(a)(2)(A) DISCLOSURE OF EXPERT WITNESS

### NAME AND ADDRESS OF WITNESS

Eric Schwalbach
Fireman's Fund Insurance Company
77 San Marin Drive
Novado, California

### SUBJECT MATTER ON WHICH THE EXPERT IS EXPECTED TO TESTIFY

Mr. Schwalbach is expected to testify concerning his investigation and adjustment of the insurance claim submitted by Julia Pavia related to the January 25, 2004 fire loss that occurred at her residence located at 104 Hammondswood Road, Newton..

## THE SUBSTANCE OF THE FACTS AND OPINIONS TO WHICH THE EXPERT IS EXPECTED TO TESTIFY

Mr. Schwalbach is expected to testify that, based upon his investigation and adjustment of insurance claim related to the January 25, 2004 fire, as well as his investigation and adjustment of a separate January 23, 2004 flood claim, the damages payable pursuant to Julia Pavia's insurance policy for the fire claim (including building, contents and alternative living expense portions) were in excess of $953,303.16.

## SUMMARY OF THE GROUNDS FOR EXPERT'S OPINION

Ms. Schwalbach will testify based on his education and experience as an insurance adjuster, as well as his investigation into Ms. Pavia's insurance claim and his inspections of the premises located at 104 Hammondswood Road, Newton and the contents therein.

 

THE PLAINTIFF,

By: _____
Erik Loftus, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P. O. Box 608
Windsor Locks, CT  06096
860-292-1116
BBO# 656315

6

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed, first class mail, postage prepaid on the 21st day of April, 2006 to the following:

Robert P. Turner, Esq.
Law Offices of Bruce R. Fox
27 B Midstate Office Park
Auburn, MA 01501
(Michael Carresi dba Carressi
Plumbing & Heating)

William Joseph Flanagan, Esq.
Curtis L. S. Carpenter, Esq.
Morrison & Mahoney, LLP
250 Summer Street
Boston, MA 02210
(P & D Builders, Inc.)

David J. Crowley, Esq.
Patricia A. Larkin, Esq.
John F. Toomey, Esq.
Toomey & Yudysky LLP
99 Summer Street
Boston, MA 02110
(Falco Construction Corp.)

David F. Hassett, Esq.
Scott T. Ober, Esq.
Hassett & Donnelly, P.C.
484 Main Street, Suite 560
Worcester, MA 01608
(Heatmaster, Inc., Third party Defendant)

_____
Erik Loftus, Esq.

# EXHIBIT B

```
 1                 COPY  UNITED STATES DISTRICT COURT
                         DISTRICT OF MASSACHUSETTS
 2
                                            C.A. NO.: 05-10827 DPW
 3
         ************************************************
 4       THE FIREMAN'S FUND INSURANCE COMPANY,          )
         as subrogee of Julia Pavia, 77 San Marin       )
 5       Drive, Novado, California,                     )
                     Plaintiff;                         )
 6            vs.                                       )
         FALCO CONSTRUCTION CORP., P & D BUILDERS,      )
 7       INC. and MICHAEL CARRESI d/b/a CARRESI         )
         PLUMBING AND HEATING,                          )
 8                   Defendants;                        )
              vs.                                       )
 9       HEATMASTER, INC.,                              )
                     Third-Party Defendant.             )
10       ************************************************

11

12              DEPOSITION OF ERIC D. SCHWALBACH, a

13       witness called on behalf of the Defendant,

14       pursuant to the provisions of Rule 30 of the

15       Massachusetts Rules of Civil Procedure,

16       before Meredith A. Fairbanks, a Notary Public

17       and Shorthand Reporter in and for the

18       Commonwealth of Massachusetts, at the offices

19       of Morrison Mahoney, 250 Summer Street,

20       Boston, Massachusetts 02210, on Wednesday,

21       February 8, 2006, commencing at 10:04 a.m.

22
                DUNN & GOUDREAU COURT REPORTING SERVICE, INC.
23                            One State Street
                          Boston, Massachusetts 02109
24                        Telephone (617) 742-6900
```

| | | |
|---|---|---|
| 1 | | damage.  You know, I still have, I have a |
| 2 | | separate file for the water damage loss. |
| 3 | | MR. BLACKBURN:  Okay.  We'll produce |
| 4 | | that. |
| 5 | | MS. LARKIN:  Thank you. |
| 6 | | MR. CARPENTER:  Thank you. |
| 7 | Q. | (By Mr. Carpenter)  If I may, I'd just like |
| 8 | | to start with some of your background as an |
| 9 | | adjuster.  First of all, can you give me your |
| 10 | | date of birth? |
| 11 | A. | 8/8/67. |
| 12 | Q. | And where did you go to college? |
| 13 | A. | State University of New York, College of |
| 14 | | Technology. |
| 15 | Q. | And what did you get a degree in? |
| 16 | A. | Business administration. |
| 17 | Q. | Do you have any other advanced degrees? |
| 18 | A. | No. |
| 19 | Q. | And how long have you been an insurance |
| 20 | | adjuster? |
| 21 | A. | Sixteen years. |
| 22 | Q. | And what particular training do you have as |
| 23 | | an adjuster? |
| 24 | A. | I've had various training.  Estimating. |

| | | |
|---|---|---|
| 1 | | Let's see. Accounting. Mostly things |
| 2 | | relating to claim handling. |
| 3 | Q. | Where did you first work as an adjuster? |
| 4 | A. | Crawford and Company. |
| 5 | Q. | And what office, what Crawford office did you |
| 6 | | work out of? |
| 7 | A. | Tarrytown, New York. |
| 8 | Q. | And how long did you work for Crawford? |
| 9 | A. | Almost a year and a half. |
| 10 | Q. | And when, approximately, was that? |
| 11 | A. | October of 1989 to February of '91. |
| 12 | Q. | And after leaving Crawford and Company, where |
| 13 | | did you go? |
| 14 | A. | Lindsey, L-I-N-D-S-E-Y, Morden, M-O-R-D-E-N, |
| 15 | | Claims Services. |
| 16 | Q. | And where are they located? |
| 17 | A. | Rye, New York. |
| 18 | Q. | And how long did you work for them? |
| 19 | A. | February of '91 to, approximately, February |
| 20 | | of 1996. |
| 21 | Q. | And where were you next employed? |
| 22 | A. | Nationwide Insurance Company. |
| 23 | Q. | And where did you work for Nationwide? |
| 24 | A. | White Plains, New York. |

```
 1            present?
 2     A.     Yes.
 3     Q.     What particular kind of claims do you handle
 4            for Fireman's Fund?
 5     A.     Property claims.
 6     Q.     Throughout your career as an adjuster is you
 7            generally handled property claims, or have
 8            you done other kinds of claims as well?
 9     A.     First year I handled all casualty and then,
10            maybe a year or two into my second employer,
11            I was both and then, eventually, all
12            property.  So all property for the most part
13            for at least 14 years.
14     Q.     And how much of that dealt with fire losses?
15     A.     It's hard to say, but probably 50 percent.
16     Q.     How long have you had this particular file
17            that we're here on today?
18     A.     It was given to me my first day of
19            employment, so January 14th of 2005.
20     Q.     And who was the prior adjuster on this file?
21     A.     There may have been someone else involved for
22            a short period of time prior to me, but the
23            original adjuster was John Bonfiglione.
24            B-O-N-F-I-G-L-I-O-N-E.
```