IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA

                        Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                        Defendants.
-----------------------------------------------------------X

CIVIL ACTION NO.
05-10827 (DPW)

JUNE 6, 2007

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF RICHARD MANCUSO

The Plaintiff objects to the Defendant Falco Construction Corporation's (hereinafter "Falco") Motion *in Limine* regarding the testimony of Richard Mancuso. In support of its objection the Plaintiff states as follows:

1. Richard Mancuso is a building contractor who was hired by the Plaintiff to examine the two losses suffered by the insured within a 24-hour period and provide an estimate of the scope of repair of those two losses.

2. Mr. Mancuso's estimate was ultimately relied upon by the Plaintiff's adjuster Eric Schwalbach while he was apportioning and adjusting the two losses.

3. Mr. Mancuso's estimate was provided to the Defendants on two occasions, first in response to the Defendant's Request for Production of documents and also in response to a Request for Production included with Mr. Schwalbach's notice of deposition.

4. During his deposition, Mr. Schwalbach testified that he had relied upon Mr. Mancuso's building estimate in performing his apportionment and adjustment of the losses between the water damage and the fire. (See Deposition Testimony of Eric Schwalbach attached as Exhibit A at pages 51 and 52 of Volume I of his deposition and page 23 of Volume II of his deposition.)

5. The Plaintiff intends to have Mr. Schwalbach testify concerning his use of the Mancuso estimate in his separation of the scope of loss between the two claims. In the event that Mr. Schwalbach is permitted to give this testimony without Mr. Mancuso also testifying, Plaintiff does not intend to call Mr. Mancuso to testify.

6. In the event that testimony from Mr. Mancuso is necessary, the Plaintiff does not intend to elicit testimony from Mr. Mancuso on the value of the loss, but rather, his observations as to the scope of the loss caused by the fire damage and water damage.

7. The Plaintiff has listed Mr. Mancuso as an expert witness on its pretrial memorandum. No formal disclosure of Mr. Mancuso was done pursuant to Federal Rule of Civil Procedure 26(a)(2)(A). At the time the Plaintiff prepared its other Rule 26(a)(2)(A) disclosures it focused on Mr. Schwalbach as the

witness who would testify on the apportionment of damages between the two claims. Accordingly, Mr. Schwalbach was disclosed as a Rule 26(a)(2)(A) expert. It was not until the preparation of the pretrial memorandum that counsel appreciated that one of the components of Mr. Schwalbach's analysis included Mr. Mancuso's scope of the loss. There was no intent to hide Mr. Mancuso's estimate or its role in the adjustment. The estimate was provided and Mr. Schwalbach testified about how it was used in the adjustment process. Mr. Mancuso was not an expert retained by the Plaintiff for the purposes of this litigation but rather a consultant in the adjustment of the loss. Accordingly, only his identity was required pursuant to Federal Rule of Civil Procedure 26 (a)(2)(A). To the extent that Mr. Mancuso will be providing expert testimony within the meaning of Rule 702 of the Federal Rules of Evidence, the Defendants have been aware of his identity and of his role in Mr. Schwalbach's adjustment of the loss at least since the time of Mr. Schwalbach's deposition. The Plaintiff does not intend to elicit expert opinion testimony from Mr. Mancuso outside his observations as to the scope of the loss.

8. The preclusion of expert testimony is a grave step not to be undertaken lightly. Thibeault vs. Square D Co., 960 F.2d 239 (1st Cir.1992). The Plaintiff respectfully submits that the failure to formally disclose Mr. Mancuso pursuant to Rule 26(a)(2)(A) is harmless within the meaning of Rule 37 of the Federal Rules of Civil Procedure. There is no surprise to the Defendants since they have been aware of Mr. Mancuso's estimate through discovery and they have been aware that Mr. Schwalbach relied upon that estimate in making his

