# United States District Court
# District of Massachusetts

THE FIREMEN'S FUND INSURANCE
    COMPANY as subrogee of JULIA PAVIA
    77 SAN MARIN DRIVE
    NOVADO, CALIFORNIA,
        Plaintiff,

        v.                CIVIL ACTION NO. 05-10827-RBC

FALCO CONSTRUCTION CORP.,
P&D BUILDERS, INC.,
MICHAEL CARRESI
    d/b/a CARRESI PLUMBING
    & HEATING,
        Defendants.

*MEMORANDUM AND ORDER ON DEFENDANT/ CROSS-CLAIM DEFENDANT, FALCO CONSTRUCTION CORP.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CO-DEFENDANT/CROSS-CLAIM PLAINTIFF, P&D BUILDERS, INC.'S <u>CROSS-CLAIM FOR INDEMNIFICATION (#91)</u>*

COLLINGS, U.S.M.J.

      Defendant/cross-claim defendant Falco Construction Corp. ("Falco") is seeking summary judgment on defendant/cross-claim plaintiff P&D Builders, Inc.'s ("P&D") claim for indemnification. Essentially Falco contends that since all of the claims asserted by the plaintiff against P&D are premised upon P&D's own independent negligence, there is no basis for an indemnification claim because P&D's alleged liability is not vicarious or derivative. Falco's legal position is correct as far as it goes, but Falco reads the allegations of the complaint too narrowly as was made clear in the plaintiff's answers to P&D's interrogatories. In response to Interrogatory #8[1], the plaintiff wrote:

> P&D Builders was the general contractor for the construction of the masonry fireplace at the insured premises. A fire occurred due to improper construction of the masonry fireplace due to the negligence of P&D Builders *and/or its subcontractors for which it will be held vicariously liable.* P&D Builders' contract with the insured contained an implied duty to perform their work in a good workman like manner. They failed to do so and breached that contract.

Affidavit of Counsel #71, Exh. C (emphasis added).

The plaintiff is clearly claiming in the alternative that P&D is liable for its own

---

[1] The text of Interrogatory #8 has not been provided.

negligence and/or is vicariously liable for the negligence of its subcontractors. Moreover, whether P&D was "actively" negligent is a question of fact for the jury to decide.

The First Circuit has had occasion to address the question of indemnification:

> Three different sets of circumstances may give rise to a right to indemnification. First, an express agreement may create a right to indemnification. W. Prosser, *Law of Torts* §51 (4th ed. 1971). Second, a contractual right to indemnification may be implied from the nature of the relationship between the parties. *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.*, 350 U.S. 124, 133-34, 76 S.Ct. 232, 237-38, 100 L.Ed. 133 (1956). Third, a tort-based right to indemnification may be found where there is a great disparity in the fault of the parties. *Zapico v. Bucyrus-Erie Co.*, 579 F.2d 714, 718 (2d Cir.1978); W. Prosser, *Law of Torts* §51.

*Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Authority,* 693 F.2d 1, 2 (1 Cir.,1982); *see also Fall River Housing Authority v. H.V. Collins Company*, 414 Mass. 10, 13-16, 604 N.E.2d 1310, 1312-1314 (1992).

P&D does not assert either that it had an express agreement with Falco with respect to indemnification or that such a right to indemnification should be implied consequent to its relationship with Falco.  Rather, at issue in this case is the third type of indemnification, that based in tort. (#70 at 6-7)

If the jury were to find that P&D was not negligent but that Falco was negligent, P&D contends that it could nonetheless be found liable under the principle enunciated in the Restatement (Second) of Contracts §318(3) to the effect that "[u]nless the obligee agrees otherwise, neither delegation of performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor." In other words, "the party contracting remains liable regardless of who actually performs the contract obligation." *Guiliani v. Penny*, 1998 WL 1198695,*2 (Mass. Super., 1998); see also *Capitol Chevrolet Company v. Lawrence Warehouse Company*, 227 F.2d 169, 173 (9 Cir., 1955)("One who contracts to perform an undertaking is liable to his promisee for the negligence of an independent contractor to whom he delegates actual performance."); *Harkins v. Colonial Floors, Inc.*, 1998 WL 22075, *5 (Mass. Super., 1998). While it may be true that P&D could be held liable in **contract** to the plaintiff for any negligence on Falco's part, it does not follow that as a consequence P&D would be entitled to *tort* indemnification from Falco.

The Restatement (Second) of Torts provides:

§886B. Indemnity Between Tortfeasors

> (1) If two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both, he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of liability.

Thus by definition, tort indemnification follows "[i]f two persons are liable *in tort* to a third party." P&D has cited no case law supporting a proposition that if a contractor is found liable for breach of contract as a result of a subcontractor's negligence, that the contractor may then seek tort indemnification from the subcontractor. *Cf. Fall River Housing Authority*, 414 Mass. at 13-16, 604 N.E.2d at 1312-1314 (in contract case, right to indemnity based on either express or implied contract). Rather, P&D's remedy would lie elsewhere as, for example, in a breach of contract claim against Falco.[2]

So the next question is whether P&D could be found liable in *tort* for Falco's negligence. There is no dispute that Massachusetts follows the general rule set forth in the Restatement (Second) of Torts §409 to the effect that "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." *See, e.g., Santella v. Whynott*, 27 Mass. App. Ct. 451, 453, 538 N.E.2d 1009, 1010-1011

---

[2] P&D has not brought a breach of contract claim against Falco.

(1989). The Supreme Judicial Court enunciated the rule over seventy years ago as follows:

> As a general rule, a person is liable for the negligence of his servants and agents engaged in his business; yet where one is employed under an entire contract for a stipulated sum, and is not under the control of his employer, the relation is held to be that of contractor and contractee, and not that of master and servant, and the subcontractor alone is liable for negligence in the performance of the work.

