IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA            CIVIL ACTION NO.
77 San Marin Drive                                 05-10827 (DPW)
Novado, California

                Plaintiff,
vs

JOSEPH FALCO D/B/A FALCO           JURY TRIAL DEMANDED
CONSTRUCTION;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI        JUNE 7, 2007
PLUMBING & HEATING

                Defendants.
-----------------------------------------------------------X

## AMENDED COMPLAINT

1.     The Plaintiff Fireman's Fund Insurance Company (hereinafter "FFIC") is a corporation organized and existing under the laws of the state of California with a principal place of business at 777 San Marin Drive, Novado, California, and at all times material to this action was authorized to issue insurance policies within the Commonwealth of Massachusetts.

2.     The Defendant Joseph Falco (hereinafter "Falco") is a citizen of the Commonwealth of Massachusetts who did business as Falco Construction and at all times material to this action, was engaged in the business of construction,

including masonry and the construction of fireplaces.

3. The Defendant P & D Builders, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 6 Water Street, East Weymouth, Massachusetts, and all times material to this action, was engaged in business as a building contractor.

4. The Defendant Michael Carresi d/b/a Carresi Plumbing & Heating (hereinafter "Carresi") is a resident of the Commonwealth of Massachusetts with a principal place of business at 513 Bird Street, Mansfield, Massachusetts and who, at all times material to this action, was engaged in the business of plumbing and HVAC service, installation and repair.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332 (a). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000 and there is a diversity of citizenship between the parties.

6. The venue of this action is properly placed in this district pursuant to 28 U.S.C. Section 1391 as the claim which is the subject of this action arose within this district.

## GENERAL ALLEGATIONS

7. On and prior to January 26, 2004, the Plaintiff insured the real and personal property owned by Julia Pavia located at 104 Hammondswood Road, Newton, Massachusetts (hereinafter called "the property").

8. Prior to January 26, 2004, the Plaintiff's insured had done extensive

renovations to the property including the installation of a fireplace.

9. During the course of those renovations the Defendant P & D Builders acted as the general contractor, the Defendant Falco constructed the masonry fireplace, and the Defendant Carresi installed the gas log appliance in the fireplace.

10. On January 26, 2004, a fire occurred at the property causing substantial damage.

11. Pursuant to the terms and conditions of the policy of insurance which it issued to Julia Pavia, the Plaintiff has made payments to her in excess of $480,500 for the damages sustained and it is anticipated that further payments will be made.

## COUNT 1
## NEGLIGENCE (FFIC VS. FALCO)

1-11. The Plaintiff incorporates by reference paragraphs 1 through 11 inclusive as if they were set out in full.

12. The fire of January 26, 2004, was caused by the carelessness, negligence, and negligent omissions of the Defendant Falco, his agents, servants, or employees, in that they:

    a. improperly installed the masonry fireplace;

    b. installed the fireplace in violation of the applicable building and fire codes;

    c. failed to properly inspect and test the fireplace after it was constructed; and

    d. otherwise failed to use due care under the circumstances.

13. As a result of the aforesaid negligence, carelessness, and negligent omissions by the Defendant Falco, his agents servants or employees, the fire of January 26, 2004, occurred causing the resulting damage to the Plaintiff's insured's property.

WHEREFORE, the Plaintiff demands judgment against the Defendant Falco in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate.

## COUNT 2
## BREACH OF CONTRACT (FFIC VS. FALCO)

1-11. The Plaintiff incorporates by reference paragraphs 1 through 11 inclusive as if they were set out in full.

12. In agreeing to construct the masonry fireplace at the property, the Defendant Falco impliedly warranted that his work would be done in a workmanlike manner and in compliance with the applicable building and fire codes.

13. The Defendant Falco, his agents, servants or employees, improperly constructed the masonry fireplace and constructed it in violation of the applicable building and fire codes.

14. The fire of January 26, 2004, was caused by the aforesaid breach of implied warranty by the Defendant Falco.

WHEREFORE, the Plaintiff demands judgment against Defendant Joseph Falco d/b/a Falco Construction in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate.

## COUNT 3
## NEGLIGENCE (FFIC VS. P & D BUILDERS)

1-11. The Plaintiff incorporates by reference paragraphs 1 through 11 inclusive as if they were set out full.

