UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE FIREMAN'S FUND INSURANCE | ) | |
| COMPANY as subrogee of JULIA PAVIA | ) | |
| 77 San Marin Drive Novado, California, | ) | |
|     Plaintiff | ) | CIVIL ACTION |
| | ) | NO. 05-cv-10827-DPW |
| VS. | ) | |
| | ) | |
| JOSEPH FALCO, d/b/a FALCO CONSTRUCTION, | ) | |
| P & D BUILDERS, INC. and | ) | |
| MICHAEL CARRESI d/b/a | ) | |
| CARRESI PLUMBING & HEATING | ) | |

**DEFENDANT, JOSEPH FALCO, d/b/a FALCO CONSTRUCTION'S**
**PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Civ. P. 51, the Defendant, Joseph Falco, d/b/a Falco

Construction, requests that this Court instruct the jury on the law applicable to the claims

asserted in this matter in accordance with the attached proposed instructions. Captions and

citations are for the convenience of the Court and are not part of the requested instructions.

The Defendant further requests leave of this Court to submit appropriate amendments and

supplements to these requested instructions as are necessary.

Respectfully Submitted,
The Defendant,
Joseph Falco, d/b/a Falco Construction,
By its attorneys,

/s/ John F. Toomey
John F. Toomey, BBO # 500160
David J. Crowley, BBO # 630169
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA 02110
(617) 946-0930

Date: June 8, 2007

PROPOSED INSTRUCTION NO. 1

(Burden of Proof)

As the Plaintiff, Fireman's Fund Insurance Company has the burden of proving every essential element of its claims against the Defendant by a preponderance of the evidence, and the Defendant has no burden to disprove anything.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence, as when considered and compared with that opposed to it, has more convincing force, and produces in your mind an actual belief that the fact that the party is trying to prove is more likely true than not true.

Therefore, if you find that the credible evidence on a given issue is evenly balanced between the parties – that it is as equally probable that one side is right as it is that the other side is right – then you must decide that the party with the burden of proof has not satisfied that burden and in favor of the defending party.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §72.01, pp. 31-32 (4th ed. 1987); 3 Sands et al., Modern Federal Jury Instructions, No. 73-2 at pp. 73-74 (1989).

PROPOSED INSTRUCTION NO. 2

If the evidence is, in your view, so evenly balanced that you cannot tell on which side the weight of the evidence lies, you must find for the Defendant.  A tie goes to the Defendant.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §72.01, pp. 31-32 (4th ed. 1987); 3 Sands et al., Modern Federal Jury Instructions, No. 73-2 at pp. 73-74 (1989).

PROPOSED INSTRUCTION NO. 3

(Negligence)

In order to recover for negligence against the Defendant, Joseph Falco, d/b/a Falco Construction, the Plaintiff, Fireman's Fund Insurance Company, must prove by a preponderance of the evidence three essential elements:

1.    That the Defendant had a duty or obligation to exercise reasonable care to the Plaintiff;

2.    That the Defendant breached that duty of care which it owed to the Plaintiff; and

3.    That the Defendant's breach of that duty proximately caused the injuries and damages sustained by the Plaintiff.

Prosser, <u>Torts</u> §30 p. 143 (4th ed. 1971).

PROPOSED INSTRUCTION NO. 4

(Negligence & Property Damage)

The law provides that if a person owes someone else a duty to be reasonably careful, but is negligent in fulfilling that duty and thereby causes the other person some property damage, the negligent person must compensate the victim of his (her) negligence for that damage.

The Plaintiff may recover on this claim if, and only if, he proves that four things are more likely than not:

1.    That the Defendant had a duty to take reasonable care to avoid causing property damage to someone in the insured's position;

2.    That the Defendant was negligent in fulfilling that duty;

3.    That the Defendant's negligence caused some damage to the insured's property; and

4.    The Plaintiff must prove the extent or amount of that damage.

Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 629 (1989); Goldstein v. Gontarz, 364 Mass. 800, 805-06 (1974); Solimene v. B. Grauel & Co., K.G., 399 Mass. 790, 798 (1987); Williamson v. Feinstein, 311 Mass. 322, 324 (1942).

