IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------X

FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA
77 San Marin Drive
Novado, California

CIVIL ACTION NO.
05-10827 (DPW)

                          Plaintiff,
vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING

JUNE 8, 2007

                        Defendants.
-----------------------------------------------------------------X

## PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS

Plaintiff's Request for Charge No. I

     Negligence in its ordinary sense is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of duty then resting upon them, the person of ordinary caution and prudence ought to exercise under the circumstances.

Carroll v. Bouley, 338 Mass. 625, 156 N. E. 2d 687 (1959)

Plaintiff's Request for Charge No. 2

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person possessing the Defendant's training and knowledge would perceive in those circumstances. The more dangerous the circumstances, the greater the care that ought to be exercised. Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 293 N. E. 2d 875 (1973); Gagnon v. Divittorio, 310 Mass. 475, 38 N. E. 2d 629 (1941)

Plaintiff's Request for Charge No. 3

A general contractor who employees a subcontractor to perform work may be libel for the actions of the subcontractor if he gives directions for the work, furnishes equipment for it, or retains control over any part of it. Under those circumstances the general contractor is required to exercise reasonable care for the protection of others and he is liable for damages caused by his failure to do so. The rule is applicable when any general contractor entrusts part of his work to subcontractors but gives directions for the work, furnishes equipment or exercises control. In such a situation the general contractor is subject to liability if he fails to prevent the subcontractor from doing the details of the work in a way unreasonably dangerous to others or their property, Corsetti v. Stone Co., 396 Mass. 1, 43 N. E. 2d 793 (1985)

Plaintiff's Request for Charge No. 4

If you find that any or all of the Defendants were negligent, you must next decide what harm was cause by that negligence. <u>Wainwright v. Jackson</u>, 291 Mass. 100, 195 N. E. 896 (1935)

<u>Plaintiff's Request for Charge No. 5</u>

Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about, but it does not need to be the only factor. For example, in this case the Plaintiff has claimed that the negligence of all three Defendants was a substantial factor in causing the fire. If you believe the Plaintiff has proven its case you are permitted to find that one, two or all three Defendant's negligence was a substantial factor in causing the loss. <u>Lawrence Sav. Bank v. Levinson</u>, 59 Mass. Appt.Ct. 699 (2003)

<u>Plaintiff's Request for Charge No. 6</u>

To prove that an injury is a reasonably foreseeable consequence of negligent conduct, a plaintiff need not prove that the defendant actually foresaw or should have foreseen the extent of the harm suffered or the manner in which it occurred. Instead, the plaintiff must prove that it is a harm of the same general nature as that which a reasonably prudent person in the defendant's position should have anticipated, in view of what the defendant knew or should have known at the time of the negligent conduct. <u>Hill v. Winsor</u>, 118 Mass. 251 (1875); <u>West v. Molders Foundry Co.</u>, 342 Mass. 8, 171 N. E. 2d 860 (1961)

<u>Plaintiff's Request for Charge No. 7</u>

The exact manner in which an accident caused by negligence occurred need not have been foreseeable by the negligent party to render him liable for the injuries of another. <u>Ryder v. Robinson</u>, 329 Mass. 285, 107 N.E. 2d 803 (1952)

Plaintiff's Request for Charge No. 8

In addition to its claims of negligence, the Plaintiff has claimed that each of the Defendants breached their contractual obligation to perform their work in a workmanlike manner. When the party binds himself by contract to do work or to perform a service he agrees by implication to do a workmanlike job and to use reasonable and appropriate care and skill in doing the job. The failure to perform a contract in a workmanlike manner is a breach of the contract. Herbert A. Sullivan Inc. v. Utica Mutual Insurance Co., 439 Mass. 387, 788 N. E. 2d 522 (2003)

Plaintiff's Request for Charge No. 9

If you find the Defendants' negligence was a substantial factor in bringing about the Plaintiff's losses, or if you find one or more of the Defendants breached an agreement with the Plaintiff's insured, then you must determine what damages to award to the Plaintiff. The Plaintiff need not prove the existence and amount of damages with mathematical certainty and exactitude. Dalton v. Demos Brothers General Contractors 334 Mass. 377, 135 N. E. 2d 646 (1956)

Plaintiff's Request for Charge No. 10

The measure of damages for the breach of a building contract is that the injured party shall be placed in the same position as he or she would have been if the contract had been properly performed so far as the loss can be ascertained to have followed as a natural consequence and to have been within the contemplation of the parties as reasonable men as a probable result of the breach. White Spot Construction Corp. v. Jet Spraying Cooler and Inc., 344 Mass. 632, 183 N. E. 2d 719 (1962)

Plaintiff's Request for Charge No. 11

Under both the Plaintiff's negligence theories and its claims of breach of contract, the proper measure of damages for damage to property is the diminution in value of the property before and after the loss.  The diminution in value may be proven by the cost to repair the property provided the cost to repair does not exceed the value of the property.  Trinity Church in City of Boston v. John Hancock Mutual Life, 399 Mass. 43 (1987); Dalton v. Demos Bros. Gen Contractors, 334 Mass. 377, 135 N. E. 2d 646 (1956); Belkus v. City of Brockton, 282 Mass. 285, 184 N. E. 812 (1933); Consolidated Beverages Inc. v. Lawyers Title Ins., 1993 W.L. 818846 (Mass. Super 1993)

THE PLAINTIFF,

By:  /s/ Stuart G. Blackburn
Stuart G. Blackburn, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
Tel. 860-292-1116
Fax 860-292-1221
BBO# 549797

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## CERTIFICATE OF SERVICE

---------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
as subrogee of JULIA PAVIA                           CIVIL ACTION NO.
77 San Marin Drive                                        05-10827 (DPW)
Novado, California

                      Plaintiff,
vs

FALCO CONSTRUCTION CORP.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI
PLUMBING & HEATING                                    June 8, 2007

                      Defendants.
---------------------------------------------------------------X

I hereby certify that on **June 8, 2007** a copy of the foregoing **Plaintiff's Request for Jury Instructions** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                      /s/ Stuart G. Blackburn
                      Stuart G. Blackburn (BBO# 549797)
                      Law Offices of Stuart G. Blackburn
                      Two Concorde Way
                      P.O. Box 608
                      Windsor Locks, CT 06096
                      (860) 292-1116
                      (860) 292-1221 facsimile
                      sgblackburn@sbcglobal.net