UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA, <br> Plaintiff, <br><br> v. <br><br> FALCO CONSTRUCTION CORP., P&D BUILDERS, INC., and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING. <br> Defendants. | CIVIL ACTION NO.: 05-10827RBC |

**DEFENDANT, P & D BUILDERS, INC.'S REQUEST
FOR JURY INSTRUCTIONS**

In accordance with Rule 51(b) of the Federal Rules of Civil Procedure, the defendant, P&D Builders, Inc., hereby submits the following jury instructions. P & D Builders, Inc. reserves the right to submit supplemental jury instructions in response to the submissions of other parties, based upon rulings on instructions by the court, and at the close of evidence.

I.   INTRODUCTION

     1.   This is a subrogation action brought by the plaintiff insurance company (Fireman's Fund Insurance Company) in the place of its insured (Julia Pavia), the owner of the house, against the defendants Joseph Falco, Michael Carresi, and P & D Builders, Inc. Fireman's Fund seeks to recover damages that it alleges resulted from negligent work performed at Ms. Pavia's house by the defendants.

II.   SUBROGATION

     2.   The doctrine of subrogation often applies to payments made under insurance policies. Upon payment, an insurer such as Fireman's Fund Insurance Co. is entitled to share the

1019336v1

benefit of any rights of recovery that its insured may have against a person legally responsible for causing the same damage covered by the insurance policy.

    Frost v. Porter Leasing Corp., 386 Mass. 425, 427 (1982).

3.    An insurer such as Fireman's Fund Insurance Co. has the right to recover, by way of subrogation, for damages that it has been called upon to pay to an insured under its insurance policy. Subrogation is the substitution of one entity in place of another with reference to a lawful claim so that the entity that is substituted succeeds to the rights of the other in relation to the claim. An insurance company, by contract with its insured, generally has the right to "step into the shoes" of the party whom it has compensated and sue any party whom the compensated party could have sued for the loss.

    Homeowners' Loan Corp. v. Baker, 299 Mass. 158 (1937); 16 G. Couch, Insurance c. 61:4 (2d ed. 1983).

III.    BURDEN OF PROOF

4.    In a civil action such as this one, the burden of proof is upon the plaintiff to prove each and every essential element of its claim by a preponderance of the credible evidence. If the plaintiff fails to prove any one of the essential elements of its claim by a preponderance of the evidence, or if the credible evidence is equally balanced as to any of the essential elements of the plaintiff's claims then you must find for the defendants.

    Borrelli v. Top Value Enterprises, 356 Mass. 110, 113 (1969); Kenney v. Sears, Roebuck & Co., 355 Mass. 605 (1969).

5.    The burden is on the plaintiff in this action to prove by a preponderance of the credible evidence: (1) that the damages complained of by it exist, and (2) that those damages are the proximate result of negligent conduct on the part of the defendant. You are not permitted to award compensation for damages which are speculative or conjectural. Thus, if the plaintiff fails

2

to carry the burden of proving the existence of any damages, or that those damages were proximately caused by the alleged negligent conduct of the defendants, then the plaintiff is not entitled to recover damages in this action.

Restatement (Second) of Torts, § 912.

6.  In order to recover against the defendants, the plaintiff must prove by a preponderance of the credible evidence three essential elements: (1) that under all the circumstances, the defendant owed a <u>duty of care</u> to Ms. Pavia; (2) that the defendant <u>breached</u> that duty; and (3) that the breach of that duty <u>proximately caused the damages</u> allegedly sustained by the plaintiff.

<u>Morgan v. Lalumiere</u>, 22 Mass.App.Ct. 262, 267 (1986); <u>Beaver v. Costin</u>, 352 Mass. 624, 626 (1967).

7.  By "preponderance of the evidence" we mean the evidence's power to convince you of the actual truth of the proposition to be proved. After the evidence has been weighed, that proposition is proved by a preponderance of the evidence if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in your minds notwithstanding any doubts which may still linger there.

<u>Stepakoff v. Kantar</u>, 393 Mass. 836, 842-43 (1985); <u>Smith v. Rapid Transit Co.</u>, 317 Mass. 469, 470 (1945); <u>Sergeant v. Massachusetts Accident Co.</u>, 307 Mass. 246, 250 (1940).

8.  Another description of the state of mind which is satisfied by a preponderance of evidence is a firm and abiding conviction in the truth of the plaintiff's case.

