IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY as
subrogee of JULIA PAVIA                              CIVIL ACTION NO.
77 San Marin Drive                                   05-10827 (DPW)
Novado, California

                             Plaintiff,

    vs

JOSEPH FALCO d/b/a FALCO
CONSTRUCTION.;
P & D BUILDERS, INC.;
and
MICHAEL CARRESI d/b/a CARRESI                        June 8, 2007
PLUMBING & HEATING

                            Defendants.
---------------------------------------------------------------X

## REQUESTS OF THE DEFENDANT, MICHAEL CARRESI, d/b/a CARRESI PLUMBING & HEATING, FOR JURY INSTRUCTIONS

**Requests for Jury Instructions**

(The plaintiff assumes that the Court has form preliminary instructions, regarding the province of court and jury, evidence in the case, duty to deliberate and such and, therefore, have not tendered proposed instructions of that nature here. If the Court wishes the defendant to tender proposed instructions of this nature, the defendant will provide those.)

      Now comes the defendant, Michael Carresi, and pursuant to Rule 51(b) of Fed. R. Civ. P., requests this Honorable Court to instruct the jury on the law as set forth in the following requests:

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

1. It is the plaintiff who has the burden to prove by a fair preponderance of the credible evidence that the defendant was negligent, and that his negligence was the direct and proximate cause of the plaintiff's damages. <u>Reardon v. Boston Elevated R.R. Co.</u>, 247 Mass. 124 (1923).

2. If the evidence should fail to establish any one of the essential elements of the plaintiff's claims, or if the evidence is equally balanced as to any of the essential elements of the plaintiff's claims, then you must find for the defendant.

3. The mere happening of an accident, in and of itself, is not evidence of negligence on the part of anyone. <u>Conley v. Town Taxi, Inc.</u>, 298 Mass. 130, 132 (1937); <u>Tamagno v. Conley</u>, 322 Mass. 218 (1948).

4. Negligence is the failure to exercise that degree of care which the reasonable prudent person would exercise under the circumstances. <u>Bergeron v. Monsour</u>, 152 F. 2d 27 (1st Cir.).

5. In order to recover for negligence against the defendant, the plaintiff must prove by a preponderance of the evidence four essential elements: (a) that the defendant owed a duty to the plaintiff under all the circumstances; (b) that the defendant breached that duty; (c) that the breach of that duty caused the injury sustained by the plaintiff; and (d) the amount of damages. <u>Correia v. Firestone Tire and</u>

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

Rubber Co., 388 Mass. 342, 352, 446 N.E. 2d 1033, 1040 (1983); Payton v. Abbott Labs, 386 Mass. 540, 548, 437 N.E. 2d 171, 175 (1982).

6. Likewise, the plaintiff has a duty to exercise that degree of care which the reasonable person would exercise under the circumstances. Bergeron v. Monsour, 152 F. 2d 27 (1st Cir.).

7. An insurer such as Fireman's Fund Insurance Co. has the right to seek recovery, by way of subrogation, for damages that it has been called upon to pay to an insured under its insurance policy. Subrogation is the substitution of one entity in place of another with reference to a claim so that the entity that is substituted succeeds to the rights of the other in relation to the claim. An insurance company, by contract with its insured, generally has the right to "step into the shoes" of the party whom it has compensated and sue any party whom the compensated party could have sued for the loss.
Homeowners' Loan Corp. v. Baker, 299 Mass. 158 (1937); 16 G. Couch, Insurance c. 61:4 (2d ed. 1983).

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

8. The negligence, if any, of the insured homeowner, Julie Pavia, is attributed to the plaintiff, Firemen's Fund and Firemen's Fund is responsible for that degree of negligence that the jury attributes to Julie Pavia.

9. If you find that the defendant, Michael Carresi, exercised reasonable care under the circumstances, the plaintiff cannot recover against that defendant, Michael Carresi.

10. The standard of care for a profession is defined as "the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities." Applied to Michael Carresi, this means that he must act like other reasonable plumbers would have acted in a similar situation.
Restatement (Second) of Torts § 283 (1965).

11. During the course of this case you may have heard references to the various provisions of the Massachusetts State Building Code or other codes. The alleged violation by the defendants of any code or regulation is to be considered by you only as some evidence of negligence and is not negligence per se. This is because the law does not impose strict liability upon a defendant who may violate a code provision.  In addition, you must find that the code violation caused the plaintiff's damages.
St. Germaine v. Pendergast, 411 Mass. 615, 620 (1992); MacDonald v. Ortho

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

Pharmaceutical Corp.; 394 Mass. 131, 139-140 (1985); LeClair v. Silberline Mfg. Co., 379 Mass. 21, 28 (1979); Perry v. Medeiros, 369 Mass. 836, 841 (1976).

