UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 05-10827DPW |
| JOSEPH FALCO d/b/a FALCO CONSTRUCTION, P&D BUILDERS, INC., and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING. Defendants. | ) ) ) ) ) ) ) | |

## MOTION OF DEFENDANT P&D BUILDERS, INC. FOR LEAVE TO FILE AN AMENDED ANSWER AND CROSS-CLAIM

NOW COMES the defendant, P&D Builders, Inc., [hereinafter "P&D"], and pursuant to Rules 13 and 15 of the Federal Rules of Civil Procedure, respectfully moves that this Court grant it leave to file and serve an amended answer and cross-claim, identifying an additional cross-claim count for breach of contract against cross-claim defendants, Joseph Falco d/b/a Falco Construction [hereinafter "Falco"] and Michael Carresi d/b/a Carresi Plumbing and Heating [hereinafter "Carresi"].  As grounds for this motion, the defendant states as follows:

1.    When answering the plaintiff's complaint, P&D also plead cross-claims against the co-defendants, including defendant Falco, for contribution and indemnity.

2.    Recently, defendant Falco moved for partial summary judgment on P&D's claim for indemnity.  On June 7, 2007, this Honorable Court issued a Memorandum and Order granting defendant Falco's motion.

3.    P&D had argued that if it were found liable for any negligence on Falco's part, it would be entitled to common law indemnity from Falco.  See P & D Builder's

Opposition to Falco's Motion for Partial Summary Judgment, Docket Entry # 70, at pp. 6-7.

4.     However, in its Memorandum, the Court suggested that the remedy which P&D seeks lies with a breach of contract claim, rather than an indemnity claim. See Memorandum and Order on Defendant/Cross Claim Defendant, Falco's Motion for Partial Summary Judgment, Docket Entry # 99, at p. 5.

5.     P&D now moves to amend its pleadings to include a new Count against the defendants Falco and Carresi for breach of Contract.

6.     Fed. R. Civ. P. 15(a) requires that, after a responsive pleading has been served, pleadings may not be amended without leave of the court. However, the Rule provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). The federal rules reject the approach that issues involving technicalities in pleadings should be "decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957). Under the liberal standard of Fed. R. Civ. 15(a), few reasons will justify denying a motion to amend the pleadings. Those reasons include (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of the allowance of the amendment; and (4) futility of the amendment. Foman, 371 U.S. at 182.

7.     In this matter, there is no evidence of undue delay, bad faith or dilatory motive on the part of the defendant/cross-claim plaintiff, P&D Builders, Inc. This is the

1019532v1

first amendment to P&D's pleadings.  Moreover, P&D is not attempting to restructure its case, but merely correct a deficiency in its pleadings identified by the Court.

8.      Furthermore, the defendants Falco and Carresi will not be prejudiced by this late amendment to the pleadings as they have been parties to this action since the filing of the plaintiff's original complaint.  The addition of this cross-claim presents no new factual allegations and will not entail the need for additional discovery.

WHEREFORE, the defendant respectfully move this Honorable Court to allow the present motion for leave to file the Amended Answer and Cross-Claim, which is attached hereto as Exhibit A, and to deem the attached Amended Answer and Cross-Claim filed as of the date of the allowance of the motion.

Respectfully submitted,
The Defendant/Third-Party plaintiff,
P&D Builders, Inc.,
By its attorneys,

/s/ *Curtis L.S. Carpenter*
_____
William Joseph Flanagan, BBO #556598
Curtis L.S. Carpenter, BBO #657358
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Certificate of Service

I hereby certify that this
document filed through the ECF
system will be sent electronically
to the registered participants as
identified on the Notice of
Electronic Filing (NEF) and
paper copies will be sent to those
indicated as non registered
participants on June 12, 2007.

/s/ *Curtis L.S. Carpenter*

_____

Name, BBO No. 657358

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE COMPANY as subrogee of JULIA PAVIA, Plaintiff, <br><br> v. <br><br> JOSEPH FALCO d/b/a FALCO CONSTRUCTION, P&D BUILDERS, INC., and MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING. Defendants. | CIVIL ACTION NO.:  05-10827DPW |

## FIRST AMENDED ANSWER AND CROSSCLAIM OF DEFENDANT, P&D BUILDERS, INC.'S TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

1.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's complaint.

