UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIREMAN'S FUND INSURANCE ) <br> COMPANY as subrogee of JULIA PAVIA ) <br> 77 San Marin Drive Novado, California, ) <br>         Plaintiff                                                ) <br>                                                                        ) <br> VS.                                                                ) <br>                                                                        ) <br> JOSEPH FALCO, d/b/a FALCO CONSTRUCTION, ) <br> P & D BUILDERS, INC. and                               ) <br> MICHAEL CARRESI d/b/a                               ) <br> CARRESI PLUMBING & HEATING,        ) <br>         Defendants                                           ) | CIVIL ACTION <br> NO. 05-cv-10827-DPW |

## DEFENDANT, JOSEPH FALCO, d/b/a FALCO CONSTRUCTION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The Defendant, Joseph Falco, d/b/a Falco Construction, hereby responds to the Plaintiff, the Fireman's Fund Insurance Company as subrogee of Julia Pavia 77 San Marin Drive Novado, California's Amended Complaint, as follows:

1.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 and calls upon the Plaintiff to prove the same.

2.      The allegations of paragraph 2 can be neither admitted nor denied as they state legal conclusions rather than factual assertions.  To the extent that an answer may be required, the allegations of paragraph 2 are denied.

3.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 and calls upon the Plaintiff to prove the same.

4.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 and calls upon the Plaintiff to prove the same.

5.      The allegations of paragraph 5 can be neither admitted nor denied as they state legal conclusions rather than factual assertions. To the extent that an answer may be required, the allegations of paragraph 5 are denied.

6.      The allegations of paragraph 6 can be neither admitted nor denied as they state legal conclusions rather than factual assertions. To the extent that an answer may be required, the allegations of paragraph 6 are denied.

7.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 and calls upon the Plaintiff to prove the same.

8.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 and calls upon the Plaintiff to prove the same.

9.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 and calls upon the Plaintiff to prove the same.

10.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 and calls upon the Plaintiff to prove the same.

11.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 and calls upon the Plaintiff to prove the same.

## COUNT 1

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11 of this Answer.

12.     The allegations of Count 1, paragraph 12 are denied.

    a. The allegations of Count 1, paragraph 12a are denied.

    b. The allegations of Count 1, paragraph 12b are denied.

    c. The allegations of Count 1, paragraph 12c are denied.

    d. The allegations of Count 1, paragraph 12d are denied.

13.     The allegations of Count 1, paragraph 13 are denied.

## COUNT 2

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11 of this Answer.

12. (sic)  The allegations of Count 2, paragraph 12 are denied.

13. (sic)  The allegations of Count 2, paragraph 13 are denied.

14. (sic)  The allegations of Count 2, paragraph 14 are denied.

## COUNT 3

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11 of this Answer.

12. (sic)  The allegations of Count 3, paragraph 12 are not directed against Joseph Falco, d/b/a Falco Construction, and therefore require no response from this Defendant.  To the extent that an answer may be required, the allegations of Count 3, paragraph 12 are denied.

13. (sic)  The allegations of Count 3, paragraph 13 are not directed against Joseph Falco, d/b/a Falco Construction, and therefore require no response from this Defendant.  To the extent that an answer may be required, the allegations of Count 3, paragraph 13 are denied.

## COUNT 4

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11 of this Answer.

12. (sic)  The allegations of Count 4, paragraph 12 are not directed against Joseph Falco, d/b/a Falco Construction, and therefore require no response from this Defendant.  To the extent that an answer may be required, the allegations of Count 4, paragraph 12 are denied.

13. (sic)  The allegations of Count 4, paragraph 13 are not directed against Joseph Falco, d/b/a Falco Construction, and therefore require no response from this Defendant.  To the extent that an answer may be required, the allegations of Count 4, paragraph 13 are denied.

14. (sic)  The allegations of Count 4, paragraph 14 are not directed against Joseph Falco, d/b/a Falco Construction, and therefore require no response from this Defendant. To the extent that an answer may be required, the allegations of Count 4, paragraph 14 are denied.

## COUNT 5

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11 of this Answer.

12. (sic)  The allegations of Count 5, paragraph 12 are not directed against Joseph Falco, d/b/a Falco Construction, and therefore require no response from this Defendant.  To the extent that an answer may be required, the allegations of Count 5, paragraph 12 are denied.

13. (sic)  The allegations of Count 5, paragraph 13 are not directed against Joseph Falco, d/b/a Falco Construction, and therefore require no response from this Defendant.  To the extent that an answer may be required, the allegations of Count 5, paragraph 13 are denied.

## COUNT 6

The Defendant realleges and incorporates herein by reference its answers in paragraphs 1-11 of this Answer.

12. (sic)  The allegations of Count 6, paragraph 12 are not directed against Joseph Falco, d/b/a Falco Construction, and therefore require no response from this Defendant.  To the extent that an answer may be required, the allegations of Count 6, paragraph 12 are denied.

13. (sic)  The allegations of Count 6, paragraph 13 are not directed against Joseph Falco, d/b/a Falco Construction, and therefore require no response from this Defendant.  To the extent that an answer may be required, the allegations of Count 6, paragraph 13 are denied.

14. (sic)  The allegations of Count 6, paragraph 14 are not directed against Joseph Falco, d/b/a Falco Construction, and therefore require no response from this Defendant.  To the extent that an answer may be required, the allegations of Count 6, paragraph 14 are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the plaintiff and plaintiff's subrogor's failure to mitigate damages.

### SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of plaintiff's subrogor is greater than the negligence of the defendant or any recovery must be reduced by the percentage of negligence attributable to plaintiff's subrogor in accordance G.L. c. 231, §85.

### THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the defendant.

### FOURTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct the defendant is not legally responsible.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the results of risks assumed by the plaintiff and plaintiff's subrogor.

### SEVENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the statute of frauds.

### EIGHTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been accorded and satisfied.

### NINTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by estoppel.

### TENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by a failure of consideration and/or a lack of consideration.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by laches.

### TWELFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been paid.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been released.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations or repose.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been waived.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of privity of contract between plaintiff or plaintiff's subrogor and defendant.

WHEREFORE, the Defendant, Joseph Falco, d/b/a Falco Construction, respectfully requests that the Plaintiff's Complaint be dismissed as to the Defendant, Joseph Falco, d/b/a Falco Construction, with costs.

### JURY DEMAND

The Defendant, Joseph Falco, d/b/a Falco Construction, demands a trial by jury on all counts and issues so triable.

Respectfully submitted,
The Defendant,
Joseph Falco, d/b/a Falco Construction,
By its Attorneys,

/s/ John F. Toomey
John F. Toomey, BBO # 500160
David J. Crowley, BBO # 630169
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA  02110
(617) 946-0930
tylawyers@tyllp.com

Dated:  June 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on <u>June 12, 2007.</u>

/s/ John F. Toomey

df  82754.1  6/12/07