apportionment of the loss. Furthermore, there is no disruption to the trial since the use of Mr. Mancuso's estimate is limited to the testimony to be provided by Mr. Schwalbach regarding his apportionment of the loss. Mr. Schwalbach has been disclosed pursuant to Rule 26 and the Defendants have had the opportunity to question him concerning his apportionment of the loss. Finally, the failure to allow testimony regarding Mr. Mancuso's estimate would prejudice the Plaintiff's case in that the Plaintiff would be forced, in part, to rely on the Defendant P&D Builders' testimony regarding the scope of the loss. While the Plaintiff is not questioning the integrity of Defendant P&D Builders, its position as an antagonistic party may tend to bias its testimony to the Plaintiff's detriment.

Accordingly the Plaintiff respectfully requests that this Court deny the Defendant Falco's Motion *in Limine* to preclude the testimony of Richard Mancuso.

THE PLAINTIFF,

By: /s/ Stuart G. Blackburn
Stuart G. Blackburn, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
Tel. 860-292-1116
Fax 860-292-1221
BBO# 549797

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA

                Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

                Defendants.
-----------------------------------------------------------X

CIVIL ACTION NO.
05-10827 (DPW)

JUNE 6, 2007

## ORDER

The foregoing Plaintiff's Objection to Defendant's Motion *in Limine* to Preclude Testimony of Richard Mancuso having been heard by this court, it is hereby so ordered:

**GRANTED/DENIED**

**By the Court,**

_____

***J/Clerk***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## CERTIFICATE OF SERVICE

-----------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (DPW)

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

June 6, 2007

Defendants.
-----------------------------------------------------------X

I hereby certify that on **June 6, 2007** a copy of the foregoing **Plaintiff's Objection to Defendant's Motion *in Limine* to Exclude Testimony of Richard Mancuso** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Stuart G. Blackburn
Stuart G. Blackburn (BBO# 549797)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 facsimile
sgblackburn@sbcglobal.net

# EXHIBIT A

```
 1            COPY  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
 2
                                    C.A. NO.: 05-10827 DPW
 3
      ***************************************************
 4    THE FIREMAN'S FUND INSURANCE COMPANY,           )
      as subrogee of Julia Pavia, 77 San Marin        )
 5    Drive, Novado, California,                      )
                   Plaintiff;                         )
 6         vs.                                        )
      FALCO CONSTRUCTION CORP., P & D BUILDERS,       )
 7    INC. and MICHAEL CARRESI d/b/a CARRESI          )
      PLUMBING AND HEATING,                           )
 8                 Defendants;                        )
           vs.                                        )
 9    HEATMASTER, INC.,                               )
                   Third-Party Defendant.             )
10    ***************************************************

11

12           DEPOSITION OF ERIC D. SCHWALBACH, a

13    witness called on behalf of the Defendant,

14    pursuant to the provisions of Rule 30 of the

15    Massachusetts Rules of Civil Procedure,

16    before Meredith A. Fairbanks, a Notary Public

17    and Shorthand Reporter in and for the

18    Commonwealth of Massachusetts, at the offices

19    of Morrison Mahoney, 250 Summer Street,

20    Boston, Massachusetts 02210, on Wednesday,

21    February 8, 2006, commencing at 10:04 a.m.

22
             DUNN & GOUDREAU COURT REPORTING SERVICE, INC.
23                        One State Street
                     Boston, Massachusetts 02109
24                     Telephone (617) 742-6900
```

| | | |
|---|---|---|
| 1 | | MR. CARPENTER: Yes. |
| 2 | A. | As far as I know, no. |
| 3 | Q. | (By Mr. Carpenter) How was the determination |
| 4 | | made -- |
| 5 | | Strike that. |
| 6 | | What was the process by which the two claims |
| 7 | | were broken out? |
| 8 | A. | Well, we did have two separate building |
| 9 | | estimates; one related to the fire damage, |
| 10 | | and one related to the contents damage. I |
| 11 | | mean, I'm sorry, a building estimate for the |
| 12 | | fire and a building estimate for the pipe |
| 13 | | freeze from one of our building consultants. |
| 14 | Q. | Okay. Who did those estimates? |
| 15 | A. | I don't know his name because I had never |
| 16 | | heard. I think it's Mancuso. |
| 17 | Q. | And were those done at the same time? |
| 18 | A. | I don't know. That was before I was |
| 19 | | involved. |
| 20 | Q. | Do you have any knowledge as to how the |
| 21 | | losses were distinguishable? |
| 22 | A. | The water damage, the pipe freeze damages, a |
| 23 | | lot of them related to the kitchen area and |
| 24 | | below the kitchen area and the fire damages |