*Herrick v. City of Springfield,* 288 Mass. 212, 216, 192 N.E. 626, 628 (1934).

The plaintiff argues that P&D could be held vicariously liable for Falco's alleged negligence under an exception to that general rule as articulated in *Whalen v. Shivek*:

> In general it may be said that 'the employer of an independent contractor is not subject to liability for bodily harm caused to another by a tortious act or omission of the contractor or his servants.' Restatement: Torts, §409; *Herrick v. Springfield*, 288 Mass. 212, 216, 192 N.E. 626; *Ferguson v. Ashkenazy*, 307 Mass. 197, 200, 29 N.E.2d 828. But there are numerous exceptions to this rule. Indeed, it has been said with some plausibility that the general rule is 'now primarily important as a preamble to the catalog of its exceptions.' One of these exceptions is that where the nature and circumstances of the work to be performed are such that injury to others will probably result unless precautions are taken, the employer is

6

> answerable for the failure of an independent contractor to take such precautions. *Wetherbee v. Partridge*, 175 Mass. 185, 55 N.E. 894, 78 Am.St.Rep. 486; *McGinley v. Edison Electric Illuminating Co. of Boston*, 248 Mass. 583, 586, 143 N.E. 537; *Herrick v. Springfield*, 288 Mass. 212, 216-217, 192 N.E. 626; *Pannella v. Reilly*, 304 Mass. 172, 173, 23 N.E.2d 87; *Ferguson v. Ashkenazy*, 307 Mass. 197, 201, 29 N.E.2d 828. It has frequently been said that the work of the independent contractor for which the employer is held liable on this principle must be inherently or intrinsically dangerous.

326 Mass. 142, 149-150, 93 N.E.2d 393, 398 (1950)(footnote omitted).

In the plaintiff's view, "the improper construction of the fireplace fits within the exception noted in Whalen." (#73 at 2)

The Restatement (Second) of Torts §416 provides:

> One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm[3] to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

---

[3] According to the Restatement (Second) of Torts § 7, "[t]he words 'physical harm' are used throughout the Restatement of this Subject [torts] to denote the physical impairment of the human body, or injury of land or chattels."

The question is whether the work which P&D hired Falco to perform, i.e., build a fireplace, was inherently dangerous or involved "a peculiar risk of physical harm."[4] In answering that question, a distinction must be made between the risks involved in the work *per se* and any risks caused by the negligence of the independent contractor in performing the work. "The rule of employer liability for independent contractor negligence 'has no application where the negligence of the contractor creates a new risk, not inherent in the work itself or in the ordinary or prescribed way of doing it, and not reasonably to be contemplated by the employer.'" *Lebrun v. Stop & Shop Supermarket Co.*, 2006 WL 2129665, *3 (Mass. App. Ct., 2006) (quoting Restatement (Second) of Torts at §427 comment d).

The building of a fireplace as alleged in this case was not an inherently dangerous job, nor did the construction present a peculiar risk. Rather, it was the allegedly negligent manner in which Falco performed the work that caused the risk about which the plaintiff complains. *See Lebrun*, 2006 WL 2129665, *4. In these circumstances, the inherently dangerous exception to the general rule

---

[4] Comment (d) to §416 defines a peculiar risk as "a risk differing from the common risks to which persons in general are commonly subjected by the ordinary forms of negligence which are usual in the community. It must involve some special hazard resulting from the nature of the work done, which calls for special precautions."

does not apply and P&D cannot be held vicariously liable in tort for Falco's negligence, if any is found.

The plaintiff also asserts that P&D can be held liable for Falco's alleged negligence under a provision of Massachusetts law regarding the regulation of home improvement contractors, Mass. Gen. L. c. 142A. In particular, the plaintiff relies on §9(c) relating to the registration of contractors or subcontractors, which provides:

> (C) In the case of registration by a corporation or partnership, an individual shall be designated to be responsible for the corporation's or partnership's work. The corporation or partnership and its designee shall be jointly and severally liable for: the payment of the registration fee, the payment to the fund, as required herein, and for violations of any provisions of this chapter, including actions by the registrant's employees, subcontractors or salespersons.

Given the dearth of legislative history and case law[5] with respect to this provision, the Court is loath to interpret the provision to overrule the long standing general rule on liability for negligence of an independent contractor.

---

[5] The plaintiff cites to one decision from the Massachusetts Superior Court in which the judge states that "M.G.L. c.142A, Section 9(c) clearly indicates that...the contractor and [the] contractor's designee, are specifically deemed jointly and severally liable for their own negligence and that of any subcontractors." *Guiliani v. Penny*, 1998 WL 1198695, *2 (Mass. Super., 1998). This Court is not bound by the *Guiliani* decision, nor is it persuaded by the bald statement alone that the state judge's interpretation is correct.

Moreover, a violation of Chapter 142A "constitute[s] an unlawful and deceptive act under the provisions of chapter ninety-three A". Mass. Gen. L. c. 142A, §17.  Thus, if the plaintiff had brought a Chapter 93A claim against P&D claiming that P&D is liable due to Falco's violation of a provision of Chapter 142A, P&D would conceivably be exposed to liability on the basis of Falco's violation by reason of § 9(c).  However, since the plaintiff has not brought such a 93A claim in this case, there is no basis upon which P&D could be found liable for Falco's violation of any of the provisions of Chapter 142A.

For all the reasons stated, it is ORDERED that Defendant/Cross-Claim Defendant, Falco Construction Corp.'s Motion For Partial Summary Judgment On Co-Defendant/Cross-Claim Plaintiff, P&D Builders, Inc.'s Cross-Claim For Indemnification (#91) be, and the same hereby is, ALLOWED.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 7, 2007.