12. The fire of January 26, 2004, was caused by the negligence, carelessness, and negligent omissions of the Defendant P & D Builders, its agents, servants and employees in that they:

    a. failed to properly supervise the installation of the masonry fireplace;

    b. failed to properly advise the masonry subcontractor concerning the proper installation of the masonry fireplace;

    c. failed to properly supervise the installation of the gas log appliance in the fireplace;

    d. failed to take corrective actions upon learning that the masonry fireplace was installed with inadequate masonry or clearances from combustible surfaces; and

    e. otherwise failed to use due care under the circumstances.

13. As a result of the aforesaid negligence, carelessness and negligent omissions of the Defendant P & D Builders its agents, servants and employees, the fire of January 26, 2004, occurred causing the resulting damage to the property of the Plaintiff's insured.

WHEREFORE, the Plaintiff demands judgment against the Defendant PD Builders in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate.

## COUNT 4
## BREACH OF CONTRACT (FFIC VS. PD BUILDERS)

1-11.  The Plaintiff hereby incorporates by reference paragraphs 1 through 11 inclusive as if they were set out full.

12.  Defendant P & D Builders impliedly warranted that it would perform its duties as a general contractor in a workmanlike manner and that the renovations to the Plaintiff's insured's home would be done in accordance with the applicable building and fire codes.

13.  The Defendant P & D Builders breached the aforesaid warranty by failing to probably supervise, inspect and direct the installation of the masonry fireplace and gas log appliance, which was improperly installed and installed in violation of the appropriate building and fire codes.

14.  As a result of the aforesaid breach of implied warranty the fire of January 26, 2004, occurred resulting in damage to the property belonging to the Plaintiff's insured.

WHEREFORE, the Plaintiff demands judgment against Defendant P & D Bbuilders in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate

## COUNT 5
## NEGLIGENCE (FFIC VS. CARRESI)

1-11.  The Plaintiff incorporates by reference paragraphs 1 through 11 inclusive as if they were set out full.

12.  The fire of January 26, 2004, was caused by the negligence, carelessness, and negligent omissions of the Defendant Carresi, his agents,

servants and employees in that they:

    a.    improperly installed the gas log appliance in the fireplace;

    b.    installed the gas log appliance in violation of the applicable building and fire codes;

    c.    failed to properly inspect and test the fireplace after it was constructed; and

    d.    otherwise failed to use due care under the circumstances.

13.    As a result of the aforesaid negligence, carelessness and negligent omissions of the Defendant Carresi, his agents, servants and employees, the fire of January 26, 2004, occurred causing the resulting damage to the property of the Plaintiff's insured.

WHEREFORE, the Plaintiff demands judgment against the Defendant Carresi in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate.

## COUNT 6
## BREACH OF CONTRACT (FFIC VS. CARRESI)

1-11.    The Plaintiff hereby incorporates by reference paragraphs 1 through 11 inclusive as if they were set out full.

12.    Defendant Carresi impliedly warranted that he would perform his duties as a plumber and HVAC technician in a workmanlike manner and that the renovations to the Plaintiff's insured's home would be done in accordance with the applicable building and fire codes.

13.    The Defendant Carresi breached the aforesaid warranty by failing to probably install, inspect and test the installation of the gas log appliance in the

fireplace, which was improperly installed and installed in violation of the appropriate building and fire codes.

14.     As a result of the aforesaid breach of implied warranty the fire of January 26, 2004, occurred resulting in damage to the property belonging to the Plaintiff's insured.

WHEREFORE, the Plaintiff demands judgment against Defendant Carresi in an amount in excess of $75,000 together with interest, the costs of this action, and such other relief as the court may deem appropriate

THE PLAINTIFF,

By: /s/ Stuart G. Blackburn
    Stuart G. Blackburn, Esq.
    Law Offices of Stuart G. Blackburn
    Two Concorde Way
    P.O. Box 608
    Windsor Locks, CT 06096
    Tel. 860-292-1116
    Fax 860-292-1221
    BBO# 549797

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## CERTIFICATE OF SERVICE

-----------------------------------------------------------------X

FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (DPW)

Plaintiff,

vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

June 7, 2007

Defendants.

-----------------------------------------------------------------X

I hereby certify that on **June 7, 2007** a copy of the foregoing **Amended Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Stuart G. Blackburn
Stuart G. Blackburn (BBO# 549797)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 facsimile
sgblackburn@sbcglobal.net