PROPOSED INSTRUCTION NO. 5

The mere happening of an incident is not proof of negligence.  Consequently, the

Plaintiff must prove to you by a preponderance of credible evidence not only that an

incident occurred, but that the incident was the result of the negligence of the Defendant.

Rizzittelli v. Vestine, 246 Mass. 391, 392 (1923).

PROPOSED INSTRUCTION NO. 6

The mere fact that an incident happened, standing alone, does not permit the jury to draw the inference that the incident was caused by anyone's negligence.

2 Devitt & Blackmar, <u>Federal Jury Practice & Instructions</u>, §80.07 (3rd Ed. 1977).

PROPOSED INSTRUCTION NO. 7

It is elementary that there can be no liability in negligence in the absence of a legal

duty to the Plaintiff.

O'Sullivan v. Shaw, 431 Mass. 201, 203 (2000); McNulty v. McDowell, 415 Mass. 369,

371 (1993).

PROPOSED INSTRUCTION NO. 8

Ordinary care is such care as a man of ordinary caution, prudence and capacity would exercise under like circumstances.  The actions of Joseph Falco, d/b/a Falco Construction must be viewed in relation to what a reasonable masonry subcontractor would have done under the circumstances, that is you must compare Falco Construction Corporation's acts to the standard of care applicable in the masonry industry.  If there is no evidence that Joseph Falco, d/b/a Falco Construction deviated from the standard of care of a reasonable masonry subcontractor, than you must find for the Defendant, Joseph Falco, d/b/a Falco Construction.

Commonwealth v. Angelo Todesca Corp., 446 Mass. 128, 137 (2006); Beaver v. Costin, 352 Mass. 624, 626 (1967); quoting Altman v. Aronson, 231 Mass. 588, 591 (1919).

PROPOSED INSTRUCTION NO. 9

Even if you find that Joseph Falco, d/b/a Falco Construction breached its duty to act with due care, in order to find for the Plaintiff, you must be satisfied that Joseph Falco, d/b/a Falco Construction's actions were a proximate cause of Plaintiff's injuries and damages. Proximate cause has been defined as the "active efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source . . ."

Lynn Gas & Electric Co. v. Meridin Insurance Co., l58 Mass. 570, 575 (l893).

PROPOSED INSTRUCTION NO. 10

The Defendant's negligence and the Plaintiff's alleged injury must bear a causal relationship.  In fact, the negligence of the Defendant must be the direct and proximate cause of the Plaintiff's injury.  This causal connection may be broken by an intervening, or superseding, cause.  The intervening cause may be the negligent, intentional or criminal conduct of a third person.  Whether the intervening act breaks the causal nexus depends on the nature and forseeability of the intervening act or omission.

Cimino v. Milford Keg, Inc., 385 Mass. 323, 330-31 (1982); Tritsch v. Boston Edison Co., 363 Mass. 179, 182 (1973); Bannon v. Peerless Weighing and Vending Mach. Corp., 318 Mass. 607, 609 (1945).

PROPOSED INSTRUCTION NO. 11

The proximate cause is that which is a continuous sequence, unbroken by any new cause, which produces an event and without which the event would not have occurred.

Wallace v. Ludwig, 292 Mass. 25l, 254 (l935).

PROPOSED INSTRUCTION NO. 12

The requirement of proximate cause is satisfied only if you find that the negligence

of the Defendant was a substantial factor in bringing about the harm to the Plaintiff.

Tritsch v. Boston Edison Co., 363 Mass. 179, 182 (1973); See Bannon v. Peerless Weighing

& Vending Mach. Corp., 318 Mass. 607, 609 (1945).

PROPOSED INSTRUCTION NO. 13

(Comparative Negligence)

If you find that both the Plaintiff and the Defendant were negligent, the Court will reduce the Plaintiff's damages by the percentage of the Plaintiff's negligence, if any. However, if you find that the negligence of the Plaintiff was greater than that of the Defendant, then the Plaintiff cannot recover any damages.

M.G.L. c. 231, §85.

PROPOSED INSTRUCTION NO. 14

If you find that the Defendant, Joseph Falco, d/b/a Falco Construction, was not negligent, then you must return a verdict for the Defendant, Joseph Falco, d/b/a Falco Construction.