<u>Stepakoff v. Kantar</u>, 393 Mass. 836, 842-43 (1985).

9.  If the plaintiff has only shown some point by a balance of the probabilities, then this does not meet the standard of proof by a preponderance of the evidence. If you are to find any fact to be true merely by a balance of the probabilities, this would be a dilution of the plaintiff's burden of proof; in that case, you must find for the defendants.

10. An act or omission on the part of the defendant will not provide grounds for relief unless the plaintiff shows that the act or omission was a substantial cause in bringing about the plaintiff's damages.

Delta Airlines, Inc. v. United States, 561 F.2d 381 (1st Cir. 1979) cert. den. 434 US 1064.

11. In order for the plaintiff to recover it must prove that Ms. Pavia's damages resulted from an act for which the defendant is responsible. If you find that the damage and injuries to Ms. Pavia were a result of circumstances or conduct for which the defendant is not responsible, then you must find for the defendant.

12 The plaintiff has the burden of proving by a preponderance of the credible evidence not only that the defendant acted negligently, but that Ms. Pavia was injured or suffered damage as a direct and proximate result of that conduct.

Maher v. General Motors Corporation, 370 Mass. 231 (1976); McNeil v. American Cyanamid Company, 3 Mass. App. Ct. 738 (1975); Smith v. Ariens Co., 375 Mass. 620 (1978); Alholm v. Town of Wareham, 371 Mass. 621 (1976).

13 The plaintiff has failed to maintain its burden of proof if, on all of the credible evidence, the question of the defendant's alleged negligent conduct is left to conjecture, surmise or speculation.

Currie v. Lee Equipment Corp., 362 Mass. 765, 768 (1973); Bigwood v. Boston & Northern Street Railway, 209 Mass. 345, 348 (1911); Morris v. Weene, 258 Mass. 178 (1927).

IV.    DUTY OF CARE

14 The defendant's liability cannot be presumed from the mere fact that Ms. Pavia's house and property were damaged. Property damage, no matter how tragic or damaging, in and of itself carries no presumption of liability or responsibility on the part of the defendants.

Tallon v. Spellman, 302 Mass. 179 (1939); Hathaway v. Chandler & Co., 229 Mass. 92, 94 (1918).

15.	Generally, the standard of care is that degree of care which would reasonably be expected from ordinarily prudent persons in similar circumstances.

<u>Gilhooley v. Star Market</u>, 400 Mass. 205, 207 (1987); <u>Lawrence v. Kames, Inc.</u>, 8 Mass.App.Ct. 854, 856-857 (1979); <u>LaFleur v. Alfie Rene Cyr</u>, 11 Mass.App.Ct. 891-892 (1980); <u>Mason v. Geddes</u>, 258 Mass. 40, 44-45 (1926);

16.	The standard of care for a profession is defined as "the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities." This means how other reasonable building contractors would have acted in a similar situation.

Restatement (Second) of Torts § 283 (1965).

17.	During the course of this case you may have heard references to the various provisions of the Massachusetts State Building Code. The alleged violation by the defendants of any code or regulation is to be considered by you only as some evidence of negligence and is not negligence per se. This is because the law does not impose strict liability upon a defendant who may violate a code provision.

<u>St. Germaine v. Pendergast</u>, 411 Mass. 615, 620 (1992); <u>MacDonald v. Ortho Pharmaceutical Corp.</u>; 394 Mass. 131, 139-140 (1985); <u>LeClair v. Silberline Mfg. Co.</u>, 379 Mass. 21, 28 (1979); <u>Perry v. Medeiros</u>, 369 Mass. 836, 841 (1976).

18.	If you find that the defendant, P&D Builders, Inc., exercised reasonable care under the circumstances, the plaintiff cannot recover.

19.	Comparative negligence is the failure of the plaintiff to exercise due care respecting the cause of her injury. If you find, taking all of the evidence into consideration, that Ms. Pavia did not exercise of due care at the time of the alleged accident, Ms. Pavia was comparatively negligent.

<u>Duggan v. Bay State Street Railway Co.</u>, 230 Mass. 370.

V.      PROXIMATE CAUSE

20.     The plaintiff has the burden of proof of showing that negligence attributable to the defendant was responsible for Ms. Pavia's damages, and it cannot sustain that burden by merely showing negligence by the defendant and damage to Ms. Pavia's home and property. Plaintiff must show that the defendant's negligence was the proximate cause of Ms. Pavia's damages. In other words, it must show that the defendant acted negligently and that without that act, the damage to Ms. Pavia's house would not have occurred.