12. Comparative negligence is the failure of the plaintiff to exercise due care respecting the cause of her injury. If you find, taking all of the evidence into consideration, that Ms. Pavia did not exercise of due care at the time of the alleged accident, Ms. Pavia was comparatively negligent.

Duggan v. Bay State Street Railway Co., 230 Mass. 370.

13. As a defense to this action, the defendants are claiming that the plaintiff's insured, Julie Pavia, was negligent and that the plaintiff's insured's own negligence caused or contributed to the damages. We have a law in Massachusetts called the "comparative negligence statute" that requires you, the jury, to compare the negligence, if any, of the defendants to the negligence, if any, of the plaintiff.

Unlike the previous elements where the plaintiff has the burden of proof, as to this issue, the defendants have the burden of proving by a preponderance of the evidence that the plaintiff's insured was negligent and that this negligence contributed to cause the plaintiff's damages

When you are determining whether the plaintiff's insured was negligent,

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

remember the instructions on causation. The plaintiff's insured's negligence must have contributed to the cause of the damages for this comparative negligence analysis to apply.

A plaintiff's insured's negligence causally contributes to the damages if she ought to have foreseen that her conduct in connection with other causes would be likely to produce an accident. If you are convinced by a preponderance of the evidence that the plaintiff's insured was negligent, you are to compare that negligence to the negligence of the defendants. To accomplish this comparison, determine the percentage that the plaintiff's insured was negligent and the percentage that each defendant was negligent. The combined total of the negligence of the plaintiff's insured and all the defendants must equal 100 percent. If the negligence of the plaintiff's insured, Julie Pavia, is greater than the combined negligence of the defendants, the plaintiff, Firemen's Fund Insurance Company, will not be entitled to recover any damages.

If the negligence of the plaintiff's insured is equal to or less than the negligence of all the defendants combined, the plaintiff's damages will be diminished by the percentage of its insured's own negligence. If the negligence of the plaintiff's insured is less than 50 percent, the amount you determine to be the plaintiff's damages will be reduced by that percentile by the clerk. For example, if you determine that the plaintiff's insured

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

was 20 percent negligent and that the combined negligence of all defendants was 80 percent, the amount of the plaintiff's total damages will be reduced by 20 percent by the clerk. You should write in the full amount of the damages without making any deduction for comparative negligence, keeping in mind that the clerk will make any such deduction after you render your verdict.

Adapted from the Massachusetts Superior Court Model Jury Instructions section 2.1.11, on Comparable Negligence.

14. If you find from the evidence and under the rules given you in these instructions that this plaintiff is entitled to recover, then the amount of damages must be considered. The rule of damages is a practical instrumentality for the administration of justice. It is founded on the principle of compensation. The object is to afforded the equivalent in money for the actual loss caused by the wrong of another. <u>Daniels v. Celeste</u>, 303 Mass. 148, 21 N.E. 2d 1 (1939).

15. As a general rule, a party is entitled only to such damages as she is able to prove. Damages may not be left to speculation. <u>Lufkin's Real Estate, Inc. v. Aseph</u>, 349 Mass. 343, 208, N.E. 2d 209 (1965). This is an application of the principle that a plaintiff must establish her claim on a solid basis sin fact, and cannot recover

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

when any essential element is left to conjecture, surmise or hypothesis. <u>Snelling & Snelling of Massachusetts, Inc. v. Wall</u>, 345 Mass. 634, 189 N.E. 2d 231 (1963).

16. In the event that you award damages in this case, the amount of damages must be based on what will fairly and reasonable compensate the plaintiff for the injury that you find to have resulted form the defendant's negligence.

17. The burden is upon the plaintiff to prove that the damages, if any, were causally connected to the defendants' alleged negligence. <u>Sevigny's Case</u>, 337 Mass. 747, 749; 151 N.E. 2d 258 (1958).

18. Where such causal connection is a matter beyond the common knowledge and experience of the ordinary layman, proof of causation between the alleged negligence and the damages must rest upon expert testimony. <u>Sevigny's Case</u>, 337 Mass. 747, 749; 151 N.E. 2d 258 (1958); <u>Imbimbo v. Ahrens</u>, 360 Mass. 847; 274 N.E. 2d 349 (1971).