2.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of the plaintiff's complaint.

3.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the plaintiff's complaint.

4.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of the plaintiff's complaint.

### JURISDICTION AND VENUE

5.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of the plaintiff's complaint.

6.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the plaintiff's complaint.

### GENERAL ALLEGATIONS

7.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of the plaintiff's complaint.

8.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the plaintiff's complaint.

9.      The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the plaintiff's complaint.

10.     The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the plaintiff's complaint.

11.     The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the plaintiff's complaint.

**COUNT 1**
**NEGLIGENCE (FFIC VS. FALCO)**

1-11.   The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12-13.  As the allegations contained in Paragraphs 12 and 13 of the plaintiff's complaint pertain to another defendant, no answer is required.  To the extent that said allegations pertain to the defendant, P&D Builders, Inc., the defendant denies the said allegations contained in Paragraphs 12 and 13.

        WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to the defendant.

**COUNT 2**
**BREACH OF CONTRACT (FFIC VS. FALCO)**

1-11.   The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12-14.  The allegations contained in Paragraphs 12 through 14 of the plaintiff's complaint pertain to another defendant, and no responsive averments are required.  To the extent that said allegations pertain to the defendant, P&D Builders, Inc., the defendant denies said allegations contained in Count 2.

        WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to the defendant.

**COUNT 3**
**NEGLIGENCE (FFICE VS. P&D BUILDERS)**

1-11.   The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12a-e.  The defendant denies the allegations contained in paragraph 12 of the plaintiff's complaint.

2

1019636v1

13.     The defendant denies the allegations contained in paragraph 13 of the plaintiff's complaint.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to defendant.

## COUNT 4
## BREACH OF CONTRACT (FFIC VS. P&D BUILDERS)

1-11.   The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12.     The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the plaintiff's complaint.

13.     The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the plaintiff's complaint.

14.     The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's complaint.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to the defendant.

## COUNT 5
## NEGLIGENCE (FFIC VS. CARRESI

1-11.   The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12-13.  The allegations contained in Paragraphs 12 and 13 of the plaintiff's complaint pertain to another defendant and no responsive averments are required.  To the extent that said allegations pertain to defendant, P&D Builders, Inc., the defendant denies said allegations contained in Count 5.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to the defendant.

1019636v1

## COUNT 6
## BREACH OF CONTRACT (FFIC VS. CARRESI)

1-11.   The defendant repeats and reasserts its answers to Paragraphs 1 through 11 of the plaintiff's complaint.

12-14.   The allegations contained in Paragraphs 12 through 14 of the plaintiff's complaint pertain to another defendant, and no responsive averments are required. To the extent that said allegations pertain to the defendant, P&D Builders, Inc., the defendant denies said allegations contained in Count 6.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to defendant.

### FIRST DEFENSE

The plaintiff's Complaint fails to state claims upon which the court can grant relief.

### SECOND DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

### THIRD DEFENSE

By way of affirmative defense, the plaintiff's action is barred by the applicable statute of limitations.

### FOURTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's Complaint must fail because the plaintiff breached her agreement with the defendant and is therefore barred from recovery in this action.

### FIFTH DEFENSE

By way of affirmative defense, the defendant states that if the plaintiff ever had a claim against the defendant, which the defendant expressly denies, the plaintiff is estopped from prosecuting same and is thereby barred from recovery. Further answering, the defendant states that the plaintiff's claims against it are insubstantial and frivolous and, pursuant to G.L. c. 231, §6F, moves for an award of reasonable counsel fees and other costs and expenses incurred in defending against the plaintiff's claims.

1019636v1

## SIXTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail because if the defendant ever agreed to perform services for the plaintiff, the same have been fully performed and it now owes the plaintiff nothing.

## SEVENTH DEFENSE

By way of affirmative defense, the defendant states that if it ever agreed to perform any services for the plaintiff, the same have been substantially performed, and now he owes the plaintiff nothing.

## EIGHTH DEFENSE

By way of affirmative defense, the defendant states that if the plaintiff ever had a claim against the defendant, which the defendant expressly denies, the plaintiff has waived same and thereby is barred from recovery.

## NINETH DEFENSE

By way of affirmative defense, the defendant states that it was justified in its conduct and acts, and is, therefore, not liable to the plaintiff as alleged in its complaint.

## TENTH DEFENSE

By way of affirmative defense, the plaintiff's Complaint must fail for its insured's failure to mitigate damages.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff, by her conduct and actions, and/or the conduct of actions of its insured, agents, servants or representatives, is estopped to recover any judgment against the defendant.

## TWELFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's recovery in this action, if any, is limited to the amount set forth in the contractual documents which govern the relationship between the plaintiff and defendant.

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff did not comply with the terms and conditions of the contract entered into with the defendant and therefore, cannot recover in this action.

1019636v1

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is not entitled to recover any injuries allegedly sustained by the plaintiff were not causally related to the work performed by the defendant.

## FIFTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff did not comply with the condition requirements of the contract and therefore cannot recover in this action.

## SIXTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff did not comply with the condition requirements of the contract and therefore cannot recover in this action.

## SEVENTEENTH DEFENSE

By way of affirmative defense, the defendant says that there was accord and satisfaction and therefore the plaintiff cannot recover.

## EIGHTEENTH DEFENSE

By way of affirmative defense, the defendant says that if the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to her alleged injuries, that the plaintiff is barred from recovery under G.L. c. 231, §85.

## NINETEENTH DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff was injured, it was as a result of the plaintiff's breach of her duty to exercise a high degree of care to protect and insure her own safety.

1019636v1

## CROSSCLAIM AGAINST JOSEPH FALCO d/b/a FALCO CONSTRUCTION, AND MICHAEL CARRESI d/b/a CARRESI PLUMBING & HEATING

1.  The defendant, P&D Builders, Inc. ("P&D"), has its principal place of business in located at 6 Water Street, East Weymouth, Massachusetts.

2.  The defendant, Joseph Falco d/b/a Falco Construction ("Falco") is a resident of the Commonwealth of Massachusetts with a principal place of business at 10 Willowood Drive, Stoughton, Norfolk County, Massachusetts.

3.  The defendant, Michael Carresi d/b/a Carressi Plumbing & Heating, ("Carresi") is a resident of the Commonwealth of Massachusetts with a principal place of business at 513 Bird Street, Mansfield, Massachusetts.

## COUNT I
## BREACH OF CONTRACT

4.  P&D repeats and realleges the allegations in Paragraph 1 through 3 as if restated herein.

5.  The cross-claim defendants contracted with P&D and/or the property owner to construct a gas-log fireplace at the subject property.

6.  In contracting to construct a gas-log fireplace at the subject property, the cross-claim defendants impliedly warranted that their work would be done in a workmanlike manner and in compliance with the applicable building and fire codes.

7.  The cross-claim defendants, their agents, servants or employees, improperly constructed the gas-log fireplace and constructed it in violation of the applicable building and fire codes.

8.  As a direct and proximate result of cross-claim defendants' breach of their contractual obligations, P&D, has suffered damages, for which it hereby seeks recovery.

## COUNT II
## CONTRIBUTION

9.  P&D repeats and realleges the allegations in Paragraph 1 through 3 as if restated herein.

10. If P&D is found to be liable to the plaintiff, which liability P&D expressly denies, then P&D is entitled to contribution from Falco and Carresi.

1019636v1

## JURY CLAIM

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
The Defendant,
P&D Builders, Inc.,
By their attorney,


/s/ *Curtis L.S. Carpenter*
William Joseph Flanagan, BBO #556598
Curtis L.S. Carpenter, BBO #657358
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500


Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 12, 2007.

/s/ *Curtis L.S. Carpenter*

Name, BBO No. 657358

8

1019636v1