| | | |
|---|---|---|
| 1 | | affected all the other areas of the house. |
| 2 | | Again, not seeing the damages, I can't really |
| 3 | | exactly say what was what. |
| 4 | Q. | Presumably, there would have been some water |
| 5 | | damage as a result of the fire, correct, from |
| 6 | | fire fighters. Correct? |
| 7 | A. | Yes. |
| 8 | Q. | Was it your understanding that that water |
| 9 | | damage was easily broken out from the pipe |
| 10 | | break water damage? |
| 11 | A. | They did it, so I would imagine that they |
| 12 | | were able to do that. |
| 13 | Q. | So Fireman's Fund's handling of these two |
| 14 | | losses, that was made at the, you went upon |
| 15 | | the estimates made by whom again? |
| 16 | A. | Our builder that we sent out. I think his |
| 17 | | name was Mancuso. I don't know him |
| 18 | | personally. |
| 19 | Q. | Is that the only individual that you're aware |
| 20 | | of that made an investigation into that |
| 21 | | aspect of the claim? |
| 22 | A. | When you say investigation -- |
| 23 | Q. | Well, I mean, those estimates, was there only |
| 24 | | one estimate made? |

Volume: II
Pages: 1-53

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
- - - - - - - - - - - - - - - - - - x
THE FIREMAN'S FUND INSURANCE
COMPANY as subrogee of
JULIA PAVIA, 77 San Marin Drive,
Novado, California,
      Plaintiff,   Civil Action
                         No. 05CV-10827-DPW
  v.

FALCO CONSTRUCTION CORP.,
P&D BUILDERS, INC., and
MICHAEL CARRESI, d/b/a
CARRESI PLUMBING & HEATING,
      Defendants,

  v.

HEATMASTER, INC.,
      Third-Party Defendant
- - - - - - - - - - - - - - - - - - x

  CONTINUED DEPOSITION of ERIC D. SCHWALBACH,

a witness called by counsel for Falco

Construction Corp., taken pursuant to the

applicable provisions of the Federal Rules of

Civil Procedure, before Toni F. Beckwith,

Registered Merit Reporter, CSR No. 111293 and

Notary Public in and for the Commonwealth of

Massachusetts, at the Offices of Toomey &

Yudysky, LLP, 99 Summer Street, Boston,

Massachusetts, on Monday,

July 31, 2006, commencing at 10:05 a.m.

COPY

Page 23

1    A.   No.

2    Q.   Are you aware P&D Builders didn't keep
3 any contemporaneous records as to what work was
4 being done at the Pavia house?

5    A.   Am I aware that they did not keep
6 records as to what work was being done?  No.

7    Q.   Has Fireman's Fund done anything to
8 segregate the damage caused by the water loss
9 from damage caused by the fire?

10   A.   Yes.  The original adjuster had
11 brought out a building consultant who wrote two
12 separate estimates: one related to the water and
13 one related to the fire.

14   Q.   What did Fireman's Fund do to ensure
15 that amounts paid for the fire loss were not
16 related to the water loss?

17   A.   Again, I didn't do anything because
18 all the work was done.  There was no way for me
19 to verify it.  I started at the point of the
20 original estimates from our building consultant.

21   Q.   Was the person in charge of the file
22 before you the person who set this up?

23   A.   Set what up?

24   Q.   Who had the building consultant go out