PROPOSED INSTRUCTION NO. 15

(Damages – Speculation Impermissible)

The party seeking damages bears the burden of proving each item and the amount of its claimed damages by a preponderance of the evidence.  Thus, you only may award damages if, and only to the extent that, the party seeking damages has proven the amount of its damages (i) by a preponderance of the evidence and (ii) to a reasonable degree of certainty.

Lufkin's Real Estate, Inc. v. Aseph, 349 Mass. 343, 346 (1965); Snelling & Snelling of Massachusetts, Inc. v. Wall, 345 Mass. 634, 635-36 (1963).

PROPOSED INSTRUCTION NO. 16

If you find that the Defendant is liable, you must determine the extent of the Plaintiff's damages for which the Defendant is liable. As was the case with proving liability, the burden is on the Plaintiff to prove his damages by a preponderance of the evidence. If the Plaintiff fails to provide you with an evidentiary and logical basis for calculating his damages, then you may not award damages in any amount. Damages in actions such as this cannot be awarded unless you can determine the amount of damage without resort to speculation, conjecture or surmise.

A. DaPrato Co. v. City of Boston, 334 Mass. 186, 188-89 (1956); See Bond Pharmacy v. City of Cambridge, 338 Mass. 488, 493 (1959).

PROPOSED INSTRUCTION NO. 17

The Plaintiff has a duty to mitigate the damages it suffered as a result of the incidents in this case.

Assad v. Berlin-Boylston Regional School Committee, 406 Mass. 649, 656 (1990); Ryan v. Superintendent of Schools of Quincy, 374 Mass. 670, 672 (1978).

PROPOSED INSTRUCTION NO. 18

If you find more than one Defendant liable for damages, each Defendant is jointly and severally liable.  Joint and several liability means that each Defendant is liable to satisfy the entire judgment. The Plaintiff may present the judgment for payment to any one of the Defendants you find liable, and that Defendant is obliged to pay the entire amount to the Plaintiff.

That liable Defendant may then seek reimbursement from the other Defendants you find liable. For instance, if there are two Defendants held liable, each is legally responsible to the other to pay one-half. If there are three Defendants held liable, each is responsible for one-third of the amount of the judgment.

The Plaintiff cannot recover more than the judgment. Duplicative recovery is not allowed. But among themselves the liable Defendants are responsible for the judgment on a pro rata basis.

M.G.L.A. 231B § 1 & § 2; Zeller v. Cantu, 395 Mass. 76, 81 (1985).

PROPOSED INSTRUCTION NO. 19

In this case, you are being asked to decide whether there was a legally binding contract between the Plaintiff's insured and the Defendant, and whether the Defendant "breached" a term of that contract – that is, violated it in a significant way.  The burden of proof is on the Plaintiff to prove that it is more likely than not that the insured had a valid contract with the Defendant, and that the Defendant breached a provision of the contract. This is a question of fact, which you must determine from all the believable evidence in the case, along with whatever reasonable inferences you draw from the evidence.

A contract is an agreement that is legally binding.  To prove that there was a contract, the plaintiff must prove that it is more likely than not that the insured and the defendant had an agreement and that the agreement is legally binding.

To have an agreement, two people have to come to a common understanding about the obligations that each of them is undertaking.  Usually this means that one person makes an offer and the other person accepts that offer.  For example, you offer to put a new roof on my house, and I agree to pay you a certain price for doing so.  Basically, it means that we have exchanged promises; you promise to do something, I promise to pay you for doing it.

If you find that Joseph Falco, d/b/a Falco Construction and the insured did not have a legally binding agreement, but rather that Joseph Falco, d/b/a Falco Construction had a contract with P & D Builders to install a decorative fireplace, you must find that there was no contract between Mr. Falco and Plaintiff's insured.

Canney v. New England Tel. & Tel. Co., 353 Mass. 158,164-65 (1967); Heller Financial v. Insurance Company of North America, 410 Mass. 400, 406-07 (1991).

PROPOSED INSTRUCTION NO. 20

If you find that P & D Builders' supervisor knew or should have known that a gas

burning log had been installed in a decorative fireplace, thus creating an unreasonably

dangerous situation to others, you must find P & D Builders liable for the resulting damages.

Corsetti v. The Stone Company, 396 Mass. 1, 10-11 (1985).

PROPOSED INSTRUCTION NO. 21

The Massachusetts Building Code states that the holder of a supervisor's license is responsible for supervising the construction site and is fully and completely responsible for all work which he is supervising.  If you find that P & D Builders' supervisor allowed a gas burning log to be installed in a decorative fireplace, thus creating an unreasonably dangerous situation, you may find that as some evidence of negligence on the part of P & D Builders.  It is not, however, conclusive on the issue of negligence.  You may consider that fact, together with all the other circumstances, in determining whether P & D Builders acted negligently.

Perry v. Medeiros, 369 Mass. 836, 841 (1976); 780 CMR 108.3.5; 780 CMR 110.R5.2.15.1; 780 CMR 110.R5.2.15.2.

PROPOSED INSTRUCTION NO. 22

The Massachusetts Plumbing and Fuel Gas Code prohibits the installation of gas fitting until a permit has been issued by the Inspector of Gas Fitting.  If you find that Mr. Carresi did not comply with this regulation, you may find that as some evidence of negligence.  It is not, however, conclusive on the issue of negligence.  If it is proved that Mr. Carresi violated the regulation, you may consider that fact, together with all the other circumstances, in determining whether the Defendant acted negligently.

248 CMR 3.05(1)(b)(1); <u>Campbell v. Leach</u>, 352 Mass. 367, 372 (1967); <u>Perry v. Medeiros</u>, 369 Mass. 836, 841 (1976).

PROPOSED INSTRUCTION NO. 23

If you find that Mr. Carresi did not comply with the Massachusetts Plumbing and Fuel Gas Code for the installation of a fireplace log, which requires that: "the workmanship shall be performed and completed in such a manner so that the termination [of the gas tubing in the masonry fire box] will not be exposed to any adverse effects," you may find that as some evidence of negligence. It is not, however, conclusive on the issue of negligence. If it is proved that Mr. Carresi violated the regulation, you may consider that fact, together with all the other circumstances, in determining whether Mr. Carresi acted negligently.

248 CMR 5.03(6)(h); Campbell v. Leach, 352 Mass. 367, 372 (1967); Perry v. Medeiros, 369 Mass. 836, 841 (1976).

PROPOSED INSTRUCTION NO. 24

In your deliberations you are only to consider the evidence that has been introduced, which is the testimony from the witness stand or contained in the exhibits, and you are not to consider as evidence any statements made by any attorney in his examination of any of the witnesses or in argument to you.

Markee v. Biasetti, 410 Mass. 785, 788 (1991).

PROPOSED INSTRUCTION NO. 25

You have been provided with reports which may contain opinions expressed by experts on issues related to Plaintiff's case.  The opinions expressed by the experts are not binding upon you, and you may choose to accept or reject those opinions just as any other evidence put before you in this case.

Banagahan v. Dewey, 340 Mass. 73, 79 (1959).

PROPOSED INSTRUCTION NO. 26

Just because a particular witness is an "expert" does not mean you must accept his or her evidence. As with all evidence, you must consider whether the evidence is credible. You should consider each expert opinion received in evidence of this case and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

2 Devitt & Blackmar, <u>Federal Jury Practice & Instructions</u>, §72.07 (3rd Ed. l977).

PROPOSED INSTRUCTION NO. 27

You have been chosen and sworn as jurors in this case to decide the issues of fact and to apply the law to those facts as the court gives the law to you in these instructions. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. Were you, for example, to impose liability upon the Defendant simply because it is a corporation, you would violate your sworn duty under the law. The court, the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, free from all personal sympathies and prejudices.

PROPOSED INSTRUCTION NO. 28

You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  You should use all the tests for truthfulness that you would use in determining mattes of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of this case.  You should consider the opportunity the witness had to see, hear, and know the things about which he/she testified, the accuracy of his/her memory, his/her candor or lack of candor, his/her intelligence, the reasonableness and probability of his/her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.  Remember that you should use your common sense, your good judgment and your own life experience.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on <u>June 8, 2007</u>.

<u>/s/  John F. Toomey</u>

hwa  81925.1  6/8/07