Todd v. Winslow, 278 Mass. 588 (1932).

21.     Proximate cause requires that the general character and probability of the damage be reasonably foreseeable.

Glick v. Prince Italian Foods of Saugus, Inc., 24 Mass. App. Ct. 901 (1987).

22.     If there are several potential alternative causes of Ms. Pavia's damages and the defendant is not responsible for all of the alternatives, the plaintiff must demonstrate that the defendant was responsible for the one which caused Ms. Pavia's alleged property damage.

Nass. v. Duxbury, 327 Mass. 396, 400 (1951); Black v. Boston Consolidated Gas. Co., 325 Mass. 505, 508 (1950); Carey v. General Motors Corp., 377 Mass. 736, 740 (1979); McLaughlin v. Bernstein, 356 Mass. 219, 226 (1969).

23.     It is incumbent on the plaintiff to show that there is a greater likelihood or greater "probability" that Ms. Pavia's damages arose from a cause for which the defendant was liable than from one which it was not.

Nass. v. Duxbury, 327 Mass. 396, 400 (1951); McLaughlin v. Bernstein, 356 Mass. 219, 226 (1969).

24.     The plaintiff has the burden of proving by a preponderance of the credible evidence, not only that the defendant was negligent, but that Ms. Pavia was injured as a direct

and proximate result of that negligence. If you do not find that the defendant's negligence was a direct and proximate cause of Ms. Pavia's injuries, then you cannot find for the plaintiff.

    Maher v. General Motors Corp., 370 Mass. 231 (1976); McNeil v. American Cyanamid Company, 3 Mass. App. Ct. 738 (1975); Smith v. Ariens Co., 375 Mass. 620 (1978).

VI.    DAMAGES

25.    At common law, the measure of damages to real property is dependent upon whether the injury is permanent or reasonably curable by repairs.

    Black v. Coastal Oil New England, Inc., 45 Mass. App. Ct. 461, 465 (1998); Belkus v. Brockton, 282 Mass. 285, 287-8 (1933).

26.    When the injury to property is permanent, the proper measure of damages is the difference between the market value of Ms. Pavia's property before the damage caused by the defendant, and the market value of the property after the damage was caused by the defendant.

    Guaranty-First Trust Co. v. Textron, Inc., 416 Mass. 332, 336 (1993); Belkus v. Brockton, 282 Mass. 285, 287-8 (1933); Hopkins v. Pneumatic Service Co., 194 Mass. 582 (1907).

27.    If you find that the injury to the property is reasonably curable by repairs or remediation, then the measure of recovery is the expense of repairs or remediation, as long as that expense is less than the amount by which the market value has been diminished.

    Guaranty-First Trust Co. v. Textron, Inc., 416 Mass. 332, 336 (1993); Belkus v. Brockton, 282 Mass. 285, 287-8 (1933).

28.    You must be careful not to award duplicative damages or to put the plaintiff in a better position than it was prior to the injury to the property.

    Belkus v. Brockton, 282 Mass. 285, 287-8 (1933).

1019336v1

29. The plaintiff has a duty to mitigate the damages it suffered as a result of the incidents involved in this case.

Ryan v. Superintendent of Schools of Quincy, 374 Mass. 670, 672 (1978).

30. It is possible that there may be a substantial disparity between the decrease in market value and the cost of repairs, namely, the cost of repairs may be less than the diminution in market value. When this occurs, the cost of repairs is the measure of the plaintiff's damage.

Dalton v. Demos Bros. Gen. Cont., Inc., 334 Mass. 337, 379 (1956).

31. "Fair market value" means the highest prices that a hypothetical willing buyer would pay to a hypothetical seller in an assumed free and open market. Otherwise stated, fair market value is the price which an owner, who is willing, but not forced, to sell or to receive from one who is willing, but not forced, to buy. It means the highest price that a fully informed and willing purchaser will pay to a fully informed and willing seller.

Epstein v. Boston Housing Authority, 317 Mass. 297, 299 (1944).

Respectfully submitted,
The Defendant/Third-Party plaintiff,
P&D Builders, Inc.,
By its attorney,

/s/ *Curtis L.S. Carpenter*

---
Curtis L.S. Carpenter, BBO #657358
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 8, 2007.

/s/ *Curtis L.S. Carpenter*
_____
Name, BBO No. 657358

1019336v1