19. To establish that the plaintiff sustained damages which will entitle it to recover, there must be competent evidence on which to base such a finding. You cannot resort to guess, speculation or conjecture. To be compensable, the damages must be the direct and proximate result of the defendants' negligence and not from some other cause.

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

20.     The plaintiff in a negligence case is under the obligation "to use all reasonable efforts to...lessen the damages...and she must use the care that a person of ordinary prudence would have exercised, in seeing that the amount of damages was cut down." Quillette v. Sherrin, 297 Mass. 536, 543, 9 N.E. 2d 714, 717 (1937).

21. At common law, the measure of damages to real property is dependent upon whether the injury is permanent or reasonably curable by repairs.
Black v. Coastal Oil New England, Inc., 45 Mass. App. Ct. 461, 465 (1998); Belkus v. Brockton, 282 Mass. 285, 287-8 (1933).

22. When the injury to property is permanent, the proper measure of damages is the difference between the market value of Ms. Pavia's property before the damage caused by the defendant, and the market value of the property after the damage was caused by the defendant.
Guaranty-First Trust Co. v. Textron, Inc., 416 Mass. 332, 336 (1993); Belkus v. Brockton, 282 Mass. 285, 287-8 (1933); Hopkins v. Pneumatic Service Co., 194 Mass. 582 (1907).

23. If you find that the injury to the property is reasonably curable by repairs or

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

remediation, then the measure of recovery is the expense of repairs or remediation, as long as that expense is less than the amount by which the market value has been diminished.

Guaranty-First Trust Co. v. Textron, Inc., 416 Mass. 332, 336 (1993); Belkus v. Brockton, 282 Mass. 285,287-8 (1933).

24. You must be careful not to award duplicative damages or to put the plaintiff in a better position than it was prior to the injury to the property.

Belkus v. Brockton, 282 Mass. 285,287-8 (1933).

25. The plaintiff has a duty to mitigate the damages it suffered as a result of the incidents involved in this case.

Ryan v. Superintendent of Schools of Quincy, 374 Mass. 670, 672 (1978).

26. It is possible that there may be a substantial disparity between the decrease in market value and the cost of repairs, namely, the cost of repairs may be less than the diminution in market value. When this occurs, the cost of repairs is the measure of the plaintiff's damage. Dalton v. Demos Bros. Gen. Cont., Inc., 334 Mass. 337,379 (1956).

27. "Fair market value" means the highest prices that a hypothetical wiling buyer would pay to a hypothetical seller in an assumed free and open market. Otherwise stated, fair market value is the price which an owner, who is wiling, but not forced, to sell or to

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

receive from one who is wiling, but not forced, to buy. It means the highest price that a fully informed and wiling purchaser wil pay to a fully informed and willing seller. Epstein v. Boston Housing Authority, 317 Mass. 297, 299 (1944).

28. It is your duty as jurors to decide whether or not each witness is telling the truth. If you find that a witness is not telling the truth, you may place no weight on that portion of his testimony which is false.

29. If you find that a party said something prior to the trial which contradicts her trial testimony, this is called a prior inconsistent statement.  Prior inconsistent statements call into question that credibility of the party not only as to the particular fact concerning which there is an inconsistent statement, but also as to the testimony in its entirety.

30. You are not to be concerned with the statements made by counsel throughout the trial.  These are not evidence unless adopted by a witness on direct or cross examination.  You are not to be concerned with the objections made by counsel throughout the course of the trial during the examination of witnesses, the reading of deposition transcripts or the introduction of documents.  Counsel are obligated to make these objections and you are not to consider them in rendering your verdict.  You are also to disregard any evidence which the judge has ordered to be stricken from the record.

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

31. The clerk will, if there is an award of money, add interest onto this award at the statutory rate of interest applicable to this case.  The purpose of interest is to compensate the plaintiff for the loss of use of that money should she be entitled to any money.  <u>Bernier v. Boston Edison</u>, 380 Mass. 372, 388 (1980).

32. You cannot be governed by sympathy or prejudice or any motive whatsoever, except a fair and impartial consideration of the evidence, and you must not allow any sympathy you may have for any party to influence you in any degree whatever, in deciding whether the plaintiff has sustained her burden of proof, or in assessing damages.

Respectfully Submitted,
MICHAEL CARRESI
By his attorney,


/s/ *Robert P. Turner, Esq.*   _____
Robert P. Turner, Esq. (BBO: 504900)
Law Offices of Bruce R. Fox
27 B Midstate Office Park
Auburn, MA  01501
Tel. 866-290-7435 ext 232

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer